

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

F.#2010R00127
JAJ:CHB/SA

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 6, 2010

<u>By Facsimile and ECF</u>

The Honorable Joan M. Azrack
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:  United States v. Ronald Herron et al.
           <u>Criminal Docket No. 10-615 (S-1)(NGG)</u>

Dear Judge Azrack:

      The government submits this letter in support of its motion for a permanent order of detention with respect to defendants Ronald "Ra Diggs" Herron, Joseph "Jo Jo" Garcia, Musa "Slim" Marshall, Crystal "Ebb" Lewis, Verdreea "Auntie" Olmstead, Joseph "Rizzle" Randolph, Jason "J" Valentin, and Tyhe "Guy in the Bushes" Walker. Some of the defendants are scheduled to appear before the Court today for arraignment on a three-count superseding indictment charging each of the defendants with conspiring to distribute 50 grams or more of cocaine base and heroin, in violation of 21 U.S.C. § 846. Defendant Ronald Herron, who was arraigned yesterday, is also charged with the unlawful use and possession of a firearm, in violation of 18 U.S.C. § 924(c)(1)(A), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Count One of the indictment, in which each of the defendants are charged, carries a maximum penalty of life imprisonment and a mandatory minimum sentence of ten years. <u>See</u> 21 U.S.C. § 841(b)(1)(A)(iii). For the reasons set forth below, no combination of bail conditions would ensure the defendants' continued appearance. Moreover, the defendants' release pending trial would pose a significant danger to the community.

I.  Background and Pending Charges

The defendants are members of a violent drug distribution organization based in the Gowanus Houses, a public housing development in the Boerum Hill section of Brooklyn. For the better part of the last three years, these defendants have controlled the distribution of crack cocaine in the Gowanus Houses. Members of the crew regularly sold crack cocaine from residences and public spaces in and around the Gowanus Houses. In addition, members of the organization are reportedly involved in various acts of violence in and around the Gowanus Houses, including the May 2008 murder of Richard Russo, the November 2008 murder of James Sykes, and the September 2009 murder of Victor Zapata.

The government's evidence in support of the charges derives from multiple sources based on a four-year investigation. For instance, since the fall of 2008, the NYPD has made over 65 undercover purchases of crack cocaine directly from members of the crew, and many of these undercover purchases were recorded by surveillance video.[1] Moreover, during the course of this multi-year investigation and in conjunction with these charges, multiple search warrants and arrests related to members of this organization have been executed in and around the Gowanus Houses. These search warrants and arrests have resulted in the seizure of numerous firearms and ammunition, military-grade body armor, and substantial quantities of crack cocaine and heroin. Finally, multiple cooperating witnesses who were themselves involved in the distribution of narcotics and associated acts of violence in and around the Gowanus Houses have provided a wealth of information to the government regarding this organization, including about acts of witness intimidation by members of the organization.

In addition, yesterday Herron and two other individuals associated with the organization were arrested outside a nightclub in Manhattan after they were traveling together in a vehicle with a loaded firearm.[2]

---

[1]  In connection with this investigation, today the government also unsealed two other indictments charging a total of seven other individuals involved in the distribution of narcotics in the Gowanus Houses. See United States v. Malik Flowers, 10-CR-614 (S-1) (SLT); United States v. Jamar Robinson, 10-CR-748.

[2]  These two other individuals were charged by complaint. See United States v. Shondell Walker, 10-MJ-1147; United States v. Algenis Caraballo, 10-MJ-1146.

The government's investigation has revealed that Ronald Herron is the leader of this organization. Herron and his associates regularly carried and maintained access to firearms to protect their drug business and to intimidate rival drug traffickers. In addition, Herron and members of his organization are also affiliated with the "Murderous Mad Dog" set of the violent street gang known as the Bloods.

Herron has a lengthy criminal record associated with the distribution of narcotics and associated acts of violence in and around the Gowanus Houses. For instance, he was convicted of a felony involving the distribution of narcotics in 2002 and sentenced to six years in prison after the NYPD found Herron in possession of a .38 caliber revolver and crack cocaine. Herron was also convicted of a firearm offense in 1998 after the NYPD observed him in possession of a loaded .38 caliber revolver and recovered a loaded Mac II machine pistol and another firearm from his home in the Gowanus Houses. Herron was also arrested in connection with a 1998 shooting in the Gowanus Houses and was himself shot by a rival drug dealer in October 2000 in the Gowanus Houses. Two days later, Herron's assailant was killed by Herron's cousin and another individual.

In 2002, the Kings County District Attorney's Office prosecuted Herron for the 2001 drug-related murder of Fredrick Brooks, who was killed in the lobby of a building in the Gowanus Houses. At trial, one witness testified that she saw Herron shoot and kill Brooks; however, two other eye witnesses refused to take the stand and testify against Herron because individuals associated with Herron had threatened to kill them just before the trial. Although the court permitted the jury to hear those eyewitnesses' prior grand jury testimony stating that they saw Herron shoot and kill Brooks, the jury nonetheless acquitted Herron of the murder.

