ROTHMAN, SCHNEIDER, SOLOWAY & STERN, LLP
Attorneys at Law
100 Lafayette Street, Suite 501
New York, NY 10013

FRANKLIN A. ROTHMAN
JEREMY SCHNEIDER
ROBERT A. SOLOWAY
DAVID STERN

Tel: (212) 571-5500
Fax: (212) 571-5507

December 28, 2010

BY ECF and REGULAR MAIL

Carter Burwell, Esq.
Assistant United States Attorney
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, New York  11201

                Re: USA v. Ronald Herron
                   10 Cr. 615 (NGG)

Dear Mr. Burwell:

    Pursuant to Fed. R. Crim. P. 12(d)(2), 16(a), and 26.2, <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), Fed.R. 404(b) and all other applicable rules and statutes, the defendant, Ronald Herron, requests discovery as set forth herein:

    (1)  <u>Defendant's Statements</u>:  Pursuant to Fed. R. Crim. P. 16(a)(1)(A), the defendant requests disclosure of any written or recorded statement(s) made by him which the government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial; and any written summaries of the defendant's oral statements contained in the handwritten notes of any government agent; any response to any <u>Miranda</u> warnings which may have been given to the defendant; and any other statements by the defendant that are discoverable pursuant to Fed. R. Crim. P. 16(a)(1)(A).

    (2)  <u>Taped conversations</u>:  All audio or videotapes depicting or containing conversations or conduct of or between the defendant and any government agent; and all audio or videotapes of conversations and/or conduct between the defendant, any co-defendant, or any co-conspirator; and any and all taped conversa-

Carter Burwell, Esq.
December 28, 2010
Page Two

tions by and between any co-conspirator (whether arrested or not), co-defendant, informant, or undercover police officer with respect to any narcotics purchase which is charged by the government as a part of the conspiracy headed by the defendant in this case, whether or not the government intends to introduce such audio or videotape at defendant's trial. This request includes, but is not limited to, all recordings and telephone records disclosed to co-defendant Vendreea Olmstead pursuant to government discovery letter of November 11, 2010; and all telephone records, recordings, and surveillance videos disclosed to co-defendant Jason Valentin pursuant to government discovery letter of November 11, 2010.

(3) <u>Unnamed Co-Conspirators</u>: The indictment charges the defendant with conspiracy with named co-defendants and "others". Thus, certain co-conspirators are named, others are not. To adequately prepare for trial, the defendant demands to be informed of the identity of any and all unnamed co-conspirators known to the government, and a physical description of those whose names are unknown. Additionally, if the government is in possession of documents relating to prosecution or investigation (by any law enforcement agency) of any individuals in other jurisdictions for offenses related to those charged in the indictment, defendant demands production of all such documents.

(4) <u>Search Warrants</u>: Defendant demands true copies of any and all search warrants, supporting affidavits, and exhibits, and any inventories of items seized with respect to the investigation which led to the defendant's arrest, including such materials for any automobile, container, or location belonging to Ronald Herron and any other location which yielded evidence which will be offered by the government against the defendant at trial.

(5) <u>Title 3 and Other Investigative Materials</u>: Any wiretap applications, wiretap orders, pen register subpoenae or returns, "10 day reports", sealing orders, line sheets, and telephone records of any kind obtained as a result of the investigation of this case, or which the government intends to utilize in any manner on its case in chief, or for impeachment, whether to establish the "existence of the conspiracy", an element of the charged crime, or any fact which the government will seek to prove at trial.

(6) <u>Identification Evidence</u>: Defendant demands disclosure of any physical descriptions given by witnesses which the government contends are descriptions of Ronald Herron. Defendant demands disclosure of the names of any person who has been shown a photograph of Ronald Herron as an aid in identifying him as a

Carter Burwell, Esq.
December 28, 2010
Page Three

perpetrator; circumstances of the photographic viewing; the result of the photographic viewing; the date of the viewing; and true copies of the photograph(s) utilized and photo spreads utilized, if any.

(7) <u>Evidence of Uncharged Acts or Wrongs</u>: If the government intends to offer evidence of crimes, wrongs, or acts not charged in the indictment pursuant to Federal Rule of Evidence 404(b), or any other statute, rule, or legal principle, defendant demands notice of such crimes, wrongs, or acts so that fair and appropriate investigation of such matters may be conducted by the defense.

(8) <u>Audiotape Evidence of Ronald Herron's Voice</u>: If the government intends to offer any evidence which allegedly consists of the voice of Ronald Herron on tape, defendant demands a true copy of any such audiotape, and disclosure of the date, time and circumstances of the recording of such audiotape.

(9) <u>Audiotape/Videotape Evidence</u>: Defendant demands production of any audiotape or videotape evidence which consists of any kind of surveillance of the defendant, any co-conspirator (whether arrested or not), any co-defendant, or any informant who will offer evidence against the defendant, and the date, time, and circumstances of the making of the recording.

(10) <u>Reports of Scientific Tests or Examinations</u>: Pursuant to Fed. R. Crim. P. 16(a)(1)(D), defendant requests the reports of all tests and examinations conducted upon the evidence in this case, including but not limited to any handwriting analysis.

(11) <u>The Defendant's Prior Record</u>: The defendant requests, under Fed. R. Crim. P. 16(a)(1)(B), that the government provide a copy of the defendant's prior criminal record, if any.

(12) <u>Brady/Giglio Material</u>: The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt, and/or which affects the credibility of the government's case and requests, pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), all promises, express or implied, made to any government witness in exchange for their testimony, and all other information which could arguably be used for the impeachment of any such government witness.

(13) <u>Request for Preservation of Evidence</u>: The defendant

Carter Burwell, Esq.
December 28, 2010
Page Four

specifically requests that all videotapes, dispatch tapes, or any other physical evidence that may be destroyed, lost, or otherwise made unavailable, be preserved.

(14) <u>Tangible Objects</u>: The defendant requests, under Fed. R. Crim. P. 16(a)(2)(C), the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including alleged contraband, photographs, books, papers, documents, photographs, buildings, automobiles, or places, or copies, depictions, or portions thereof which are material to the defense or intended for use in the government's case-in-chief, or were obtained from, belong to, or are attributable to the defendant.

(15) <u>Information Regarding Informants and Cooperating Witnesses</u>: The defendant requests that the government provide all relevant information concerning any informants or cooperating witnesses involved in this case, including any telephone or other records, documents, or materials establishing a link or connection between the defendant and any such cooperating witness or informant. Defendant requests disclosure of the identification, criminal record, and location of any informants or cooperating witnesses, as well as the identity and location of any other witnesses known to the government. <u>Roviaro v. United States</u>, 353 U.S. 53 (1957).

(16) <u>Jencks Act Material</u>: The defendant requests material to which defendant is entitled pursuant to the <u>Jencks Act</u>, 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2. The defendant specifically requests pre-trial production of these statements three (3) weeks in advance of jury selection so that the parties and the Court may avoid unnecessary recesses and delays for defense counsel to review and properly utilize any <u>Jencks</u> statements, and prepare for cross-examination.

(17) <u>Experts</u>: Pursuant to Fed. R. Crim. P. 16(a)(1)(E), the defendant demands disclosure of the identities, qualifications, and testimony of any expert witness the government intends to call at trial.

Regarding transcripts of audiotapes, defendant requests any draft transcripts in possession of the government, and is prepared to execute a stipulation agreeing not to utilize such transcripts for cross-examination.

Carter Burwell, Esq.
December 27, 2010
Page Five

    Thank you for your assistance in this matter.

                                              Sincerely,

                                              Robert A. Soloway

RAS/sc