# ROTHMAN, SCHNEIDER, SOLOWAY & STERN, LLP

Attorneys at Law
100 Lafayette Street, Suite 501
New York, NY 10013

FRANKLIN A. ROTHMAN
JEREMY SCHNEIDER
ROBERT A. SOLOWAY
DAVID STERN
———
LUCAS ANDERSON

Tel: (212) 571-5500
Fax: (212) 571-5507

March 23, 2012

BY ECF and REGULAR MAIL

AUSA Carter Burwell
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, New York  11201

              Re: United States v. Ronald Herron
                  10 Cr 615 (S-6) (NGG)

Dear Mr. Burwell:

     Together with Richard Jaspar, I am court appointed counsel
representing Ronald Herron in the above-referenced case.  I write
seeking discovery in accordance with Rule 16 of the Federal Rules
of Criminal Procedure, Title 9 of the United States Attorney
Manual, and the constitutional requirements set forth in Brady v.
Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97
(1976), and Giles v. Maryland, 386 U.S. 66 (1967).[1]

     Taking into account the vital importance not only for trial
preparation, but also for preparation of a mitigation defense, the
following information is requested:

     1.   Police Investigation.   Any and all documents  and
information relating to the New York City Police Department
investigation of the Kings County murders of Frederick Brooks,
Richard Russo, and Victor Zapata, including but not limited to, the
entire contents of the official NYPD detectives' files, on-line

---

[1]

  Given the posture of this matter, I note that the United States Supreme Court
has repeatedly stressed the need for "heightened reliability" and conformance
with procedural safeguards in the fact-finding process, sentencing procedures,
and constitutional obligations of the government given the uniqueness and
irrevocabilty of the penalty in capital prosecutions. See, Ford v. Wainwright,
477 U.S. 399 (1986); Garder v. Florida, 430 U.S. 349 (1977); Woodson v. N.C.,
482 U.S. 280 (1976); and Furman v. Georgia, 408 U.S. 238 (1972).

Carter Burwell, Esq.
March 23, 2012
Page Two

booking sheets, complaint reports, crime scene reports, crime scene
canvass reports, DD-5s, defendant's statements, witness statements,
photographs, tapes, and notes.

2.  Identification Evidence:  State whether or not during the
investigation of the three murders charged in the indictment, the
attempted murders of John Does 1, 3, and 4, and the robbery of John
Doe 2, a photograph of Ronald Herron, or that of any other person,
was displayed to anyone for the purpose of having that individual
make or attempt to make an identification.  If so, provide the
date(s), time(s) and place(s) of said showing, together with the
name(s) of the person(s) present at said showing, and provide
counsel with copies of the pictures shown, as well as the other
pictures displayed if this was a photo array procedure, and state
whether or not the defendant's photograph was identified.

3.  Witnesses:  The names, addresses, and dates of birth of
persons whom the prosecution -- including any agent or
representative of the prosecution -- believes to have relevant
information regarding the three murders with which the defendant is
charged in the indictment, the attempted murders of John Does 1, 3,
and 4, and the robbery of John Doe 2, but whom the government does
not intend to call as a witness at trial, along with the statements
of any such persons.

4.  Police Witnesses:  Names, shield numbers, and commands of
all police officers or federal agents who participated in the
investigations of the three murders with which the defendant is
charged in the indictment, the attempted murders of John Does 1, 3,
and 4, and the robbery of John Doe 2.

5.  Crime Scene Reports:  Any and all police crime scene
reports, diagrams, photographs, and videotapes made in connection
with the three murders with which the defendant is charged in the
indictment, the attempted murders of John Does 1, 3, and 4, and the
robbery of John Doe 2.

6.  911 Calls:  All 911 tapes and sprint reports in the
possession, custody, or control of the government in connection
with the three murders with which the defendant is charged in the
indictment, the attempted murders of John Does 1, 3, and 4, and the
robbery of John Doe 2.

7.  Autopsy and other Medical Records: All medical records,
hospital records, medical examiner records and reports, autopsy
reports, coroner's reports and medical tape recordings relevant to

Carter Burwell, Esq.
March 23, 2012
Page Three

the three murders with which the defendant is charged in the indictment, the attempted murders of John Does 1, 3, and 4, and the robbery of John Doe 2.

8.   <u>Ambulance Reports</u>:  All EMS, ESU, Ambulance/FDNY reports relevant to the three murders with which the defendant is charged in the indictment; the attempted murders of John Does 1, 3, and 4; and the robbery of John Doe 2 charged in Count 9.

