# JAMES E. NEUMAN
Attorney at Law
100 Lafayette Street – Suite 501
New York, New York 10013

TEL 212-966-5612
FAX 646-651-4559
www.jamesneuman.com
james@jamesneuman.com



April 28, 2014

BY ECF
Hon. Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *United States v Ronald Herron*, 10 Cr 615 (NGG)

Your Honor:

    Robert Soloway and I represent Mr. Herron in the referenced matter. We submit this letter as an application for Mr. Herron to present his own opening statement. At the outset, we emphasize that, as indicated during the conference on April 25, 2014, Mr. Herron is <u>not</u> seeking to represent himself *pro se* during the trial. Nor is he asking to conduct other aspects of the defense typically left for attorneys. Rather, he seeks merely to present the opening statement himself.

    While represented defendants do not have a Sixth Amendment right to present an opening or closing statement, or to otherwise act as co-counsel through a form of "hybrid representation," many circuits have indicated that trial courts retain discretion whether to permit a represented defendant to address the jury. *See e.g., United States v Chavin*, 316 F.3d 666, 672 (7th Cir. 2002); *United States v Tutino*, 883 F.2d 1125, 1141 (2nd Cir. 1989); *United States v Norris*, 780 F.2d 1207, 1211 (5th Cir. 1986); *United States v Tucker*, 773 F.2d 136, 141 (7th Cir. 1985); *United States v Cyphers*, 556 F.2d 630, 634 (2nd Cir. 1977).

    In this case, we submit that several factors warrant granting this application. First, the charges here are – to state the obvious – especially serious. If convicted of all the charges, Mr. Herron likely will be sentenced to life imprisonment. Second, Mr. Herron has unequivocally and repeatedly expressed his desire for his "voice to be heard," most recently during the April 25th conference. Third, the government intends to offer into evidence selected recordings and videotapes of Mr. Herron's rap songs, making it crucial that he be allowed to explain their meaning and context. Allowing Mr. Herron to make the opening statement, therefore, will help ensure that his position is fully presented to the jury.

For all these reasons, we ask that Mr. Herron be permitted to present the opening statement himself.

Respectfully submitted,

James E. Neuman
Robert A. Soloway

cc: AUSA Shrieve Arial (by email and ECF)
AUSA Rena Paul (by email and ECF)

Application denied.
s/Nicholas G. Garaufis
4/26/14