# JAMES E. NEUMAN
Attorney at Law
100 Lafayette Street – Suite 501
New York, New York 10013

———

TEL 212-966-5612
FAX 646-651-4559
www.jamesneuman.com
james@jamesneuman.com

May 5, 2014

<u>BY ECF</u>
Hon. Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *United States v Ronald Herron,* 10 Cr 615 (NGG)

Your Honor:

   The defense submits this letter in response to the government's letter dated May 1, 2014, which purports to specify the evidence regarding the alleged obstruction by Mr. Herron. Notwithstanding this Court's directive to provide additional details, however, the government's letter essentially amounts to a condensed restatement of its prior motion on this issue. Accordingly, the arguments we made in our earlier opposition to such remain equally applicable. Simply put, the government still has not supplied information sufficient for this Court to make admissibility determinations.

   For example, regarding the Brooks homicide, the government states that witnesses will testify that, "while in jail awaiting trial, Herron sent members of his crew and others to threaten witnesses who were to testify against him." Govt. letter, p.2. But just as in its original motion, the government does not identify those who would testify to those events, set forth their basis of knowledge or establish whether the individuals supposedly engaged in making threats were acting at Mr. Herron's directive or on their own initiative. Indeed, the quoted language suggests that the individuals making the threats may not even have been members of the charged enterprise. If the threats were made without Mr. Herron's knowledge and approval – which certainly seems possible – a genuine issue exists as to whether it is fair to attribute the threats to him.

   Important detail is also lacking regarding the obstruction pertaining to the Russo homicide. In that respect, the government reports that "Witness C "will, *inter alia,* testify that

**Hon. Nicholas G. Garaufis**
**May 5, 2014**
**Page 2**

Herron "made efforts to eliminate forensic evidence and disposed of the firearm that he used to kill Russo." Yet, as before, the government inexplicably declines to identify the forensic evidence in question. Thus, there is no way of assessing whether the so-called "forensic evidence" even warrants that characterization, let alone whether it is reasonable to draw a negative inference from the "efforts to eliminate" it.

Similarly lacking is the government's description of what is labeled "other enterprise evidence." In that respect, the government expresses the intent "to offer additional testimonial and physical evidence to establish that Herron publicly warned members of his organization and the public, through social media and other means, of the consequences of providing information to law enforcement regarding Herron and the enterprise's involvement in criminal activities." Govt. letter, p.2. But as in the government's earlier motion, the government offers no details about such public warnings. Among other things, the government has failed to identify the timing of the supposed "warnings," the type of "social media" involved, the manner in which the messages were created and transmitted or the specific content of the messages. Given the vagaries of "social media," this extraordinarily vague proffer is particularly troubling. As we noted in our prior memorandum addressing the obstruction evidence, the prospect of drawing conclusions from the use of social media potentially raises novel concerns that may well merit thorough briefing.

At this stage – a week away from the commencement of the trial – we are puzzled by the government's continued reluctance to specify the exact form and nature of the evidence of the various claims of obstruction. Whatever the government's reasoning, the absence of detail makes it impossible for the defense to research and formulate arguments in support of possible evidentiary objections. Thus, we remain unable to raise standard objections, such as arguments that the evidence is inadmissible hearsay, inflammatory, unnecessarily cumulative or simply too unreliable to pass the threshold of relevancy. Accordingly, we again urge this Court to require the government to provide additional detail expeditiously, so that any evidentiary issues may be addressed prior to trial.

Respectfully submitted.

/s/
James E. Neuman
Robert A. Soloway

cc:  AUSA Shrieve Arial (by ECF)
     AUSA Rena Paul (by ECF)
     AUSA Samuel Nitze (by ECF)