UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

   UNITED STATES OF AMERICA,

              -against-

   RONALD HERRON,

                      Defendant.
------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

**JURY CHARGE**
**DRAFT 1 – 6/18/2014**
**10-CR-615 (NGG)**

     Now that the evidence in this case has been presented and the attorneys for the

Government and the Defendant have concluded their closing arguments, it is my responsibility to

instruct you as to the law that governs this case.  My instructions will be in three parts:

     <u>First</u>:  I will instruct you regarding the general rules that define and govern the duties of a

jury in a criminal case;

     <u>Second</u>:  I will instruct you as to the legal elements of the crimes charged in the

Indictment — that is, the specific elements that the Government must prove beyond a reasonable

doubt to warrant a finding of guilt; and

     <u>Third</u>:  I will give you some general rules regarding your deliberations.

     Statutory language quoted in this Final Charge is set forth in bold lettering.

## Part I

**1**.     **The Role of the Court**

Members of the jury, you now have heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as stating the law on its own.  You should instead consider my instructions as a whole when you retire to deliberate in the jury room.

You should not be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be or ought to be it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.


**2**.     **The Duties of the Jury**

To begin with — it is your duty to find the facts from all the evidence in this case.  You are the sole judges of the facts.  It is, therefore, for you and you alone to pass upon the weight of the evidence, to resolve such conflicts as may have appeared in the evidence, and to draw such inferences as you deem to be reasonable and warranted from the evidence or lack of evidence in this case.

2

With respect to any question concerning the facts, it is your recollection of the evidence that controls.

You must apply the law in accordance with my instructions to the facts as you find them. While the lawyers may have commented on some of the legal rules, you must be guided only by my instructions about the rules.  You must follow all of the rules as I explain them to you.  You may not follow some rules and ignore others.  Even if you disagree with the rules or don't understand the reasons for them, you are bound to follow the legal rules that I describe.

**3**.      **Parties are Equal Before the Court**

The fact that this prosecution is brought in the name of the United States Government does not entitle the United States to any greater consideration than the Defendant.  By the same token, it is entitled to no less consideration.  The parties, the United States Government and the Defendant, are equal before this court, and they are entitled to equal consideration.  Neither the Government nor the Defendant is entitled to any sympathy or favor.

**4**.      **Presumption of Innocence**

The Indictment that was filed against the Defendant is the means by which the Government gives him notice of the charges against him and brings him before the court.  It is nothing more.  The Indictment is only an accusation.  The Indictment is not evidence and you are to give it no weight in arriving at your verdict.

The Defendant pleaded "not guilty" in response to the Indictment.  He is presumed to be innocent unless and until guilt has been proven beyond a reasonable doubt, and that presumption alone, unless overcome, is sufficient to acquit him.  The Defendant is on trial for the crimes

charged in the Indictment and not for anything else.

Evidence has been introduced as to the involvement of other persons in the crimes charged. That those persons are not also on trial here is not a matter of concern to you. You should not speculate as to the reasons why those persons are not on trial. Your only concern is whether the Government has or has not proven the guilt of the Defendant beyond a reasonable doubt.

**5.**      **Burden of Proof on Government**

Since the law presumes the Defendant to be innocent, the burden of proving his guilt beyond a reasonable doubt is on the Government throughout the trial. The Defendant never has the burden of proving his innocence or of producing any evidence at all.

**6.**      **Proof Beyond a Reasonable Doubt**

For each crime with which the Defendant is charged, the Government must prove each element of the crime beyond a reasonable doubt. I will explain the elements of the crimes that the Indictment charges later on, but now I shall address the phrase "reasonable doubt."

Proof beyond a reasonable doubt does not mean proof beyond all doubt. The Government is not required to prove the Defendant's guilt to a mathematical certainty.

A reasonable doubt is a doubt based on reason and on common sense. This means that if, after you have considered all the of evidence in this case, you have a doubt that is based on your own experience, judgment, and common sense, you must find him not guilty of the crime in question.

A reasonable doubt, however, is not a doubt that arises out of whim or speculation. Nor

4

is a reasonable doubt an excuse to avoid performing an unpleasant duty.

You should consider each count of the Indictment separately.  It is thus possible for you to find the Defendant guilty on one count with which he is charged and not guilty on another count.  Conversely, you might find the Defendant guilty of each crime charged in the Indictment, or you might find him not guilty of all of the crimes charged in the Indictment.

On any count of the Indictment, if, after a fair and impartial consideration of all the evidence, you honestly can say that you have such a doubt as would cause a prudent person to hesitate to act in matters of importance in his or her life, then you have a reasonable doubt.  In that event, it is your duty to acquit the Defendant on that count.

If, on the other hand, after a fair and impartial consideration of all the evidence, you honestly can say that you have such an abiding belief in the Defendant's guilt that you would be willing to act upon a similarly strong conviction in an important matter in your own life, then you have no reasonable doubt and, in that circumstance, you should convict the Defendant on that count.

**7**.    **Number of Witnesses and Uncontradicted Testimony**

The fact that one party called more witnesses and introduced more evidence than the other party does not mean that you should find the facts in favor of the side offering the most witnesses.  By the same token, you do not have to accept the testimony of any witness, even if that witness has not been contradicted or impeached, if you find the witness not to be credible.  You also have to decide which witnesses to believe and which facts are true.  To do this you must look at all the evidence, drawing upon your own common sense and personal experience.

**8**.      **The Evidence**

    **A.      What is evidence:**

I wish to instruct you now as to what is evidence and how you should consider it.  The evidence you will use to decide what the facts are comes in three forms:

        (1)      sworn testimony of witnesses, both on direct and cross-examination;

        (2)      exhibits that have been received by the court in evidence;   AND

        (3)      stipulations.

If evidence was received for a limited purpose you must consider that evidence for that limited purpose only.

    **B.      What is not evidence:**

When deciding the facts, you must disregard the following things that are not evidence:

        (1)      Arguments or statements by lawyers are not evidence.

        (2)      Questions put to the witnesses are not evidence.

        (3)      The Indictment is not evidence

The indictment is merely a statement of charges and not itself evidence.

        (4)      Transcripts of videos and audio recordings are not evidence

The Government has been permitted to hand out a typed document which it prepared containing the Government's interpretation of what appears on the tape recordings which have been received as evidence. Those were given to you as an aid or guide to assist you in listening to the tapes. However, they are not in and of themselves evidence. You alone should make your own interpretation of what appears on the tapes based on what you heard. If you think you heard something differently than it appeared on the transcript, then what you heard is controlling.  Let me say again, you, the jury, are the sole judges of the facts.

(5)     Objections to the questions or to offered exhibits are not evidence.

In this regard, attorneys *for both the Government and the Defendant* have a duty to their client to object when they believe evidence should not be received.  You should not be influenced by the objection or by the court's ruling on the objection.  If the objection was sustained, ignore the question and the answer, if an answer was given.  If the objection was overruled, treat the answer like any other answer.

(6)     Anything you may have seen or heard outside the courtroom is not
         evidence.

Your verdict must be based solely upon the evidence or lack of evidence developed at trial.  You are not to engage in speculation or guesswork.

In reaching your decision as to whether the Government sustained its burden of proof, it would be improper for you to consider any personal feelings you may have about the Defendant's race, national origin, ethnic background, sex, or age.  All persons are entitled to the presumption of innocence and the Government has the same burden of proof in all criminal cases.

In addition, it would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

Under your oath as jurors you are not to be swayed by sympathy for one side or the other.  You are to be guided solely by the evidence in this case, and the crucial, central question that you must ask yourselves as you sift through the evidence is: has the Government proven the guilt of the Defendant beyond a reasonable doubt?

It is for you alone to decide whether the Government has proven that the Defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you.  It must be clear to you that once you let fear, or prejudice, or bias, or sympathy interfere

7

with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the Defendant's guilt, you must render a verdict of not guilty.  But on the other hand, if you should find that the Government has met its burden of proving the Defendant's guilt beyond a reasonable doubt, you should not hesitate to render a verdict of guilty because of sympathy or any other reason.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

**C.     Direct and Circumstantial Evidence:**

I told you that evidence comes in various forms, such as the sworn testimony of witnesses, exhibits and stipulations.

There are, in addition, two different kinds of evidence - direct and circumstantial.

(1) Direct evidence is the communication of a fact by a witness who testifies to the knowledge of that fact as having been obtained through one of the five senses.  So, for example, a witness who testifies to knowledge of a fact because he saw it, heard it, smelled it, tasted it, or touched it is providing direct evidence.  As I explained to you in my opening instruction, if you went outside and saw that it was raining, you would have observed "direct evidence" of rain. What remains is your responsibility to pass upon the credibility of the witness who provides the "direct evidence."

(2) Circumstantial evidence is evidence that tends to prove a fact in issue by proof of other facts from which the fact in issue may be inferred.

The word "infer," or the expression "to draw an inference," means to find that a fact exists from proof of another fact.  For example, if a fact in issue is whether it is raining at the moment, none of us can testify directly to that fact sitting as we are in this courtroom with the

8

shades drawn.  Assume, however, that as we are sitting here, a person walks into the courtroom wearing a raincoat that is dripping wet and carrying an umbrella dripping water.  We may infer that it is raining outside.  In other words, the fact of rain is an inference that could be drawn from the wet raincoat and the dripping umbrella.  An inference is to be drawn only if it is logical and reasonable to do so.  In deciding whether to draw an inference, you must look at and consider all the facts in light of reason, common sense, and experience.  Whether a given inference is or is not to be drawn is entirely a matter for you, the jury, to decide.  Please bear in mind, however, that an inference is not to be drawn by guesswork, suspicion, or speculation.

I remind you once again that you may not convict the Defendant unless you are satisfied of his guilt beyond a reasonable doubt, whether based on direct evidence, circumstantial evidence, or the logical inferences to be drawn from such evidence.  Circumstantial evidence does not necessarily prove less than direct evidence, nor does it necessarily prove more.  You are to consider all the evidence in the case, direct and circumstantial, in determining what the facts are and in arriving at your verdict.

**9**.    **Deciding What to Believe**

In deciding what the facts are, you must decide which testimony to believe, which testimony not to believe, and how much weight to give to the testimony of each witness.  In making those decisions, there are a number of factors you may take into account, including the following:

A.    Did the witness seem to be honest?

B.    Did the witness have any particular reason not to tell the truth?

C.    Did the witness have a personal interest in the outcome of the case?

9

    D.      Did the witness seem to have a good memory?

    E.      Did the witness have the opportunity and ability to observe accurately the things he or she testified about?

    F.      Did the witness appear to understand the questions clearly and answer them directly?

    G.      Was what the witness said supported by other evidence?

    H.      Did the witness's testimony differ from the testimony of other witnesses?

People sometimes forget things. A contradiction may be an innocent lapse of memory or it may be an intentional falsehood. Consider, therefore, whether the contradiction has to do with an important fact or only a small detail.

Different people observing an event may remember it differently and therefore testify about it differently.

You may consider the factors I have just discussed with you and other relevant factors in deciding how much weight to give to testimony.

Finally, if you find that a witness has lied to you about any matter, however insignificant, you may choose to disregard that witness's testimony in part or in whole.


**10**.   **<u>Venue</u>**

Venue refers to the location of the charged crimes. The Indictment alleges that the crime charged occurred in whole or in part in this judicial district, the Eastern District of New York. The district encompasses the boroughs of Brooklyn, Queens, and Staten Island, as well as Nassau and Suffolk Counties on Long Island. To establish that venue for a charged crime is appropriate in this district, the Government must prove that some act in furtherance of the crime

occurred here.   This means that, with respect to the crime charged, even if other acts were committed outside this district or if the crime was completed elsewhere, venue is established in the Eastern District of New York so long as some act in furtherance of the crime took place in this district.

Let me further instruct you that, while the Government's burden as to everything else in the case is proof beyond a reasonable doubt, a standard that I have already explained to you, venue need only be proved by the lesser standard of "preponderance of the evidence."  To prove something by a preponderance of the evidence means simply to prove that the fact is more likely true than not true.  I emphasize that this lesser standard applies only where I specifically mention it in this charge.

**11**.   **Opinion Witnesses**

You have heard, during the course of this trial, the testimony of several individuals referred to as experts in certain fields.  This testimony is what is characterized by lawyers and judges as opinion witness testimony.  If scientific, technical, or other specialized knowledge will assist the jury to understand the evidence or to decide a disputed fact, a witness qualified as an expert by knowledge, skill, experience, training, or education, may be called to testify about such evidence of facts in issue in the form of an opinion.

The rules of evidence ordinarily do not permit witnesses to testify to opinions or conclusions.  Exceptions to this rule exist, including for those we call expert witnesses who may state their opinions and who may also state the reasons for their opinions.