Since his release from custody in 2007, Herron has been arrested on several occasions, including for possessing a knife in the Gowanus Houses in May 2008, for a stabbing at a nightclub in Manhattan in September 2008, for wearing body armor in the Gowanus Houses in October 2008, and in October 2009 in connection with the arrest of an associate, who was carrying a firearm inside Herron's car as it was parked outside the Gowanus Houses.

Among other things, Herron and members of his organization have frequently appeared in numerous videos posted on the internet, including on Herron's own MySpace page. Among other things, during those videos, Herron has:

- identified himself as the leader of a drug crew in the Gowanus Houses while carrying a firearm and wearing body armor;

- claimed repeatedly that he was presently carrying a firearm;

- claimed repeatedly that he intended to use a firearm to kill other individuals;

- claimed that he was part of a "murder team," that he had previously had someone "shot from a hospital bed," and that he himself had "beat a body;"

- claimed that he was a "Murderous Mad Dog" who had "put in [his] own work" but now had others that would "kill for [him];" and

- appeared firing various guns at a firing range and claiming that he was going to use firearms to kill people.

Herron is also active on Twitter and, among other things, has:

- claimed that he had "5000 niggas with them lorcins [a brand of firearm], ready to turn the pigs kids into orphins [sic];"

- claimed that he had "put inn my own work butt niggas will kill for meee;"

- claimed that he had "beat the stabbing, beat the attempt, [and] beat the body;"

- issued a "forewarning" against people "talking reckless" and "snitch[ing]" by linking to a recent murder in the Gowanus Houses where the victim had reportedly provided information to the government; and

- threatened recently to "crack [someone's] skull" and "bust [his] head wide open" for associating with his niece.

Various other members of the organization also have significant criminal histories. For instance, Thye Walker was convicted of a narcotics felony in 2002 and was recently arrested in the Gowanus Houses in connection with the distribution of heroin. Tyrone Wilson also has two prior narcotics-related felonies.

In addition, the government is also presently prosecuting other members of the organization for narcotics and firearms crimes, including:

- Jorge "Moose" Mejia, who has previously been convicted of attempted murder for a shooting he committed in the Gowanus Houses and who was found to be in possession of a firearm and marijuana in the Gowanus Houses in February 2009; see United States v. Mejia, 09-CR-562 (RJD);

- Vincent "Malik" Winfield, who has previously been convicted of armed robbery and who was found to be in possession of a firearm and body armor in the Gowanus Houses in December 2008; see United States v. Winfield, 09-CR-39 (KAM); and,

- Sharif "Sha Guns" Holmes, who has previously been convicted of armed robbery and a narcotics felony and who was with Herron and in possession of a firearm in the Gowanus Houses in October 2009; see United States v. Holmes, 09-CR-756 (CBA).

II. Argument

In evaluating a motion for remand pending trial, the Court must consider a number of factors to determine whether there are conditions of release which will reasonably assure the continued appearance of the defendant as well as the safety of the community. See 18 U.S.C. § 3142(g). These factors include the nature and circumstances of the offense charged; the weight of the evidence; the defendant's personal circumstances and ties to the community; and the danger to the community that would be posed by the defendant's release. Id. As a narcotics and firearms prosecution, this case triggers a presumption that "no conditions or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community . . ." 18 U.S.C. § 3142(e)(3). This presumption is particularly well-founded here, where the defendants are members of a well-organized and far-reaching conspiracy that has previously been associated with acts of violence and threatening and intimidating witnesses.

In the instant case, consideration of the applicable factors warrant detention. The seriousness of the charges demonstrate that the defendants, and in particular Herron, pose a serious danger to the community. A number of these defendants have significant criminal histories, including prior felony convictions involving the distribution of narcotics. In addition, the government's evidence shows that these defendants regularly and repeatedly sold drugs in close proximity to the law-abiding residents of the Gowanus Houses. Moreover, the strength of the evidence is overwhelming, as the government is in possession of videotapes of many of these defendants selling narcotics and discussing their drug trafficking operations, and cooperating witnesses similarly confirm the nature of the drug conspiracy.

Finally, in light of the strength of the evidence against these defendants and the substantial mandatory terms of incarceration that they face as a result of these charges, the defendants also pose a serious risk of flight because there is a strong incentive for them to flee rather than be convicted of these crimes.

III. <u>Conclusion</u>

For the reasons set forth above, the government respectfully requests that the Court enter a permanent order of detention against each of the defendants.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: <u>/s/ Carter Burwell</u>
Carter Burwell
Shreve Ariail
Assistant U.S. Attorneys
(718) 254-6313/6616

cc: Defense Counsel (By Hand)