9.   <u>Defendant's Role</u>:  Any and all evidence and/or information within the possession, custody or control of the government which reflects, refers, or relates to the role of the defendant in the three murders with which he is charged in the indictment.[2]

10.   <u>Eyewitnesses</u>:  Any and all documents containing eyewitness statements with respect to the three murders with which the defendant is charged in the indictment.

11.   <u>Defendant's Statements</u>: Pursuant to Fed. R. Crim. P. 16(a)(1), with respect to each and every crime charged in the indictment, the defendant requests disclosure of any written or recorded statement(s) made by him which the government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial; and any written summaries of the defendant's oral statements contained in the handwritten notes of any government agent; any response to any <u>Miranda</u> warnings which may have been given to the defendant; and any other statements by the defendant that are discoverable pursuant to Fed. R. Crim. P. 16(a)(1).

12.   <u>Electronic Recordings</u>:  Any and all electronic recordings that contain the  voice of the defendant, and/or alleged co-conspirators that are electronically recorded, along with any all court orders, affidavits, updates, transcripts, logs, summaries, and progress reports relating to any such recordings.

13.   <u>Evidence of Uncharged Acts or Wrongs</u>:  If the government intends to offer evidence of crimes, wrongs, or acts not charged in

---

[2] This information is demanded specifically on the basis that such information is pertinent to whether the defendant's role was minor as a mitigating factor, 18 U.S.C. § 3592 (a)(3), and to whether there are equally culpable defendants pursuant to 18 U.S.C. § 3592 (a)(4).

Carter Burwell, Esq.
March 23, 2012
Page Four

the indictment pursuant to Federal Rule of Evidence 404(b), or any
other statute, rule, or legal principle, defendant demands notice
of such crimes, wrongs, or acts so that fair and appropriate
investigation of such matters may be conducted by the defense.

14.  <u>Search Warrants</u>:  Defendant demands true copies of any
and all search warrants, supporting affidavits, and exhibits, and
any inventories of items seized with respect to any relevant police
investigation in this matter, including such materials for
automobiles, containers, or any other locations belonging to or
attributed to Ronald Herron, and with respect to any other location
which yielded evidence the government will offer against the
defendant at trial during the time period January 1998 through the
present.

15.  <u>Reports of Scientific Tests or Examinations</u>:  Pursuant to
Fed. R. Crim. P. 16(a)(1)(F), defendant requests the reports of all
tests and examinations conducted upon the evidence in this case.
Such evidence should include but not be limited to fingerprints,
ballistics, serology, DNA, handwriting exemplars, tool markings,
chemical testing, object identification, identity identification
and voice identifications.

16.  <u>Experts</u>:  Pursuant to Fed. R. Crim. P. 16(a)(1)(G), the
defendant demands disclosure of the identities, qualifications, and
testimony of any expert witness the government intends to call at
trial.

17.  <u>Audiotape / Videotape Evidence</u>:  Defendant demands pro-
duction of any audiotape or videotape evidence which consists of
any kind of surveillance of the defendant, any co-conspirator
(whether arrested or not), any co-defendant, or any informant who
will offer evidence against the defendant, and the date, time, and
circumstances of the making of the recording.

18.  <u>Audiotape Evidence of Ronald Herron's Voice</u>:  If the
government intends to offer any evidence which consists of the
voice of the defendant on tape, defendant demands a true copy of
any such evidence, and disclosure of the date, time and
circumstances of the recording of such evidence.

19.  <u>Brady/Giglio Material</u>:  The defendant requests all
documents, statements, agents' reports, and tangible evidence
favorable to the defendant on the issue of guilt, and/or which
affects the credibility of the government's case and requests,
pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), all

Carter Burwell, Esq.
March 23, 2012
Page Five

promises, express or implied, made to any government witness in exchange for their testimony, and all other information which could arguably be used for the impeachment of any such government witness.

20.  <u>Tangible Objects</u>:  The defendant requests, pursuant to Fed. R. Crim. P. 16(a)(1)(E), the opportunity to inspect and copy as well as test, all alleged contraband, photographs, books, papers, buildings, automobiles, or places, which are (i) material to the defense; (ii) will be admitted on the government's case-in-chief, or (iii) were obtained from or belong to the defendant.

21.  <u>Relevant Certification Facts</u>:  The defense seeks disclosure of all underlying facts relevant and material to the certification issues pending before the Attorney General.

Thank you.

Sincerely,

Robert A. Soloway

RAS/sc