You should consider the experts' opinions and give them such weight as you may think they deserve in light of all the evidence in the case.  If you should decide that the opinion of an

expert witness is not based upon sufficient education and experience, or that the reasons given in support of the opinions are not sound, or that the opinion is outweighed by other evidence, you may disregard the opinion entirely.  You should not accept a witness's testimony merely because he or she is an expert nor should you substitute it for your own reason, judgment or common sense.

In short, the expert witnesses are in all other respects the same as any other witness.  You should consider their qualifications, experience, interest in the outcome of the case, if any, demeanor, and all the other factors you have been instructed to consider in assessing the credibility of a witness.

## 12.    <u>Interest in Outcome</u>

In evaluating the credibility of a witness, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of the case.  Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely.  It is for you to decide to what extent, if at all, the witness's interest has affected his or her testimony.

**13**.   **All Available Witnesses Need Not Be Produced**

The law does not require the Government to produce all available evidence or to call as witnesses all persons involved in the case who may have been present at any relevant time or place, or who may appear to have some knowledge of the matter in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and objects mentioned during the course of the trial.


**14**.   **Similar Acts**

Throughout this trial you have heard substantial evidence that the Defendant engaged in conduct that was similar in nature to the conduct charged in the Indictment.  The Defendant is on trial only for committing the acts alleged in the Indictment.  Accordingly, you may not consider evidence of similar acts as a substitute for proof that the Defendant committed the crimes charged in this case.  Indeed, even if you believe, for example, that the Government proved beyond a reasonable doubt that the Defendant committed one or more of these similar acts, you cannot find the Defendant guilty of the charges in the Indictment upon that evidence alone.

Nor may you consider this evidence as proof that the Defendant has a criminal propensity or bad character.  The evidence of other similar acts was admitted for much more limited purposes and you may consider it only for those limited purposes.  This evidence was admitted as background evidence to show the development of relationships of trust between the Defendant and the Government's witnesses, and to provide background evidence of the charged enterprise. In addition, as appropriate, you may consider this evidence in evaluating any claim by the defense that the Defendant was incapable of or unwilling to violate the rules of the alleged enterprise.

Remember, however, that evidence of similar conduct is to be considered by you only on the issues I have just mentioned, and not on any other issue.  You may not consider such evidence for any other purpose.  Specifically, you may not consider it as evidence that the Defendant is of bad character or has a propensity to commit crimes.

**15**.     **Stipulations**

The attorneys for the United States and for the Defendant have entered into stipulations concerning facts which are relevant to this case.  When the attorneys on both sides stipulate and agree as to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence and regard that fact as proved.

**16**.     **Specific Investigative Techniques Not Required**

I instruct you that there is no legal requirement that the Government use any specific investigative techniques to prove its case.  Law enforcement techniques are not your concern.  Your concern is to determine whether or not, based upon all of the evidence in this case, the Government has proven that the Defendant is guilty beyond a reasonable doubt as to each count charged against him.

**17**.     **Dates Approximate**

The Indictment charges "in or about" and "on or about" and "between" certain dates. The proof need not establish with certainty the exact date of an alleged offense.  It is sufficient if the evidence establishes beyond a reasonable doubt that an offense was committed on a date reasonably near the dates alleged.

18.    **Judicial Notice**

I have taken judicial notice of certain facts that I believe are not subject to reasonable dispute.  I have accepted these facts to be true even though no evidence has been introduced proving them to be true.  You may, but are not required to, agree that these facts are true.

19.    **Punishment**

The question of possible punishment of the Defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing a sentence rests exclusively upon the Court.  Your function is to weigh the evidence in the case, and to determine whether or not the Defendant is guilty beyond a reasonable doubt, solely upon the basis of the evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon the Defendant, if he is convicted, to influence your verdict in any way, or, in any sense, to enter into your deliberations.

20.    **Double Jeopardy**

You have heard testimony that the Defendant was previously tried in New York State court for the murder of Frederick Brooks as well as certain other crimes.  The Double Jeopardy Clause is not involved in this case.  A state prosecution does not bar a subsequent federal prosecution of the same person for the same act.  Even if a Defendant is acquitted of an offense in state court, the federal government can still charge the same Defendant for that offense if it also violates federal law.  Additionally, the Double Jeopardy Clause permits a Defendant to be prosecuted under the Racketeer Influenced and Corrupt Organizations ("RICO") statute based

15

upon predicate acts for which the Defendant has already been prosecuted.  Also, the sequence or

timing of any other indictments should have no bearing on the jury's deliberations.


21.    **Interviews of Witnesses**

There was testimony at trial that the attorneys for the Government interviewed witnesses

when preparing for and during the course of the trial.  You should not draw any unfavorable

inference from that testimony.  To the contrary, the attorneys were obliged to prepare this case as

thoroughly as possible and might have been derelict in the performance of their duties if they

failed to interview witnesses before this trial began and as necessary throughout the course of the

trial.


22.    **Cooperating Witnesses Called by the Government**

You have heard witnesses who testified that they were involved in planning and carrying

out certain crimes with the Defendant.  There has been a great deal said about these so-called

"cooperating witnesses" in the summations of counsel and about whether or not you should

believe them.

The Government argues, as it is permitted to do, that it must take the witnesses as it finds

them.  It argues that only people who themselves take part in criminal activity have the

knowledge required to show criminal behavior by others.  For those very reasons, the law allows

the use of accomplice and co-conspirator testimony.  Indeed, it is the law in federal courts that

the testimony of a single accomplice or co-conspirator may be enough in itself for conviction, if

the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, it is also the case that cooperator testimony is of such a nature that it must be

scrutinized with great care and viewed with particular caution when you decide how much of

that testimony to believe.  I have given you some general considerations on credibility and I will

not repeat them all here.  Nor will I repeat all of the arguments made on both sides.  However, let

me say a few things that you may want to consider during your deliberations on the subject of

accomplice and co-conspirator witnesses.

You should ask yourselves whether these witnesses would benefit more by lying or by

telling the truth.  Was their testimony made up in any way because they believed or hoped that

they would somehow receive favorable treatment by testifying falsely?  Or did they believe that

their interests would be best served by testifying truthfully?  If you believe that a witness was

motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was

it one that would cause him to tell the truth?  Did this motivation color his testimony?

In sum, you should look at all of the evidence in deciding what credence and what

weight, if any, you will want to give to the cooperating witnesses.


**23**.    **Punishment of Accomplice and Cooperating Witnesses**

You have heard testimony that cooperating witnesses in this case have been promised

that if they provide substantial assistance to the government and testify truthfully, completely

and fully, the Government will present to the sentencing court what is called a 5K1.1 letter.  The

5K1.1 letter sets forth the cooperating witness's criminal acts as well as the substantial assistance

the witness has provided.  I instruct you that the 5K1.1 letter does not guarantee the cooperating

witness a lower sentence.  This is because the sentencing court may, but is not required to, take

the 5K1.1 letter into account when imposing sentence on the cooperating witness.  The Court has

discretion, whether or not a 5K1.1 letter is written, to impose any reasonable sentence the Court

deems appropriate up to the statutory maximum.  However, if the Government does not write a 5K1.1 letter, the court would be obligated to impose at least any minimum sentence required by law.  The final determination as to the sentence to be imposed rests with the Court, not with the Government.

24.    **Discrepancies in Testimony**

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

Evidence of discrepancies may be a basis to disbelieve a witness's testimony.  On the other hand, discrepancies in a witness's testimony or between his testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict him- or herself.  It is also a fact that two people witnessing an event may see or hear it differently.  Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance.  A willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of a witness, how to weigh the discrepancies in his or her testimony.  You should, as always, use common sense and your own good judgment.

25.    **Other Persons Not on Trial**

You have heard evidence about the involvement of certain other people in the transactions referred to in the Indictment.  You may not draw any inference, favorable or

18

unfavorable, towards the Government or the Defendant from the fact that certain persons are not on trial before you.  That these individuals are not on trial before you is not your concern.  You should neither speculate as to the reason these people are not on trial before you nor allow their absence as parties to influence in any way your deliberations in this case.  Nor should you draw any inference from the fact that any other person is not present at this trial.  Your concern is solely the Defendant on trial before you.

**26**.   **Multiple Counts – One Defendant**

The indictment contains a total of twenty-one counts or charges against Mr. Herron. Each count charges Mr. Herron with a different crime. You must consider each count separately and return a separate verdict of guilty or not guilty for each count.  Whether you find Mr. Herron guilty or not guilty as to one count should not affect your verdict as to any of the other charged counts, except to the extent that certain counts are necessary elements of other counts, as I will describe for you.

**27**. **Impermissible to Infer Participation from Presence or Association**

You may not infer that Mr. Herron is guilty of participating in criminal conduct merely from the fact that he may have been present at the time a crime was being committed and had knowledge that it was being committed.

You may also not infer that Mr. Herron was guilty of participating in criminal conduct merely from the fact that he associated with other people who were guilty of wrongdoing.

You have also heard testimony in this case concerning the Defendant's alleged membership in the Bloods street gang.  I charge you that membership in such a gang is not an element of the charges against the Defendant.  You may only use any evidence of Bloods

membership as it may relate to determining whether the Government has met its burden of proving the elements of the charged crimes beyond a reasonable doubt.

28.      **Testimony of Government Agents and Law Enforcement Witnesses**

During the trial, you have heard testimony from Government employees and law enforcement witnesses.  That a witness works in law enforcement or is a Government employee does not mean that his or her testimony is entitled to any greater weight by reason of his or her employment.  By the same token, his or her testimony is not entitled to less consideration simply because he or she works in law enforcement or is a Government employee. You should consider the testimony of Government agents and law enforcement officers just as you would consider any other evidence in the case and evaluate their credibility just as you would that of any other witness.  After reviewing all the evidence, you will decide whether to accept the testimony of law enforcement and Government employee witnesses, and what weight, if any, that testimony deserves.

29.      **Witness Using Drugs**

There has been evidence introduced during the trial that the Government called as a witness a person who was using drugs when the events he observed took place.  I instruct you that there is nothing improper about calling such a witness to testify about events within his personal knowledge.  On the other hand, his testimony must be examined with greater scrutiny than the testimony of another witness.  The testimony of a witness who was using drugs at the time of the event about which he is testifying may be less believeable because of the effect the drugs may have on his ability to perceive or related the events in question.  If you decide to accept such testimony, after considering it in light of all the evidence in the case, then you may

give it whatever weight, if any, you find it deserves.

## Part II

I now will turn to the second part of this jury charge in which I instruct you as to the legal elements of the crimes charged.

## 1.    Knowingly and Intentionally

During these instructions, you will hear me use the words "knowingly" and "intentionally" from time to time.

### a.    Knowingly

Certain allegations in the Indictment require that in order to sustain its burden of proof, the Government must prove that a person acted knowingly.  A person acts knowingly if he acts purposely and voluntarily and not because of a mistake, accident or other innocent reason. Whether the Defendant acted knowingly may be proven by the Defendant's conduct and by all of the facts and circumstances surrounding the case.

### b.    Intentionally

Certain allegations in the Indictment require that in order to sustain its burden of proof the Government must prove beyond a reasonable doubt that the Defendant acted intentionally. Before you can find that the Defendant acted intentionally, you must be satisfied beyond a reasonable doubt that the Defendant acted deliberately and purposefully.  The Defendant need not have been aware of the specific law or rule that his conduct may have violated, but his acts must not have been the product of a mistake or accident.

These issues of knowledge and intent require you to make a determination about the Defendant's state of mind, something that rarely can be proved directly.  A wise and careful consideration of all the circumstances of the case may, however, permit you to make such a

21

determination as to the Defendant's state of mind. Indeed, in your everyday affairs, you frequently are called upon to determine a person's state of mind from his or her words and actions in a given circumstance. You are asked to do the same here.

2.      **Substantive Charges**

I will now review the Indictment with you and instruct you as to the legal elements of the crimes with which the Defendant is charged.

## The Indictment

The Defendant is formally charged in an Indictment. As I instructed you at the outset of this case, the Indictment is a charge or accusation. The Indictment in this case contains twenty-one separate counts, on each of which you will be called upon to render a separate verdict.

## COUNT ONE: RACKETEERING

Count One charges the Defendant with the crime of racketeering, commonly referred to as a violation of the "RICO" statute.

Count One provides, in part:

In or about and between January 1998 and October 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RONALD HERRON, also known as "Ra," "Ra Diggs," "Ra Digga" and "Raheem," together with others, being a person employed by and associated with the Ronald Herron Enterprise, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, knowingly and intentionally conducted and participated, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.

The relevant provision of the RICO statute provides as follows:

**It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . .**

The Government must prove all of the following five elements beyond a reasonable

doubt in order to establish the RICO count charged in Count One:

One:    An enterprise, as described in the Indictment, existed on or about the time alleged in the Indictment;

Two:    The enterprise engaged in, or its activities affected, interstate or foreign commerce;

Three:    The Defendant was employed by or was associated with the enterprise;

Four:    The Defendant knowingly conducted or participated, either directly or indirectly, in the conduct of the affairs of the enterprise; and

Five:    The Defendant knowingly participated in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as described in the Indictment; that is, through the commission of at least two of the charged racketeering acts within ten years of each other, or through causing or aiding and abetting the commission of two such racketeering acts.

I will now instruct you on the law applicable to each of these five essential elements.


The First Element: An "Enterprise" Existed

The Government must prove beyond a reasonable doubt that an enterprise affecting

interstate commerce existed.

The term "enterprise" as used in these instructions may include any group of people

associated in fact, even though this association is not recognized as a legal entity.  Thus, an

enterprise need not be a formal business entity such as a corporation, but may be merely an

informal association of individuals.

The "enterprise" does not have to have a particular name, or, for that matter, any name at all.  Nor must it be registered or licensed as an enterprise, or be a commonly recognized legal entity such as a corporation, a partnership, a business, or the like.  A group or association of people can be an "enterprise" if these individuals have "associated together for a common purpose of engaging in a course of conduct."  Mere similarity of conduct or the fact that individuals may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of an enterprise, though you may consider such factors.

Such an association of persons may be established by evidence showing an ongoing organization, formal or informal, and by evidence that the people making up the association functioned as a continuing unit.  Therefore, the Government must prove that (1) there was an ongoing organization with some sort of framework for making or carrying out decisions and (2) the various members and associates of the organization functioned as a continuing unit to achieve a common purpose.

Regarding "organization," it is not necessary that the enterprise have any particular or formal structure, but it must have sufficient organization that its members would function and operate in a coordinated manner in order to carry out the alleged common purpose or purposes of the enterprise.

"Continuing membership" exists even where the membership changes by adding or losing individuals during the course of its existence.  Therefore, such an association of individuals may retain its status as an "enterprise" even though the membership of the

association changes by adding or losing individuals during the course of its existence as long as a core group remains intact.

The Government is not required to prove each and every allegation about the enterprise or the manner in which the enterprise operated.  The Indictment charges a specific criminal enterprise, namely the Ronald Herron Enterprise, and alleges that the Defendant was a leader of the Ronald Herron Enterprise.  If you find that the Government has proven beyond a reasonable doubt the existence of the Ronald Herron Enterprise, but has not proven beyond a reasonable doubt that the Defendant was employed by or associated with the Ronald Herron Enterprise, then you must find the Defendant not guilty of the racketeering charges.

The Second Element:  The Enterprise Affected Interstate Commerce

To establish the existence of an "enterprise," the Government must also prove beyond a reasonable doubt that the conduct of the enterprise affected interstate commerce.  Interstate commerce means trade or conducting business, or travel between one state and another state or the District of Columbia; and foreign commerce means such trade, business or travel between the United States and another country.  Therefore, interstate and foreign commerce may include the movement of money, goods, services or persons from one state to another state or the District of Columbia or between the United States and another country.  This may include, among other matters, the purchase or sale of goods or supplies from outside the United States or the state in which the enterprise was located, the use of interstate or international mail or wire facilities, or the causing of any of those things.

An enterprise "is generally 'engaged in commerce' when it is itself directly engaged in the production, distribution or acquisition of goods or services in interstate commerce."  If you

find that the evidence is sufficient to prove that the enterprise "engaged in" interstate commerce or foreign commerce, the required nexus to interstate or foreign commerce is established, and therefore the Government is not required to prove the alternative that the activities of the enterprise would have affected interstate or foreign commerce.

Regarding that alternative method of satisfying this element, to establish the requisite effect on interstate or foreign commerce, the Government is not required to prove a significant or substantial effect on interstate or foreign commerce. This element, which simply ensures federal jurisdiction over the conduct, is satisfied if even a minimal effect on interstate or foreign commerce is shown. The effect need not be direct. Any effect, even if it is postponed, indirect, or slight, is sufficient to satisfy the interstate commerce element. It does not matter whether the effect is harmful or beneficial to interstate commerce. Moreover, it is not necessary for the Government to prove that the Defendant knew that the enterprise would affect interstate or foreign commerce, that the Defendant intended to affect interstate or foreign commerce, or that the Defendant engaged in, or his activities affected, interstate or foreign commerce.

I instruct you that it makes no difference whether the type of interstate commerce affected is legal or illegal.

It is not necessary for the Government to prove that the individual racketeering acts themselves affected interstate or foreign commerce; rather, it is the enterprise and its activities considered in their entirety that must be shown to have had that effect. On the other hand, this effect on interstate or foreign commerce may be established through the effect caused by the individual racketeering acts.

Here, with respect to the enterprise, the Indictment alleges the following, in relevant part:

The Enterprise

1.      The Ronald Herron Enterprise (hereinafter the "enterprise") was a gang comprised primarily of individuals residing in and around the Gowanus Houses in the Boerum Hill section of Brooklyn and included members of the Bloods street gang.  Members and associates of the enterprise have engaged in drug trafficking and acts of violence, including murder, attempted murder, robbery, extortion and assault.

2.      The defendant RONALD HERRON, also known as "Ra," "Ra Diggs," "Ra Digga" and "Raheem" was the leader and a member of the enterprise.

3.      The enterprise, including its leadership, membership and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.  The enterprise was engaged in, and its activities affected, interstate and foreign commerce.

Purposes of the Enterprise

4.      The purposes of the enterprise included the following:

      a.      Enriching the members and associates of the enterprise through criminal activity, including robbery, extortion and drug trafficking;

      b.      Promoting and enhancing the prestige, reputation and position of the enterprise with respect to rival criminal organizations;

      c.      Preserving and protecting the power, territory and criminal ventures of the enterprise through the use of intimidation, threats of violence and acts of violence, including murder, attempted murder, robbery, extortion and assault; and

      d.      Keeping victims and rivals in fear of the enterprise and its members and associates.

Means and Methods of the Enterprise

5.      Among the means and methods by which the defendant and his associates conducted and participated in the conduct of the affairs of the enterprise were the following:

      a.      Members of the enterprise and their associates used, attempted to use and conspired to use robbery, extortion and drug trafficking as means of obtaining money;

      b.      Members of the enterprise and their associates committed, attempted to commit and threatened to commit acts of violence, including murder, attempted murder, robbery, extortion and assault, to enhance the enterprise's prestige and protect and expand the enterprise's criminal operations; and

      c.      Members of the enterprise and their associates used and threatened to use physical violence against various individuals, including members of rival criminal organizations.

The Third Element: Position In the Enterprise

The third element the Government must prove beyond a reasonable doubt is that the Defendant was, at a relevant time, a knowing member or associate of the charged enterprise. The Defendant need not have been a member of or associated with the enterprise for the entire period of its existence, but the Defendant must have been associated with the enterprise at the time he allegedly committed the crimes charged. That is, the Government must prove that the Defendant was connected to the enterprise in some meaningful way and that he knew of the existence of the enterprise and of the general nature of its activities.

"Associated with" should be given its plain meaning. As stated in Webster's Third New International Dictionary (1971 ed.), "associate" means "to join, often in a loose relationship as a partner, fellow worker, colleague, friend, companion or ally . . . to join or connect with one another." Therefore, a person is "associated with" an enterprise when, for example, he joins with other members of the enterprise and he knowingly aids or furthers the activities of the enterprise, or he conducts business with or through the enterprise.

The Defendant's membership in and association with the enterprise must be "knowing." An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason. Since we have no way of looking into another person's mind directly, the fact of knowledge may be established by circumstantial evidence just as any other fact in this case. In determining whether the Government has proven the requisite element of knowledge, you may consider all of the facts and circumstances and the inferences that could logically be drawn therefrom, provided that such evidence satisfies you beyond a reasonable doubt that the Defendant's actions were knowing.

The Government is not required to prove that the Defendant had a formal position in the

enterprise, or participated in all the activities of the enterprise, or had full knowledge of all the activities of the enterprise, or knew about the participation of all the other members of the enterprise.  Rather, it is sufficient that the Government prove beyond a reasonable doubt that at some time during the existence of the enterprise as alleged in the Indictment, the Defendant was "associated with" the enterprise and that he knew of the general nature of the enterprise, and that the enterprise extended beyond his own role in the enterprise.

The Fourth Element: Conduct or Participate in the Conduct of the Affairs of the Enterprise

This means that the Defendant intentionally performed acts, functions or duties which are necessary to, or helpful in, the operation of the enterprise.  Thus, if the Defendant participated in the operation or management of the enterprise itself or he had some part in directing the enterprise's affairs, that would satisfy this element.  However, the Defendant need not have exercised significant control over or within the enterprise, nor must he have had a formal position in the enterprise, or primary responsibility for the enterprise's affairs.  Rather, an enterprise is "operated" not just by upper management but also by lower-rung participants in the enterprise who are under the direction of upper management or carry out upper management's orders.  In other words, all who participate in the conduct of the enterprise, whether they are generals or foot soldiers, are responsible for the affairs of the enterprise.  An enterprise also might be operated or managed by one who exerts control over the enterprise.

The Fifth Element: Pattern of Racketeering Activity

The Indictment alleges that the Defendant committed Racketeering Acts including murder, attempted murder, narcotics distribution, and other acts.  A "pattern of racketeering

activity," generally means the following:

First, the Defendant intentionally committed, or caused, or aided and abetted the commission of, two or more of the racketeering acts alleged in the Indictment. These two or more racketeering acts must have been committed within ten years of each other. Your verdict must be unanimous as to which specific racketeering acts you find that the Defendant committed, caused, or aided and abetted. Shortly, I will instruct you on the elements regarding each of the charged racketeering acts.

Second, the racketeering acts are "related"; that is, have the same or similar purposes, results, participants, victim, or methods of commission, or be otherwise interrelated by distinguishing characteristics and not be merely isolated events. To establish that two racketeering acts are related to the enterprise, the Government must establish either (1) that the Defendant's position in the enterprise facilitated his commission of those illegal acts and that the racketeering acts had some impact or effect on the enterprise, or (2) that the acts were in some way related to the affairs of the enterprise, or (3) that the Defendant was able to commit the acts by virtue of his position or involvement in the affairs of the enterprise.

Third, the racketeering acts themselves either extended over a substantial period of time or posed a threat of continued criminal activity. The Government need not prove such a threat of continuity by any mathematical formula or by any particular method of proof, but rather may prove it in a variety of ways. For example, the threat of continued unlawful activity may be established when the evidence shows that the racketeering acts are part of a long-term association that exists for criminal purposes or when the racketeering acts are shown to be the regular way of conducting the affairs of the enterprise.

Moreover, in determining whether the Government has proven the threat of continued

unlawful activity, you are not limited to consideration of the specific racketeering acts charged against the Defendant; rather, in addition to considering such acts you also may consider the nature of the enterprise, and other unlawful activities of the enterprise and its members viewed in their entirety, including both charged and uncharged unlawful activities.

I will now explain the law governing the eight racketeering acts that the Government has alleged.

### RACKETEERING ACT ONE: COCAINE BASE DISTRIBUTION CONSPIRACY

Racketeering Act One charges the Defendant RONALD HERRON with narcotics conspiracy in violation of Title 21, United States Code, Section 846.

Racketeering Act One reads in part as follows:

> In or about and between January 1998 and October 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RONALD HERRON, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute 280 grams or more of a substance containing cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

There are two relevant statutes on this subject: 21 U.S.C. § 841(a)(1), which criminalizes distribution and possession with intent to distribute a controlled substance, and 21 U.S.C. § 846, which criminalizes the conspiracy to commit such an offense.  To find the Defendant RONALD HERRON guilty of Racketeering Act One, you must find that he conspired to distribute and to possess with intent to distribute a controlled substance.  You need not find that he knew or believed that the substance was cocaine base, as long as the Government proves that the Defendant knew and intended that some controlled substance would be possessed and that he intended for it to be distributed.

31

**<u>Conspiracy</u>**

I will now instruct you on the federal law of conspiracy.  You should understand that a conspiracy is an offense separate from the commission of any offense that may have been committed pursuant to the conspiracy.  That is because the formation of a conspiracy, of a partnership for criminal purposes, is in and of itself a crime.  Thus, if a conspiracy exists, even if it should fail in achieving its purpose, it is still punishable as a crime.  The essence of the charge of conspiracy is an understanding or agreement between or among two or more persons that they will act together to accomplish a common objective that they know is unlawful.

The following are the elements of conspiracy, each of which the Government must prove beyond a reasonable doubt:

*First,* two or more persons were involved;

*Second,* they knowingly and intentionally conspired or agreed and that the Defendant willfully was or became a member of the conspiracy; and

*Third,* they conspired to commit an act which is unlawful, or, in other words, that the objective of the conspiracy was to commit an unlawful act or acts.

<u>First and Second Elements</u>

A conspiracy is an agreement between or among two or more persons to accomplish an unlawful purpose.  While conspiracy involves an agreement to violate the law, the Government need not prove that the person charged entered into an express or formal agreement, or that he stated, orally or in writing, what the scheme was, or how it was to be accomplished.  It is sufficient to show that he came to a mutual understanding with another or others to bring about an unlawful act.  You may, if you choose, infer such an agreement – or conspiracy – from the circumstances and conduct of the parties.

32

Put another way, to establish a conspiracy, the Government is not required to prove that the conspirators sat around a table and entered into a solemn contract, orally or in writing, stating that they have formed a conspiracy to violate the law, setting forth details of the plans, the means by which the unlawful project is to be carried out or the part to be played by each conspirator. It would be extraordinary if there were such a formal document or specific oral agreement. Common sense would suggest that when people do, in fact, undertake to enter into a conspiracy, much is left to an unexpressed understanding. A conspiracy, by its very nature, is almost invariably secret in both origin and execution. Therefore, it is sufficient for the Government to show that the conspirators somehow came to a mutual understanding to accomplish an unlawful act by means of a joint plan or common scheme. Moreover, since a conspiracy is, by its very nature, characterized by secrecy, you may infer its existence from the circumstances of the case and the conduct of the parties involved.

The second element requires that, if you find a conspiracy existed, you must determine whether the Defendant was a member. That is, you must determine whether he participated in the conspiracy willfully and with knowledge of its unlawful purpose and in furtherance of its unlawful purpose.

To act "willfully" means to act knowingly and purposely with an intent to do something the law forbids, that is to say, with a bad purpose either to disobey or disregard the law. A Defendant's knowledge is a matter of inference from the facts proved. To become a member of the conspiracy, the Defendant need not have known the identities of every member, nor need he have been apprised of all of their activities. Moreover, a Defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his or her part.

The extent or duration of a Defendant's participation does not necessarily bear on the issue of the Defendant's guilt. An equal role in the conspiracy is not what the law requires. If you find that the conspiracy existed and if you further find that the Defendant participated in it knowingly and willfully, the extent or degree of his participation is not material. Moreover, it is not required that a person be a member of the conspiracy from its very start.

I want to caution you, however, that the Defendant's mere presence at the scene of criminal activities, or at locations frequented by criminals, does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make the Defendant a member. A person may know or be friendly with a criminal without being a criminal himself. Indeed, a person may be a criminal without being a member of the charged conspiracy. Mere similarity of conduct or the fact that individuals may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

I further caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. The fact that the acts of the Defendant merely happen to further the purposes or objectives of the conspiracy, without his knowledge, does not make the Defendant a member. More is required under the law. What is necessary is that the Defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

Thus, while someone who is present during a conspiracy is not necessarily a member, I further instruct you that you may find that the Defendant knowingly and willfully became and was a member of a conspiracy if you find that his presence was purposeful – that is, that the Defendant's presence on one or more occasions was intended to serve the purposes of the

34

conspiracy.

In sum, the Defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal undertaking.  The Defendant thereby becomes a knowing and willing participant in the unlawful agreement – that is to say, a conspirator.

<u>Third Element</u>

The third element that the Government must prove is that the conspiracy was to commit an unlawful act.  The Government need not prove that the Defendant actually committed the unlawful act or acts charged as the objective of the conspiracy.  Rather, what the Government must prove beyond a reasonable doubt is that the purpose of the conspiracy was to commit an unlawful act or acts.  In this case, the object of the conspiracy charged in Racketeering Act One is the distribution or possession with intent to distribute of cocaine base.  I will explain this concept in greater detail below.

I remind you that the Government need not prove that the Defendant agreed to personally distribute narcotics himself.  Rather, what the Government must prove is that the purpose of the conspiracy was to commit the unlawful act.  In this case, the Government has alleged that there existed a conspiracy to distribute 280 grams or more of a substance containing cocaine base.  If you find that this was the objective of the agreement, then this element has been satisfied.

As I instructed you earlier, each member of a conspiracy may perform separate and distinct acts and may perform them at different times.  One does not have to participate in a drug transaction or agree to participate in an actual drug transaction to be a member of a conspiracy to distribute narcotics.  There are various roles members can play in a drug conspiracy.  Some examples of the various roles that might exist in a conspiracy to distribute narcotics include, but

are not limited to, selling narcotics, collecting money owed for narcotics, maintaining drug records, transporting narcotics proceeds, enforcing drug debts and acting as the getaway driver. Moreover, acts intended to strengthen a drug business can be considered acts in furtherance of a drug conspiracy.

If you find that the Government has proven all three elements I have just described to you, beyond a reasonable doubt, against the Defendant, then you should find that the Defendant conspired to distribute 280 grams or more of a substance containing cocaine base. If the Government has failed to prove any of the required elements, then you must acquit the Defendant of this Act.

<u>Single or Multiple Conspiracies</u>

In this case, the Defendant contends that the Government's proof fails to show the existence of only one overall conspiracy. Rather, he claims that there were actually several separate and independent conspiracies with various groups of members.

Whether there existed a single unlawful agreement, or many such agreements, or indeed, no agreement at all, is a question of fact for you, the jury, to determine in accordance with the instructions I am about to give you.

When two or more people join together to further one common unlawful design or purpose, a single conspiracy exists. By way of contrast, multiple conspiracies exist when there are separate unlawful agreements to achieve distinct purposes.

You may find that there was a single conspiracy despite the fact that there were changes in either personnel, or activities, or both, so long as you find that some of the co-conspirators continued to act for the duration of the conspiracy for the purposes charged in the Indictment. The fact that the members of a conspiracy are not always identical does not necessarily imply

36

that separate conspiracies exist. Likewise, a single conspiracy is not necessarily transformed into more than one conspiracy merely because it may involve two or more parts, or spheres of operation, as long as the Government establishes sufficient proof of mutual dependence and assistance.

A single conspiracy may exist even if all the members did not know each other, or never met together, or did not know what roles all the other members played. And a single conspiracy may exist even if different members joined at different times, or the membership of the group changed. Similarly, just because there were different subgroups operating in different places, or many different criminal acts committed over a long period of time, does not necessarily mean that there was more than one conspiracy. These are factors you may consider in determining whether more than one conspiracy existed.

In sum, in order to prove a single conspiracy, the Government must prove beyond a reasonable doubt that the Defendant and his alleged co-conspirators agreed to participate in a collective venture, directed at a common goal. The co-conspirators need not have agreed on every detail of the conspiracy, as long as they agreed on the essential nature of the plan.

On the other hand, if you find that the conspiracy charged in the Indictment did not exist, you cannot find the Defendant guilty of a single conspiracy.  This is so even if you find that some conspiracy other than the one charged in the Indictment existed, even though the purposes of both conspiracies may have been the same and even though there may have been some overlap in membership.

Object of Conspiracy: Possession with Intent to Distribute Cocaine Base

Title 21, United States Code, Section 841makes it a federal crime for any unauthorized person **"to . . . distribute . . . or possess with intent to . . . distribute . . . a controlled**

**substance."** I instruct you that, under the law, cocaine base, which is also sometimes called crack cocaine, is a controlled substance.

To find the Defendant guilty of this Act, you must find that the Government has proven beyond a reasonable doubt each of the three elements of the offense:

<u>First</u>, that the Defendant possessed cocaine base;

<u>Second</u>, that he did so knowingly and intentionally; and

<u>Third</u>, that he did so with the intent to distribute the controlled substance.

I will now explain each of these three elements in greater detail.

<u>Possession</u>

First, the Government must prove beyond a reasonable doubt that the Defendant possessed cocaine base. To establish this element, the Government must prove that the material that the Defendant is charged with possessing is, in fact, cocaine base. The Government may prove this through either direct evidence or through circumstantial evidence.

I will now instruct you regarding the legal concept of possession, which may differ somewhat from the everyday use of the term. The law recognizes two different types of possession: actual possession and constructive possession. Actual possession is what most of us think of as possession, that is, having physical control of an object. For example, if you find that the Defendant had drugs on his person, you may find that he had actual possession of the drugs. Constructive possession refers to when a person has the ability to exercise substantial control over an object that he does not have in his physical custody. For example, a person who places something in a safety deposit box at a bank retains constructive possession of that item, even though the bank now has actual possession of it.

The law recognizes that possession may be sole or joint.  If one person alone has actual or constructive possession of a thing, possession is sole.  If two or more people share actual or constructive possession of a thing, possession is joint.  Under the law, however, either joint or sole possession is enough to satisfy this element of the crime charged in Racketeering Act Six.

Mere presence in the vicinity of a controlled substance, or mere knowledge of its physical location, does not constitute actual or constructive possession.  Similarly, mere knowledge that someone else possessed a controlled substance does not constitute actual or constructive possession.

### Knowing and Intentional Possession

Second, the Government must prove beyond a reasonable doubt that the Defendant knowingly and intentionally possessed the cocaine base.  As I have instructed you, a person acts knowingly if he acts voluntarily and intentionally, not because of ignorance, mistake or accident.  A person acts intentionally if he acts willfully and with the intent to do something that the law forbids.

### Distribution or Possession with Intent to Distribute

Third, the Government must prove beyond a reasonable doubt that the Defendant possessed the cocaine base with the intent to distribute it.

I instruct you that to "distribute" means simply to deliver.  Deliver has its everyday meaning; it means to transfer or hand over something to another person.  The transfer need not be in the context of a sale for money.

When I say that you must find that the Defendant intended to distribute the cocaine base, this does not mean that you must find that he intended personally to distribute or deliver the drugs.  It is sufficient if you find that the Defendant intended to cause or assist the distribution of

the drugs.

Drug Type and Quantity

If you determine that the Defendant conspired to distribute a controlled substance, you must next determine whether the Government has established beyond a reasonable doubt the type and quantity of drugs charged in the Indictment.  In this regard, you need not decide whether the Defendant knew the type and quantity of drugs alleged in the Indictment.  Rather, you need only decide whether the type, namely cocaine base, and quantity of the substance, namely 280 grams or more, were reasonably foreseeable to the Defendant.  As with the issue of guilt or innocence, your determination as to the drug type and quantity must be unanimous.

## RACKETEERING ACT TWO:  ATTEMPTED MURDER

Racketeering Act Two charges the Defendant RONALD HERRON with the attempted murder of John Doe, in violation of New York Penal Law Sections 125.25(1), 110.00, and 20.00. If you find that the Defendant committed this crime, then you must find that the Government has proven Racketeering Act Two.

Racketeering Act Two reads in part as follows:

On or about September 7, 1998, within the Eastern District of New York, the defendant RONALD HERRON, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

Murder

New York Penal Law Sections 125.25(1) defines the crime of murder in the second degree as follows:  **A person is guilty of murder in the second degree when, with intent to**

40

**cause the death of another person, he causes the death of such person . . .**

Under this statute, the Government must prove beyond a reasonable doubt:

> *First*, that the Defendant intended to kill another person; and

> *Second*, that in accordance with that intent, the Defendant caused the death of that person.

I have spoken of an "intent to cause the death of another person." I have already charged you on the meaning of "intent" and acting "intentionally." Apply those instructions to this charge. Remember, premeditation is not a prerequisite in determining intent. Intent may be formed in seconds, actually in a brief instant before the commission of an act. However, it is necessary for the intent to be formed prior to or during the commission of the act or acts resulting in the commission of a crime.

You may, but you need not, infer that a person intends that which is the natural and probable consequences of the act done by him. This permissible inference in no way, however, shifts the burden of proof beyond a reasonable doubt with respect to the element of intent from the shoulders of the prosecution.

If you find, considering all the credible evidence in this case, that the Government has proven beyond a reasonable doubt that the Defendant Ronald Herron had the intent to cause the death of Frederick Brooks, then you must also determine if the Government has proven the second element of the crime beyond a reasonable doubt; that is, that having the intention to cause the death of Frederick Brooks, the Defendant did indeed cause his death.

Once again, if you find, after reviewing all the credible evidence, that the Government has proven beyond a reasonable doubt these two elements, then you may find the Defendant guilty of the crime of murder in the second degree.

41

Attempted Murder

Attempted murder is defined as knowingly and intentionally attempting to cause the death of another person.

Section 110.00 of the New York Penal Law provides:

**A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime.**

This statute means that if a person intends to commit a particular crime and, acting with such intent, engages in conduct which tends to effect the commission of that crime, he has then committed and may be found guilty of attempted murder even if the murder was not accomplished.

I have spoken of "intent" to cause the death of another person.  I have already instructed you on the meaning of "intent" and acting "intentionally."

You will note that the required conduct for the commission of an attempted murder must be of the type which "tends to effect" the commission of the murder.  This means doing an act or acts directed toward the accomplishment of the murder. Such conduct does not have to be the last act necessary to effect the commission of the murder, but must be conduct which constitutes a substantial step toward the commission of the murder.  The required conduct must be related to and directed toward the accomplishment of the murder, conduct which goes beyond mere preparation and planning, conduct so related to the commission of the murder that in all reasonable probability, the murder would have been committed but for some interference, intervention, or other circumstances.

42

Therefore, in order for you to find the Defendant guilty of the crime of attempted murder, the Government must prove beyond a reasonable doubt the following two elements:

*First*, that on or about the date charged, the Defendant intended to murder the victim; and

*Second*, that acting with such intent, the Defendant engaged in conduct which tended to effect the commission of the murder.

If you find that the Government has proven beyond a reasonable doubt each of these two elements, then you must find this racketeering act proven.

If you find that the Government has failed to prove either of the two elements of either murder or attempted murder, you must find the racketeering act not proven.

Aiding and Abetting

The Government has also charged the Defendant with aiding and abetting the attempted murder of John Doe.  The relevant New York State statute on aiding and abetting is Section 20.00 of the New York Penal Law, which provides, in pertinent part:

> **When one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when, acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct.**

Under New York State law, as under federal law, a Defendant charged with aiding and abetting a crime may be liable for the crime even if he himself does not commit the crime charged.

Before a Defendant may be held criminally liable for the conduct of another person under

43

New York State law, you must find each of the following two elements:

    <u>First</u>, you must find that the Defendant solicited, requested, commanded, importuned, or intentionally aided the other person to engage in the criminal conduct.

    <u>Second</u>, you must find that the Defendant did so with the state of mind required for the commission of the offense.

    Thus, one charged with aiding and abetting a crime may be liable for the crime even if he himself does not commit the actual crime charged.  The second person is "criminally liable" for the conduct of a person who commits a criminal act if that second person acts with the intention that the crime be committed and solicits, requests, commands, induces, importunes, or intentionally aids another to commit the crime.  If the Government establishes criminal intent, the common purpose, and a solicitation, request, command, inducement, importuning or intentional aid to the actual commission of the crime on the part of the Defendant, the Defendant is equally liable for the criminal act.

    One who aids and abets another to commit an offense is just as guilty of that offense as if he had committed it himself.  Therefore, to summarize my instructions, before you can find a criminal charge proven on a theory of aiding and abetting, you must first find that the crime was actually committed by someone, that the Defendant must have willfully associated himself in some way with the criminal venture, and must have willfully participated in it as something he wanted to bring about.

    If you find that the Defendant attempted to murder John Doe, or that he aided and abetted another person in committing that offense, you should find this racketeering act proven.

44

## RACKETEERING ACT THREE:  MURDER OF FREDERICK BROOKS

Racketeering Act Three charges the Defendant RONALD HERRON with the murder of

Frederick Brooks, in violation of New York Penal Law Sections 125.25(1) and 20.00.

Racketeering Act Three reads as follows:

> On or about June 16, 2001, within the Eastern District of New York, the defendant RONALD HERRON, together with others, did knowingly and intentionally cause the death of another person, to wit: Frederick Brooks, in violation of New York Penal Law Sections 125.25(1) and 20.00.

I have already instructed you on the law of murder and aiding and abetting.  When

deliberating on Racketeering Act Three, apply these instructions.


## RACKETEERING ACT FOUR:  ROBBERY

Racketeering Act Four charges the Defendant RONALD HERRON with robbery.

Racketeering Act Four reads as follows

> In or about September 2007, within the Eastern District of New York, the defendant RONALD HERRON, together with others, did knowingly and intentionally forcibly steal property from Joseph Garcia, an individual whose identity is known to the Grand Jury, and in the course of the commission of the crime did display what appeared to be a pistol or other firearm, in violation of New York Penal Law Sections 160.15 and 20.00

Under New York State Penal Law,

> **A person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime . . . displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm . . .**

With respect to this racketeering act, the term "property" is defined as including money or any other thing of value. A defendant takes property by unlawful means when, with the intent to deprive another of property or to appropriate the property to himself or to a third person, the defendant wrongfully takes, obtains, or withholds property from the owner of the property. A defendant "forcibly steals" property and commits robbery when, in the course of committing a larceny, such person displays what appears to be one of the firearms listed above to another person for the purpose of compelling the owner of such property or another person to deliver up the property. When deliberating on Racketeering Act Four, apply these instructions.

<u>RACKETEERING ACT FIVE: CONSPIRACY TO DISTRIBUTE HEROIN</u>

Racketeering Act Five charges the Defendant RONALD HERRON with narcotics conspiracy in violation of Title 21, United States Code, Section 846.

Racketeering Act Five reads in part as follows:

> In or about and between January 2008 and December 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RONALD HERRON, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a substance containing heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

I have already instructed you on the two relevant statutes on this subject: 21 U.S.C. § 841(a)(1), which criminalizes distribution and possession with intent to distribute a controlled substance, and 21 U.S.C. § 846, which criminalizes the conspiracy to commit such an offense. When considering Racketeering Act Five, apply those instructions.

The object of the conspiracy charged in Racketeering Act Five is the distribution or possession with intent to distribute heroin.

46

## RACKETEERING ACT SIX: MURDER OF RICHARD RUSSO

Racketeering Act Six charges the Defendant RONALD HERRON with the murder of Richard Russo, in violation of New York Penal Law Sections 125.25(1) and 20.00.

Racketeering Act Six reads as follows:

> On or about May 9, 2008, within the Eastern District of New York, the defendant RONALD HERRON, together with others, did knowingly and intentionally cause the death of another person, to wit: Richard Russo, in violation of New York Penal Law Sections 125.25(1) and 20.00.

I have already instructed you on the law of murder and aiding and abetting. When considering Racketeering Act Six, apply those instructions.

## RACKETEERING ACT SEVEN:
## CONSPIRACY TO MURDER AND ATTEMPTED MURDER OF KENDELL ROBINSON

Racketeering Act Seven charges the Defendant RONALD HERRON with the following two acts, either one of which alone constitutes Racketeering Act Seven.

The first act charged is the conspiracy to murder of Kendell Robinson, in violation of New York Penal Law Sections 125.25(1) and 105.15. If you find that the Defendant committed this crime, then you must find that the Government has proven Racketeering Act Seven.

> Racketeering Act Seven reads in part as follows:

> In or about September 2008, within the Eastern District of New York, the defendant RONALD HERRON, together with others, did knowingly and intentionally conspire to cause the death of one or more other persons, to wit: Kendell Robinson, in violation of New York Penal Law Sections 125.25(1) and 105.15.

I have already instructed you on the law of murder.

In order for you to find that a defendant committed the New York State crime of conspiracy to commit murder, the Government must prove beyond a reasonable doubt each of the following three elements:

**First**, that two or more persons knowingly entered into a conspiratorial agreement with the intention to commit the murder identified in the particular racketeering act;

**Second**, that the defendant knowingly became party to the conspiratorial agreement with the intent to commit the murder identified in the particular racketeering act; and

**Third**, that one of the conspirators acted in furtherance of the agreement to commit the murder named in the particular racketeering act.

The law of New York provides that a person acts with an intent to commit murder when his conscious objective is to kill another person. The elements of the crime of conspiracy as defined by New York State law are virtually identical to the elements of the crime of conspiracy under federal law. I have already instructed you as to those elements in my instructions about the law of conspiracy during the discussion of Racketeering Act One and I refer you to those instructions.

As mentioned earlier, the Government need not prove an express or formal agreement. Your common sense will tell you that conspirators do not ordinarily broadcast their agreement. You may infer the agreement from the circumstances and conduct of the parties.  New York law, like federal conspiracy law, requires that, if you find a conspiracy existed, you must then determine whether the defendant became a member of it.  New York's conspiracy law does not punish an evil state of mind alone without proof that talk has been converted into action.  Such

an act must satisfy you that the conspirators intended to send planning into action in order to accomplish the conspiracy's goal.

New York's conspiracy law provides, with respect to the first two elements, that a person acts knowingly in entering and joining a conspiratorial agreement when he is aware of its nature and its purpose. Here, the Government alleges that the nature and purpose of the conspiracy charged in these racketeering acts was intentional murder. The third element requires that you must find that one of the conspirators committed an act related to the conspiratorial agreement. The act itself need not be criminal.  Further, it is not necessary for the Government to prove that each member of the conspiracy – or the defendant under consideration – performed, committed, or participated in a particular overt act, since the act of any one co-conspirator becomes the act of all members of the conspiracy.  The racketeering statute, however, does not require the Government to allege any particular overt acts in the Indictment.  The murder conspiracy, for purposes of the racketeering charge, is proved so long as you find some overt act to have been committed, regardless of whether that act is set forth in the Indictment.  In other words, so long as you all agree that one of the conspirators committed any overt act in order to accomplish one the objectives of that conspiracy, the overt act element of the crime is satisfied. All that is required is that you all agree that the same overt act was committed.

If you find that the Government has proved beyond a reasonable doubt all of the elements of a particular conspiracy to commit murder as to the defendant, you should find that racketeering act proved as against the defendant.  If you find that the Government has not established those elements beyond a reasonable doubt, you must find that racketeering act not proven as against the defendant.

The second act charged under Racketeering Act Seven is the attempted murder of

Kendell Robinson, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

If you find that the Defendant committed this crime, whether or not you find that he committed

the first act described above (that is, the conspiracy to murder), then you must find that the

Government has proven Racketeering Act Seven.

> Racketeering Act Seven reads in part as follows:

> In or about September 2008, within the Eastern District of New
> York, the defendant RONALD HERRON, together with others,
> did knowingly and intentionally attempt to cause the death of
> another person, to wit: Kendell Robinson, in violation of New
> York Penal Law Sections 125.25(1), 110.00 and 20.00.

I have already instructed you on the law of murder, attempted murder, and aiding and abetting.

When considering Racketeering Act Seven, apply those instructions.

## RACKETEERING ACT EIGHT:
## CONSPIRACY TO MURDER AND MURDER OF VICTOR ZAPATA

Racketeering Act Eight charges the Defendant RONALD HERRON with the following

two acts, either one of which alone constitutes Racketeering Act Eight.

The first act charged is the conspiracy to murder of Victor Zapata, in violation of New

York Penal Law Sections 125.25(1) and 105.15.  If you find that the Defendant committed this

crime, then you must find that the Government has proven Racketeering Act Eight.

> Racketeering Act Eight reads in part as follows:

50

> In or about and between November 2008 and September 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RONALD HERRON, together with others, did knowingly and intentionally conspire to cause the death of one or more other persons, to wit: Victor Zapata, in violation of New York Penal Law Sections 125.25(1) and 105.15.

I have already instructed you on law of the conspiracy to commit murder.

The <u>second</u> act charged under Racketeering Act Eight is the murder of Victor Zapata, in violation of New York Penal Law Sections 125.25(1) and 20.00.  If you find that the Defendant committed this crime, whether or not you find that he committed the first act described above (that is, the conspiracy to murder), then you must find that the Government has proven Racketeering Act Eight.

> Racketeering Act Eight reads in part as follows:

> On or about September 27, 2009, within the Eastern District of New York, the defendant RONALD HERRON, together with others, did knowingly and intentionally cause the death of another person, to wit: Victor Zapata, in violation of New York Penal Law Sections 125.25(1) and 20.00.

I have already instructed you on the law of murder and aiding and abetting.  When considering Racketeering Act Eight, apply those instructions.

## COUNT TWO: RACKETEERING CONSPIRACY

Count Two of the Indictment charges the Defendant RONALD HERRON with conspiring to violate the RICO statute.  Count Two reads as follows:

51

In or about and between January 1998 and October 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RONALD HERRON, also known as "Ra," "Ra Diggs," "Ra Digga" and "Raheem," together with others, being a person employed by and associated with the Ronald Herron Enterprise, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5).

The pattern of racketeering activity through which the defendant RONALD HERRON agreed to conduct the affairs of the enterprise consisted of the racketeering acts set forth in paragraphs eight through fifteen of Count One of this Superseding Indictment, as Racketeering Acts One through Eight, which are realleged and incorporated as if fully set forth in this paragraph. The defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

In order to convict the Defendant on the RICO conspiracy offense charged in Count Two, you must have determined that the enterprise in Count One existed, that the enterprise affected interstate commerce, and that the Defendant was knowingly associated with or employed by that enterprise, as I have explained each of these elements to you in Count One. If you have not determined that those elements were satisfied, you need not consider Count Two.

If you have found that those elements were satisfied, then you must determine whether the Defendant knowingly and wilfully conspired with at least one other person to participate, directly or indirectly, in the conduct of the affairs of that enterprise through a "pattern of racketeering activity," as I have defined that phrase for you in Count One.

In that regard, however, the Government need not prove that any racketeering acts were actually committed. Remember that, while Count One charges the actual violation of a RICO

statute, this count charges *conspiracy* to violate the statute; therefore, whereas in Count One the Government had to prove that a Defendant actually committed at least two racketeering acts, in this count the Government need only prove that a Defendant agreed that he or a co-conspirator would participate in at least two racketeering acts for the purpose of participating in the conduct of the affairs of the enterprise.

There are various ways in which you can find that a Defendant agreed to participate in the affairs of the enterprise through a pattern of racketeering activity. You may, but are not required to find, that by actually committing or agreeing to commit two or more racketeering acts the Defendant has shown that he agreed to participate in the affairs of the enterprise through a pattern of racketeering activity.

The Government is not required to prove that the Defendant had an agreement with every other conspirator, or that he knew every other conspirator, or that he had full knowledge of all the details of the conspiracy. All that is required is that the Government prove that the Defendant agreed with one or more persons to commit at least two racketeering acts and that he knew the general nature of the conspiracy, and knowingly and wilfully became a member of it. You must be unanimous as to the two or more racketeering acts the Defendant conspired, that is, agreed to commit.

## COUNT THREE: CONSPIRACY TO DISTRIBUTE COCAINE BASE

Count Three of the Indictment charges the Defendant RONALD HERRON with conspiring to distribute cocaine base. Count Three reads as follows:

> In or about and between January 1998 and October 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RONALD HERRON,

also known as "Ra," "Ra Diggs," "Ra Digga" and "Raheem," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved 280 grams or more of a substance containing cocaine base, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

I have already instructed you on the law of conspiracy, and the object of the conspiracy – distribution and possession with intent to distribute cocaine base.  Apply those instructions to this charge.

COUNT FOUR: UNLAWFUL USE AND POSSESSION OF FIREARMS

Count Four charges the Defendant with unlawful use of a firearm in connection with certain other crimes charged in the Indictment.

Count Four reads as follows:

In or about and between January 1998 and October 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the Defendant RONALD HERRON, also known as "Ra," "Ra Diggs," "Ra Digga" and "Raheem," together with others, did knowingly and intentionally use and carry a firearm during and in relation to one or more drug trafficking crimes, to wit: the crimes charged in Count Three, and did knowingly and intentionally possess a firearm in furtherance of such drug trafficking crime.

This Count alleges a violation of Section 924(c)(1) of Title 18 of the United States Code.

That statute provides that:

**[A]ny person who, during and in relation to any . . . drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of . . . drug trafficking [be guilty of a crime].**

54

In order to prove the crime charged in Count Four, the Government must establish the following two elements beyond a reasonable doubt:

*First*, that the Defendant committed the drug trafficking crime charged in Count Three;

*Second*, that the Defendant either knowingly and intentionally used or carried a firearm during and in relation to the commission of the drug trafficking crime, or knowingly and intentionally possessed a firearm in furtherance of that crime.

<u>First Element – Commission of a Drug Trafficking Crime</u>

As for the first element, the Government must prove that the Defendant committed a drug-trafficking crime. I instruct you that the crime charged in Count Three (Racketeering Act One) is a drug-trafficking crime. However, it is for you to determine whether the Government has proven beyond a reasonable doubt that the Defendant committed this crime. This first element is only satisfied if you found the Defendant guilty of the crime charged in Count Three. If, on the other hand, you have found the Defendant not guilty of Count Three, the Defendant cannot be found guilty of Count Four.

<u>Second Element – Use, Carrying or Possession of Firearm</u>

As for the second element, the Government must prove beyond a reasonable doubt that the Defendant either knowingly and intentionally used or carried a firearm during and in relation to the commission of the relevant drug trafficking crime, or knowingly and intentionally possessed a firearm in furtherance of the crime.

A "firearm" is "any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." The term also includes the frame or receiver of any such weapon, a muffler or silencer, or any destructive device.

To prove that the Defendant "used" a firearm during and in relation to the underlying crime, the Government must show that he actively employed the firearm in some way to further

the underlying crime.  Proof that the Defendant merely possessed or stored a firearm, without more, is not sufficient to constitute "use" of a firearm.  The Government does not, however, need to show that the Defendant fired or even attempted to fire the firearm.  It is enough for the Government to show that he brandished or displayed the weapon or otherwise made reference to it in a manner calculated to further the commission of the underlying crime.

The second element is also satisfied if the Defendant "carried" a firearm during and in relation to the underlying crime.  In order to prove that the Defendant "carried" the firearm, the Government must prove that he had actual possession and control of the weapon in such a way that it furthered the commission of the drug trafficking crime or was an integral part of the commission of the crime.  The Defendant did not necessarily have to hold the firearm physically, that is, have actual possession of it on his person.  If you find that he had dominion and control over the place where the firearm was located, and had the power and intention to exercise control over the firearm in such a way that it furthered the commission of a drug trafficking crime, you may find that the Government has proven that the Defendant carried the weapon.

To prove that the firearm was used or carried "during and in relation to" the commission of a drug trafficking crime, the Government must prove that it was an integral part of the commission of the crime, and that it furthered or facilitated the crime; it is not sufficient if the carrying was inadvertent, coincidental, or for some purpose other than furthering or facilitating the crime.

As I told you, the second element may also be satisfied by proof that the Defendant possessed the firearm in furtherance of a drug trafficking crime.  As I have previously explained, possession means that he either had physical possession of the firearm on his person or that he had dominion and control over the place where the firearm was located, and had the power and

intention to exercise control over the firearm.  To possess a firearm in furtherance of a crime means that the firearm helped forward, advance or promote the commission of the crime.  The mere possession of the firearm at the scene of the crime is not sufficient; the firearm must have played some part in furthering the crime.

Finally, to satisfy this element, you must find that the Defendant carried or possessed the firearm knowingly and intentionally.  I have already instructed you on what is meant by "knowingly" and "intentionally."  In this context, it also means that the Defendant knew that the weapon was a firearm; however, the Government is not required to prove that he knew he was breaking the law.

**Counts Five, Six, Seven, and Eight relate to the death of Frederick Brooks.**

COUNT FIVE: MURDER OF FREDERICK BROOKS IN-AID-OF RACKETEERING

Count Five of the Indictment charges the Defendant with murder in-aid-of racketeering.

Count Five reads as follows:

> On or about June 16, 2001, within the Eastern District of New York, the Defendant RONALD HERRON, also known as "Ra," "Ra Diggs," "Ra Digga" and "Raheem," together with others, for the purpose of maintaining and increasing position in the Ronald Herron Enterprise, an enterprise engaged in racketeering activity, did knowingly and intentionally murder and individual, to wit: Frederick Brooks, in violation New York Penal Law Sections 125.25(1) and 20.00.

This Count alleges a violation of Section 1959(a)(1) of Title 18 of the United States Code. That statute provides that:

> **Whoever . . . for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in**

**racketeering activity, murders . . . any individual in violation of the laws of any State or the United States . . . or conspires so to do, shall be punished.**

In order to prove that the Defendant violated Section 1959, the Government must establish beyond a reasonable doubt each one of the following five elements of the offense:

*First,* that an enterprise affecting interstate commerce existed;

*Second,* that the enterprise was engaged in racketeering activity;

*Third,* that the Defendant had a position in the enterprise;

*Fourth,* that the Defendant committed the alleged crime of violence; and

*Fifth,* that the Defendant's general purpose in committing the crime of violence was to maintain or increase his position in the enterprise.

<u>The First Element:  An Enterprise Affecting Interstate Commerce</u>

In deciding whether the Government has proven that an enterprise affecting interstate commerce existed, you are to apply the definitions for "enterprise" and "affecting interstate commerce" that I gave you in connection with Count One.

<u>The Second Element:  The Enterprise Engaged in Racketeering Activity</u>

As I also told you in connection with Count One, the term "racketeering activity" is defined to mean the commission of certain crimes, including, but not limited to, the crimes alleged as Racketeering Acts in connection with Counts One and Two.  I remind you that the racketeering activities must relate to the operation of the charged enterprise; criminal acts committed independently by individuals that are unrelated to the goals or activities of the enterprise do not qualify as "racketeering activity."

<u>The Third Element:  The Defendant Had a Position in the Enterprise</u>

The third element the Government must prove beyond a reasonable doubt is that the

58

Defendant was, at a relevant time, a knowing member or associate of the charged enterprise. The Defendant need not have been a member of or associated with the enterprise for the entire period of its existence, but the Defendant must have been associated with the enterprise at the time he allegedly committed the crime charged. That is, the Government must prove that the Defendant was connected to the enterprise in some meaningful way and that he knew of the existence of the enterprise and of the general nature of its activities.

The Defendant's membership in and association with the enterprise must be "knowing," and I again refer you to my prior definition of that term.

### The Fourth Element: Defendant Committed the Alleged Crime of Violence

The fourth element the Government must prove beyond a reasonable doubt is that the Defendant committed the alleged crime of violence. The crime of violence alleged in Count Five is murder of Frederick Brooks. I have already instructed you as to the applicable laws of murder in regards to Count One, Racketeering Act Two. You are to apply those instructions here.

### The Fifth Element: Purpose of the Crime of Violence

Finally, the Government must prove beyond a reasonable doubt that the Defendant's general purpose in committing the crime of violence was to maintain or increase his position in the enterprise.

In deciding what the Defendant's "purpose" was in committing a particular act, you must determine what he had in mind. Since one cannot look into a person's mind, you may attempt to determine his purpose by considering all of the facts and circumstances before you. It is not necessary that the Defendant acted with the sole or principal purpose of maintaining or increasing his position in the enterprise. If you find that the Defendant acted for more than one purpose, but one of those purposes was to maintain or increase his position in the enterprise or,

then you should find this element satisfied.  If, however, you find that the Defendant was not motivated at all by the desire to maintain or increase his position in the enterprise, but was motivated only by other factors, then you must find the Defendant not guilty of this count.

In determining whether a Defendant's purpose was to "maintain" or "increase" his position in the enterprise, you should give those words their ordinary meaning.  You should consider all of the facts and circumstances in making that determination.  For example, you may consider what, if any, association with, or position in, the enterprise the Defendant had at the time the alleged murder was committed, and the extent, if at all, the commission of the alleged crime served to help the Defendant maintain, uphold or enhance his position within the enterprise.  If the Defendant committed the crime because he knew it was expected of him by reason of his membership in the enterprise, or if he committed the crime because he thought it would enhance his position or prestige within the enterprise, or if he committed it because he thought it was necessary to maintain the position he already held, this element would be established.  These are examples of purposes that satisfy this element, and they are not meant to be exhaustive.


## COUNT SIX: DRUG-RELATED MURDER OF FREDERICK BROOKS

Count Six of the Indictment charges the Defendant with killing Frederick Brooks while engaged in a drug-related crime punishable under 21 U.S.C. § 841(b)(1)(A).  More specifically, the Government alleges that the Defendant knowingly and intentionally caused the intentional killing of Frederick Brooks while engaging in the drug conspiracy to distribute a substance containing cocaine base alleged in Count Three.

Count Six reads as follows:

> On or about June 16, 2001, within the Eastern District of New
> York, the Defendant RONALD HERRON, also known as "Ra,"
> "Ra Diggs," "Ra Digga" and "Raheem," together with others,
> while engaged in an offense punishable under Section
> 841(b)(1)(A) of Title 21 of the United States Code, to wit: the
> crime charged in Count Three, did knowingly and intentionally
> kill, counsel, command, induce, procure and cause the intentional
> killing of an individual, to wit: Frederick Brooks, and such killing
> did result.

This Count alleges a violation of Section 848(e)(1)(A) of Title 21of the United States Code.

That statute provides that:

> **Any person engaging in or working in furtherance of a
> continuing enterprise, or any person engaging in an offense
> punishable under section 841(b)(1)(A) of this title . . . who
> intentionally kills or counsels, commands, induces, procures, or
> causes the intentional killing of an individual and such killing
> results, [shall be guilty of a crime].**

To satisfy its burden of proof, the Government must establish each of the

following three elements beyond a reasonable doubt:

**First**, that the Defendant is guilty of engaging in the drug conspiracy to distribute a
substance with cocaine base alleged in Count Three;

**Second**, that while engaging in the drug conspiracy, the Defendant either knowingly and
intentionally killed or knowingly and intentionally caused the intentional killing of
Frederick Brooks; and,

**Third**, that the killing of Ronald Frederick Brooks actually resulted from the Defendant's
actions.

Now I will explain each of these elements in more detail.

<u>First Element: Narcotics Conspiracy</u>

The first element requires that you determine whether the Defendant was involved in an

offense punishable under 21 U.S.C. § 841(b)(1)(A).  What this means is that to find that the

Government has established this first element, it is necessary that you first determine whether the Government has proven beyond a reasonable doubt that the Defendant engaged in the conspiracy to distribute a substance with a cocaine base alleged in Count Three.

This first element is only satisfied if you found the Defendant guilty of the crime charged in Count Three. If, on the other hand, you have found the Defendant not guilty of Count Three, the Defendant cannot be found guilty of Count Six.

### Second Element: Killing While Engaged in a Narcotics Conspiracy

For the second element of Count Six you must find that the Government has established beyond a reasonable doubt that the Defendant knowingly and intentionally killed Frederick Brooks while engaging in a narcotics conspiracy.

To satisfy this second element, you must find, beyond a reasonable doubt, that the Defendant acted with the specific intent to kill.  As I instructed you before, a person acts intentionally with respect to some particular objective if they engage in a course of conduct deliberately intending to bring about a particular result, here the death of Frederick Brooks.

Moreover, the Government must establish that the Defendant intentionally killed Frederick Brooks while engaging in the conspiracy to distribute a substance with a cocaine base alleged in Count Three.  The term "while engaging in" means more than coincidence in time with the drug conspiracy.  It requires not only that the crime occur during the time period covered by the drug conspiracy, but also that the killing be related in some meaningful way to the drug conspiracy.  Moreover, the Defendant's participation in the killing must be related to the drug conspiracy.

You may find that the killing was related to the drug conspiracy if you find that there was a connection between the Defendant's role in the killing and his participation in the drug

conspiracy.

<u>Third Element: Killing Resulted from the Defendant's Actions</u>

For the third element of Count Six, you must determine whether the Government has established beyond a reasonable doubt that the killing of Frederick Brooks actually resulted from the Defendant's actions. I have already instructed you as to the applicable laws of murder. You are to apply those instructions here.

<u>COUNT SEVEN: UNLAWFUL USE AND DISCHARGE OF A FIREARM</u>

Count Seven charges the Defendant with unlawful use and discharge of a firearm in connection with certain other crimes charged in the Indictment.

Count Seven reads as follows:

> On or about June 16, 2001, within the Eastern District of New York, the Defendant RONALD HERRON, also known as "Ra," "Ra Diggs," "Ra Digga" and "Raheem," together with others, did knowingly and intentionally use and carry a firearm during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Five and Six, and did knowingly and intentionally possess a firearm in furtherance of such crimes of violence, which was brandished and discharged.

This Count alleges a violation of Section 924(c)(1) of Title 18 of the United States Code.

That statute provides that:

> **[A]ny person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall in addition to the punishment provided for such crime of violence [be guilty of a crime] if the firearm is brandished . . . and if the firearm is discharged.**

63

In order to prove the crime charged in Count Seven, the Government must establish the following three elements beyond a reasonable doubt:

**First**, that the Defendant committed a crime of violence;

**Second**, that the Defendant either knowingly and intentionally used or carried a firearm during and in relation to the commission of the crime of violence, or knowingly and intentionally possessed a firearm in furtherance of that crime.

**Third**, that the Defendant brandished or discharged the weapon.


### First Element – Commission of a Crime of Violence

For the first element, the Government must prove that the Defendant committed a crime of violence.  I instruct you that the crimes charged in Count Five and Six are crimes of violence.  However, it is for you to determine whether the Government has proven beyond a reasonable doubt that the Defendant committed these crimes.  If you have found the Defendant not guilty of both Counts Five and Six, the Defendant cannot be found guilty of Count Seven.

### Second Element – Use, Carrying or Possession of Firearm

I have already instructed you on the law with regard to knowing use of a firearm in Count Four, and you should look to those instructions concerning the second element of the crime.  However, you must determine whether the Defendant knowingly used or carried a firearm during and in relation to, or knowingly possessed a firearm in furtherance of, the crimes of violence charge in Counts Fix and Six.

### Third Element – Brandishing or Discharging the Weapon

As for the third element, the Government must prove that the Defendant brandished or discharged the weapon.  To brandish a firearm means to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that

person, regardless of whether the firearm is directly visible to that person.

## COUNT EIGHT: CAUSING DEATH OF FREDERICK BROOKS THROUGH USE OF A FIREARM

Count Eight of the Indictment charges the Defendant with causing the death of Frederick

Brooks through the use of a firearm.  Count Eight reads as follows:

> On or about June 16, 2001, within the Eastern District of New York, the defendant RONALD HERRON, also known as "Ra," "Ra Diggs," "Ra Digga" and "Raheem," together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Seven, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing is a murder as defined by Title 18, United States Code, Section 1111(a), in that the defendant, with malice aforethought, did unlawfully kill Frederick Brooks willfully, deliberately, maliciously and with premeditation.

This Count alleges a violation of Section 924(j)(1) of Title 18 of the United States Code.

That statute provides that:

> **A person who, in the course of a violation of [Section 924(c)], causes the death of a person through the use of a firearm, shall— if the killing is a murder (as defined by Section 1111(a)) [be guilty of a crime]**

In order to find the defendant guilty of Count Eight, you must find that he willfully and

purposefully, as defined earlier in my instructions, killed Frederick Brooks with malice

aforethought, through use of a firearm, in furtherance of the crime charged in Count Seven.

## COUNT NINE: ROBBERY OF NARCOTICS AND NARCOTICS PROCEEDS

Count Nine of the Indictment charges the Defendant RONALD HERRON with robbery

of narcotics and narcotics proceeds.  Count Nine reads as follows:

> In or about September 2007, within the Eastern District of New York, the defendant RONALD HERRON, also known as "Ra," "Ra Diggs," "Ra Digga" and "Raheem," together with others, did knowingly and intentionally attempt to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of narcotics and narcotics proceeds from Joseph Garcia.

Count Nine charges the defendant with violating Title 18 of United States Code, Section 1951(a) which states in relevant part:

> **Whoever in any way or degree obstructs, delays or affects commerce or the movement of any article or commodity by commerce, by robbery . . . or attempts or conspires to do so, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section [shall be guilty of a crime].**

In prior instructions I have defined knowingly and intentionally, and robbery in Racketeering Act Four, and you should follow those instructions here.

For the purposes of Section 1951, "robbery" is defined as the unlawful taking or obtaining of personal property of another against his will by threatening or actually using force, violence, or fear of injury, immediately or in the future, to person or property.

Also for the purposes of Section 1951, "commerce" means all commerce between any point in a State and any point outside of the state and all commerce between points within the same State through any place outside that state.

## COUNT TEN: UNLAWFUL USE AND BRANDISHING OF A FIREARM

Count Ten charges the Defendant with unlawful use and discharge of a firearm in

66

connection with certain other crimes charged in the Indictment.

Count Ten reads as follows:

> In or about September 2007, within the Eastern District of New York, the Defendant RONALD HERRON, also known as "Ra," "Ra Diggs," "Ra Digga" and "Raheem," together with others, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count Nine, and did knowingly and intentionally possess such firearm in furtherance of such crime of violence, which was brandished.

This Count alleges a violation of Section 924(c)(1) of Title 18 of the United States Code.

That statute provides that:

> **[A]ny person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall in addition to the punishment provided for such crime of violence [be guilty of a crime] if the firearm is brandished.**

I have already instructed you on the law with regard to unlawful use and brandishing of a firearm in Counts Four and Seven, and you should look to those instructions.  In addition I instruct you that the crime charged in Count Nine is a crime of violence.  However, it is for you to determine whether the Government has proven beyond a reasonable doubt that the Defendant committed this crime.  If you have found the Defendant not guilty of Count Nine, the Defendant cannot be found guilty of Count Ten.

## COUNT ELEVEN: CONSPIRACY TO DISTRIBUTE HEROIN

Count Eleven of the Indictment charges the Defendant RONALD HERRON with conspiring to distribute heroin.  Count Eleven reads as follows:

> In or about and between January 2008 and December 2008, both dates being approximate and inclusive, within the Eastern District

of New York and elsewhere, the defendant RONALD HERRON, also known as "Ra," "Ra Diggs," "Ra Digga" and "Raheem," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing heroin, a Schedule I controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

I have already instructed you on the two relevant statutes on this subject: 21 U.S.C. § 841(a)(1), which criminalizes distribution and possession with intent to distribute a controlled substance, and 21 U.S.C. § 846, which criminalizes the conspiracy to commit such an offense. Apply those instructions to this charge. The object of the conspiracy charged in Count Eleven is the distribution or possession with intent to distribute heroin.

**Counts Twelve, Thirteen, Fourteen, and Fifteen relate to the death of Richard Russo.**

COUNT TWELVE: MURDER OF RICHARD RUSSO IN-AID-OF RACKETEERING

Count Twelve of the Indictment charges the Defendant with murder in-aid-of racketeering.  Count Twelve reads, in pertinent part:

On or about May 9, 2008, within the Eastern District of New York, the defendant RONALD HERRON, also known as "Ra," "Ra Diggs," "Ra Digga" and "Raheem," together with others, for the purpose of maintaining and increasing position in the  Ronald Herron Enterprise, an enterprise that was engaged in racketeering activity, did knowingly and intentionally murder an individual, to wit: Richard Russo, in violation of New York Penal Law Sections 125.25(1) and 20.00.

I have already instructed you on the law of murder in-aid-of racketeering in Count Five.  While considering Count Twelve, apply those instructions.

COUNT THIRTEEN: DRUG-RELATED MURDER OF RICHARD RUSSO

Count Thirteen of the Indictment charges the Defendant with killing Richard Russo while engaged in a drug-related crime punishable under 21 U.S.C. § 841(b)(1)(A). More specifically, the Government alleges that the Defendant knowingly and intentionally caused the intentional killing of Richard Russo while engaging in the drug conspiracy to distribute a substance containing cocaine base alleged in Count Three.

Count Thirteen reads as follows:

> On or about May 9, 2008, within the Eastern District of New York, the Defendant RONALD HERRON, also known as "Ra," "Ra Diggs," "Ra Digga" and "Raheem," together with others, while engaged in an offense punishable under Section 841(b)(1)(A) of Title 21 of the United States Code, to wit: the crime charged in Count Three, did knowingly and intentionally kill, counsel, command, induce, procure and cause the intentional killing of an individual, to wit: Richard Russo, and such killing did result.

I have already instructed you on the law of drug-related murder in Count Six. While considering Count Thirteen, apply those instructions.

COUNT FOURTEEN: UNLAWFUL USE AND DISCHARGE OF A FIREARM

Count Fourteen charges the Defendant with unlawful use and discharge of a firearm in connection with certain other crimes charged in the Indictment.

Count Fourteen reads as follows:

> On or about May 9, 2008, within the Eastern District of New York, the Defendant RONALD HERRON, also known as "Ra," "Ra Diggs," "Ra Digga" and "Raheem," together with others, did knowingly and intentionally use and carry a firearm during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Twelve and Thirteen, and did knowingly and intentionally possess a firearm in furtherance of such crimes of violence, which was brandished and discharged.

69

I have already instructed you on the law with regard to unlawful use, brandishing and discharge of a firearm in Counts Four and Seven, and you should look to those instructions.  In addition I instruct you that the crimes charged in Counts Twelve and Thirteen are crimes of violence.  However, it is for you to determine whether the Government has proven beyond a reasonable doubt that the Defendant committed these crimes.  If you have found the Defendant not guilty of both Counts Twelve and Thirteen, the Defendant cannot be found guilty of Count Fourteen.


### COUNT FIFTEEN: CAUSING DEATH OF RICHARD RUSSO THROUGH USE OF A FIREARM

Count Fifteen of the Indictment charges the Defendant with causing the death of Richard Russo through the use of a firearm.  Count Eight reads as follows:

> On or about May 9, 2008, within the Eastern District of New York, the defendant RONALD HERRON, also known as "Ra," "Ra Diggs," "Ra Digga" and "Raheem," together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Fourteen, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing is a murder as defined by Title 18, United States Code, Section 1111(a), in that the defendant, with malice aforethought, did unlawfully kill Richard Russo willfully, deliberately, maliciously and with premeditation.

I have already instructed you on the law with regard to causing the death of an individual through the use of a firearm in Count Eight.  In considering Count Fifteen, you should apply those instructions.

**Counts Sixteen, Seventeen, Eighteen, Nineteen, and Twenty relate to the death of Victor**

**Zapata.**

### COUNT SIXTEEN: CONSPIRACY TO MURDER VICTOR ZAPATA IN-AID-OF RACKETEERING

Count Sixteen of the Indictment charges the Defendant with conspiracy to murder Victor

Zapata in-aid-of racketeering.  Count Sixteen reads, in pertinent part:

> In or about and between November 2008 and September 2009, both dates being approximate and inclusive, within the Eastern District of New York, the defendant RONALD HERRON, also known as "Ra," "Ra Diggs," "Ra Digga" and "Raheem," together with others, for the purpose of maintaining and increasing position in the Ronald Herron Enterprise, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder an individual, to wit: Victor Zapata, in violation of New York Penal Law Sections 125.25(1) and 105.15.

Count Sixteen charges the defendant with a violation of Section 1959(a) of Title 18 of the

United States Code. That statute provides that:

> **Whoever . . . , for the purpose of maintaining or increasing position in an enterprise engaged in racketeering activity . . . shall be punished . . . for . . . conspiring to commit murder.**

I have already instructed you on the law on murder-in-aid-of racketeering in Count Five and on

the New York law regarding conspiracy in Racketeering Act Seven.  While considering Count

Sixteen, apply those instructions.


### COUNT SEVENTEEN: MURDER OF VICTOR ZAPATA IN-AID-OF RACKETEERING

Count Seventeen of the Indictment charges the Defendant with murder in-aid-of

racketeering.  Count Seventeen reads, in pertinent part:

> On or about September 27, 2009, within the Eastern District of New York, the defendant RONALD HERRON, also known as

71

> "Ra," "Ra Diggs," "Ra Digga" and "Raheem," together with
> others, for the purpose of maintaining and increasing position in
> the Ronald Herron Enterprise, an enterprise that was engaged in
> racketeering activity, did knowingly and intentionally murder an
> individual, to wit: Victor Zapata, in violation of New York Penal
> Law Sections 125.25(1) and 20.00.

I have already instructed you on the law of murder in-aid-of racketeering in Count Five.  While considering Count Seventeen, apply those instructions.


### COUNT EIGHTEEN: DRUG-RELATED MURDER OF VICTOR ZAPATA

Count Eighteen of the Indictment charges the Defendant with killing Victor Zapata while engaged in a drug-related crime punishable under 21 U.S.C. § 841(b)(1)(A).  More specifically, the Government alleges that the Defendant knowingly and intentionally caused the intentional killing of Victor Zapata while engaging in the drug conspiracy to distribute a substance containing cocaine base alleged in Count Three.

Count Eighteen reads as follows:

> On or about September 27, 2009, within the Eastern District of
> New York, the Defendant RONALD HERRON, also known as
> "Ra," "Ra Diggs," "Ra Digga" and "Raheem," together with
> others, while engaged in an offense punishable under Section
> 841(b)(1)(A) of Title 21 of the United States Code, to wit: the
> crime charged in Count Three, did knowingly and intentionally
> kill, counsel, command, induce, procure and cause the intentional
> killing of an individual, to wit: Victor Zapata, and such killing did
> result.

I have already instructed you on the law of drug-related murder in Count Six.  While considering Count Eighteen, apply those instructions.

## COUNT NINETEEN: UNLAWFUL USE AND DISCHARGE OF A FIREARM

Count Nineteen charges the Defendant with unlawful use and discharge of a firearm in connection with certain other crimes charged in the Indictment.

Count Nineteen reads as follows:

> On or about September 27, 2009, within the Eastern District of New York, the Defendant RONALD HERRON, also known as "Ra," "Ra Diggs," "Ra Digga" and "Raheem," together with others, did knowingly and intentionally use and carry a firearm during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Seventeen and Eighteen, and did knowingly and intentionally possess a firearm in furtherance of such crimes of violence, which was brandished and discharged.

I have already instructed you on the law with regard to unlawful use, brandishing and discharge of a firearm in Counts Four and Seven, and you should look to those instructions.  In addition I instruct you that the crimes charged in Counts Seventeen and Eighteen are crimes of violence.  However, it is for you to determine whether the Government has proven beyond a reasonable doubt that the Defendant committed these crimes.  If you have found the Defendant not guilty of both Counts Seventeen and Eighteen, the Defendant cannot be found guilty of Count Nineteen.

## COUNT TWENTY: CAUSING DEATH OF VICTOR ZAPATA THROUGH THE USE OF A FIREARM

Count Twenty of the Indictment charges the Defendant with causing the death of Victor Zapata through the use of a firearm.  Count Twenty reads as follows:

> On or about September 27, 2009, within the Eastern District of New York, the defendant RONALD HERRON, also known as "Ra," "Ra Diggs," "Ra Digga" and "Raheem," together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Fourteen, did

> knowingly and intentionally cause the death of a person through the use of a firearm, which killing is a murder as defined by Title 18, United States Code, Section 1111(a), in that the defendant, with malice aforethought, did unlawfully kill Victor Zapata willfully, deliberately, maliciously and with premeditation.

I have already instructed you on the law with regard to causing the death of an individual through the use of a firearm in Count Eight. In considering Count Twenty, you should apply those instructions.


## COUNT TWENTY-ONE: FELON IN POSSESSION OF A FIREARM

Count Twenty-One of the Indictment charges the Defendant with being a felon in possession of a firearm. Count Twenty-One reads as follows:

> On or about October 5, 2010, within the Eastern District of New York and elsewhere, the defendant RONALD HERRON, also known as "Ra," "Ra Diggs," "Ra Digga" and "Raheem," together with others, having previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a nine millimeter Hi-point semi-automatic handgun and ammunition.

This Count alleges a violation of Section 922(g) of Title 18 of the United States Code. That statute provides that:

> **It shall be unlawful for any person – who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . to possess in of affecting commerce, any firearm or ammunition**

In order for the defendant to be convicted of Count Twenty-One the Government must prove beyond a reasonable doubt:

> **First**, that the Defendant has previously been convicted of a crime punishable by a term of imprisonment exceeding one year;

**Second**, that the Defendant knowingly possessed a firearm; and

**Third**, that the firearm was in or affected interstate commerce

Regarding the first element, the parties have stipulated that the Defendant was convicted of a crime in state court and that this crime is punishable by imprisonment for a term exceeding one year.  It has also been stipulated that this felony conviction occurred prior to the time that the Defendant is alleged to have possessed the weapon charged in the indictment.  I instruct you, that the prior conviction that is an element of the charge here (and is not disputed) is only to be considered by you for the fact that it exists, and for nothing else. You are not to consider it for any other purpose. You are not to speculate as to what it was for. You may not consider the prior conviction in deciding whether it is more likely than not that the Defendant was in knowing possession of the gun that is charged, which is the disputed element of the offense.

With regard to the second element, I have already instructed you on the definition of "knowingly" and you should follow those instructions. With regard to the possession of the firearm, that element is satisfied if you find that the defendant had actual control over the firearm, or that he had constructive possession of the firearm, meaning that the defendant had the power and intention to exercise control over the firearm, even though it was not in his physical possession. The possession element is satisfied if you may find that there was joint possession of the firearm, meaning that more than one person had the power and intent to exercise control over the firearm.

Finally, with regard to the third element, I have previously instructed you on the interstate commerce element in Count One and you should look to those instructions.

**Co-Conspirator Liability**

For Counts Four, Six, Seven, Thirteen, Fourteen, Nineteen, and Twenty, if you do not find that the Government has satisfied its burden of proving that the Defendant is guilty as an aider and abettor or as a principal, there is another method by which you may evaluate the defendant's possible guilt on these counts.

If you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy to distribute cocaine, as charged in Count Three, then you may also, but you are not required to, find him guilty of the substantive crimes charged in Count Four, which charges the unlawful use and possession of firearms, Count Six, which charges the drug related murder of Frederick Brooks, Count Seven, which charges the unlawful use and discharge of a firearm, Count Thirteen, which charges the drug related murder of Richard Russo, Count Fourteen, which charges the unlawful use and discharge of a firearm, Count Nineteen, which charges the drug related murder of Victor Zapata, and County Twenty, which charges the unlawful use and discharge of a firearm provided you find, beyond a reasonable doubt, each of the five elements I will explain are satisfied for the particular count you are considering. These elements include:

*First*, that the substantive crime charged in the count you are considering was committed;

*Second*, that the person or persons who committed that substantive crime were members of the conspiracy relating to that substantive crime;

*Third*, that the substantive crime charged in the count you are considering was committed pursuant to a common plan and understanding you found to exist among the conspirators;

*Fourth*, that the defendant was a member of that conspiracy at the time the substantive crime was committed; and

*Fifth*, that the defendant could reasonably have foreseen that the substantive crime you are considering might be committed by his co-conspirators.

If the government has proven all five of these elements beyond a reasonable doubt for the

specific substantive crime you are considering, then you may find the defendant guilty of the substantive crime charged that count, even if he did not participate in the acts constituting the substantive crime.

The reason for this rule is simply that a co-conspirator who commits a substantive crime pursuant to a conspiracy is deemed to be the agent of the other conspirators. Therefore, all of the co-conspirators must bear criminal responsibility for the commission of the foreseeable substantive crimes.

## Part III: General Rules Regarding Deliberations

I now will give you some general rules regarding your deliberations.

Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be.  That is entirely for you to decide.  By way of reminder, I charge you once again that it is your responsibility to judge the facts in this case from the evidence presented during the trial and to apply the law as I have given it to you to the facts as you find them from the evidence.  Each of you will be provided with a copy of these instructions and a Verdict Sheet for your use during deliberations.  You will receive most of the evidence for your review in the jury room.  If you require any other items of evidence or any testimony, please advise me.

When you retire, your first duty is to elect a foreperson.  Traditionally, Juror Number One acts as a foreperson.  Of course, the foreperson's vote is entitled to no greater weight than that of any other juror.

Then it is your duty to discuss the case for the purpose of reaching a verdict.  Each of you must decide the case for yourself.  You should make your decision only after considering all the evidence, listening to the views of your fellow jurors, and discussing it fully.  It is important that

you reach a verdict if you can do so conscientiously.  You should not hesitate to reconsider your opinions from time to time and to change them if you are convinced that they are wrong.  However, do not surrender an honest conviction as to weight and effect of the evidence simply to arrive at a verdict.

Remember also that your verdict must be based solely on the evidence or lack of evidence in the case and the law as the court has given it to you, not on anything else.  Opening statements, closing arguments, and other statements or arguments of counsel are not evidence.  If your recollection of the facts differs from the way counsel has stated the facts, then your recollection controls.

Finally, bear in mind that the Government has the burden of proof and that you must be convinced of the Defendant's guilt beyond a reasonable doubt to return a guilty verdict.  If you find that this burden has not been met, you must return a verdict of not guilty.  By contrast, if you find that the Government's burden has been met, then you must return a verdict of guilty.

You cannot allow a consideration of the punishment that may be imposed upon the Defendant, if convicted, to influence your verdict in any way or to enter into your deliberations.  The duty of imposing sentence rests exclusively with me.  Your duty is to weigh the evidence in the case and to determine guilt or non-guilt solely upon such evidence or lack of evidence and upon the law without being influenced by any assumptions, conjectures, sympathy, or inference not warranted by the facts.

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything related to this case.  There is only one exception to this rule.  If it becomes necessary during your deliberations to communicate with me, you may send a note, through the marshal, signed by your foreperson or by one or more members of the jury.  No

member of the jury should ever attempt to communicate with me except by a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case other than in writing or orally here in open court.  If you send any notes to the court, do not disclose anything about your deliberations.  Specifically, do not disclose to anyone—not even to me—how the jury stands, numerically or otherwise, on the question of the guilt or non-guilt of the Defendant, until after you have reached a unanimous verdict or have been discharged.

You have a right to see exhibits or review testimony during your deliberations.  If you would like to review a witness's testimony during your deliberations, you may send a signed note to me requesting the specific portion of the testimony and we will provide it to you.  Please be patient as it may take a while to locate the relevant portion of the transcript.  Please make your requests as specific as possible so that we may more promptly assist you.

When you have reached a decision, have the foreperson sign the verdict form and put the date on it and notify the marshal by note that you have reached a verdict.  Any verdict you reach must be unanimous.

Your oath sums up your duty, and that is: without fear or favor to any person, you will well and truly try the issues in the case according to the evidence given to you in court and the laws of the United States.