4037

1          UNITED STATES DISTRICT COURT
           EASTERN DISTRICT OF NEW YORK
2

3    - - - - - - - - - - - -    X

4    UNITED STATES OF AMERICA,   :    10 CR 615 (NGG)

5                                :

6
           -against-            :
7                                     United States Courthouse
                                      Brooklyn, New York
8    RONALD HERRON,              :

9                                     June 24, 2014
           Defendant.           :    10:30 o'clock a.m.
10
     - - - - - - - - - - - -    X
11

12               TRANSCRIPT OF TRIAL
            BEFORE THE HONORABLE NICHOLAS G. GARAUFIS
13          UNITED STATES DISTRICT JUDGE, and a jury.

14

15   APPEARANCES:

16

17   For the Government:        LORETTA E. LYNCH
                                United States Attorney
18                              BY: SHREVE ARIAIL
                                    SAM P. NITZE
19                                  RENA PAUL
                                Assistant United States Attorneys
20                              271 Cadman Plaza East
                                Brooklyn, New York
21

22
     For the Defendant:         ROTHMAN, SCHNEIDER, SOLOWAY
23                                & STERN, P.C.
                                100 Lafayette Street
24                              New York, NY 10013
                                BY: ROBERT SOLOWAY, ESQ.
25                                  JAMES E. NEUMAN, ESQ.

GR      OCR      CM      CRR      CSR

4038

```
 1   Court Reporter:              Gene Rudolph
                                  225 Cadman Plaza East
 2                                Brooklyn, New York
                                  (718) 613-2538
 3


 4
     Proceedings recorded by mechanical stenography, transcript
 5   produced by computer-aided transcription.

 6


 7


 8                        *****

 9


10


11           (The following occurred in the absence of the jury.)

12           THE COURT:  All right.  Appearances, please.

13           MR. ARIAIL:  Good morning, Your Honor.

14           Shreve Ariail, Sam Nitze, Rena Paul, Special Agent

15   Ami Marayag for the United States.

16           THE COURT:  Good morning.

17           MR. SOLOWAY:  Robert Soloway and James Neuman for

18   Ronald Herron.

19           Good morning, Your Honor.

20           THE COURT:  Good morning.

21           Okay.  You have gone over the verdict sheet with my

22   law clerks and some changes were made.  Just take a look at

23   it.  I have just reviewed it.  It looks pretty good to me.

24   Let me know.

25           MR. SOLOWAY:  Yes, Judge.
```

4039

1          MR. ARIAIL:  We are looking, Your Honor.

2          THE COURT:  All right.  There are just a few changes

3     that were made.

4          (Pause.)

5          All right.  Any issues about the verdict sheet?

6          MR. NITZE:  Yes, judge.

7          We have one phrase we think ought to be cut.

8          THE COURT:  What is that?

9          MR. NITZE:  This is a phrase --

10         THE COURT:  Tell me what page you are on.

11         MR. NITZE:  We are on page six, Count four.

12         In light of how the arguments proceeded, it is the

13    government position that we shouldn't have the Pinkerton

14    language here or in connection with that charge in the main

15    charge on these counts.  So we would suggest that on Count

16    Fourteen, we just cut the phrase, or is responsible for the

17    discharge of a firearm through coconspirator liability.

18         MR. ARIAIL:  To be clear, Your Honor, at this point

19    the government is not advancing a theory with respect to the

20    Richard Russo homicide through coconspirator liability going

21    forward at this point.

22         THE COURT:  All right.  You will remind me of that

23    when I get there on the charge.

24         MR. ARIAIL:  Yes, Your Honor.

25         THE COURT:  Did you hear that?

1          MR. SOLOWAY:  I heard it.  We have no problem with

2     that.

3          THE COURT:  Obviously.

4          Anything else on the verdict sheet for now?  Unless

5     there is something that comes up in connection with the charge

6     itself?

7          MR. NEUMAN:  Nothing else.

8          THE COURT:  Okay.  We will make that change.

9          As you know, I give each juror a copy of the verdict

10    sheet but only the foreperson will have the signature copy.

11         Also, I give each juror a copy of the jury charge in

12    the jury room, not when I am reading it.

13         All right.  You have draft two.  Have you reviewed

14    draft two?

15         MR. NEUMAN:  Yes.

16         MR. SOLOWAY:  Yes.

17         MR. NITZE:  Yes.

18         THE COURT:  All right.  I will go page by page.  You

19    tell me when to stop.

20         Pages one, two, three, four?

21         MR. NEUMAN:  Something on page four, Judge.

22         It doesn't necessarily need to go here but it might.

23    We wanted some instruction on the guilty pleas of other

24    individuals and I will hand it out.  It comes straight from

25    Sand.  May be a difference of -- making it plural instead.  I

4041

1   am not sure it should go in this place but I think something

2   like this is needed.  I have the Sand version also but it's

3   really essentially identical.  I think it makes it plural.  I

4   will hand you the Sand, in case you want to see it.

5          (Pause.)

6          MR. ARIAIL:  Your Honor, we don't have any problem

7   with it.

8          THE COURT:  With what?

9          MR. ARIAIL:  With the language as proposed.

10          THE COURT:  Okay.  That's fine.  I sort of like the

11   Sand language myself.

12          MR. ARIAIL:  If the Court thinks we should use the

13   Sand language?

14          THE COURT:  Since I am not the author of either one,

15   I am not terribly enamored of anything.

16          MR. ARIAIL:  Perhaps Your Honor could articulate the

17   difference.  I didn't see it.

18          THE COURT:  It is just a style thing.  Do you really

19   want to know or can we move on?

20          MR. ARIAIL:  We defer to Your Honor.

21          THE COURT:  I am just going to take the proposal

22   from Mr. Neuman.  I am going to put it after number of

23   witnesses and uncontradicted testimony, after seven on page

24   five.

25          Any problem?

4042

1          MR. NEUMAN:  That's fine.  Thank you.

2          MR. SOLOWAY:  We have something else on page four,

3    Your Honor.

4          THE COURT:  What else?

5          MR. SOLOWAY:  The reasonable doubt charge, Your

6    Honor, I know there was discussion about that at the previous

7    charge conference.  I wanted to raise one or two points

8    regarding that.

9          The first one, Your Honor, is on page five.  Your

10   Honor writes, in the paragraph starting on any count, if after

11   a fair and impartial consideration of all the evidence, you

12   honestly conclude that you have such a doubt as would cause

13   a -- we are requesting the language or the word reasonable

14   there, but that's our request.

15         THE COURT:  Where?

16         MR. SOLOWAY:  Where it says, as would cause a

17   prudent person, we are requesting reasonable person.  And this

18   language, to hesitate to act in a matter of importance in his

19   or her own life, then you have a reasonable doubt.  In that

20   event, it is your duty to acquit the defendant on that count.

21         And then the next paragraph, which most

22   respectfully, Your Honor, I -- I find somewhat confusing, or

23   confusing, I guess is the word, we would use.  We would

24   propose to change the language in the succeeding paragraph

25   that starts, if, on the other hand, to the following:  If, on

1   the other hand, you do not have such a doubt, then, going to

2   where Your Honor begins the word, then you have no reasonable

3   doubt and in that circumstance you should convict the

4   defendant on that count.

5         The paragraph that Your Honor writes there comes

6   from a section of Judge Sand's proposed charge that

7   reads -- this is instruction 4-2 -- proof beyond a reasonable

8   doubt must, therefore, be proof of a convincing character

9   of -- that -- I think it should say, such a convincing

10  character, and in the and charge it says of a convince -- be

11  proof of a convincing character -- I think it should say

12  such -- that a reasonable person would not hesitate to rely

13  upon in making an important decision.

14        Your Honor has put that sort of concept, which is

15  something of a core concept in Judge Sand's proposed charges

16  into a paragraph that involves something else, essentially.

17        I -- but, anyway, the language that we are proposing

18  is -- is what I articulated, that in the paragraph where Your

19  Honor talks about an abiding belief in the defendant's guilt,

20  that you would be willing to act upon a similarly strong

21  conviction in an important matter in your own life, that you

22  just make that paragraph more simple and follow logically the

23  preceding paragraph, which is about what happens when there is

24  a reasonable doubt.  Logically, the next concept that should

25  come out is what happens when you don't have a reasonable

4044

1    doubt.

2         But we believe that the language that talks about

3    whether they'd be willing to act in their own lives in that

4    context just creates confusion as to what is really a rather

5    straightforward concept and ask that it be made into a

6    straightforward concept instead of injecting into it some sort

7    of other things.

8         I don't know if I have stated that clearly but the

9    request we made I think I stated clearly for the record.

10        MR. NITZE:  We have a response.  Just so I am clear,

11   with respect to that final paragraph, can you just -- how do

12   you want it to read?

13        MR. SOLOWAY:  If, on the other hand, you do not have

14   such a doubt, then you have no reasonable doubt and in that

15   circumstance you should convict the defendant on that count.

16        MR. NITZE:  Okay.  So with respect to the suggestion

17   for the paragraph that begins, on any count of the indictment,

18   respectfully, doesn't make sense to put the word reasonable

19   before the word doubt when it says honestly conclude that you

20   have such a doubt because the whole purpose of the paragraph

21   is to help the jury understand what a reasonable doubt is and

22   it --

23        MR. NEUMAN:  I think --

24        MR. NITZE:  You wanted to insert the word

25   reasonable?

4045

1      MR. SOLOWAY:  That's in the preceding paragraph,
2  where the judge said prudent.
3      MR. NEUMAN:  Prudent.
4      MR. SOLOWAY:  I just said reasonable.  That's the
5  only thing I changed.
6      MR. NEUMAN:  Instead of prudent.
7      MR. NITZE:  My apologies.  I misunderstood.
8      We don't have any problem with that.  We don't see
9  why the word own is necessary.  Hesitate to act in matters of
10  importance of his or her life.  It's pretty clear they are
11  talking about their own lives.
12      Then with respect to the final paragraph, perhaps
13  the language from Sand that you read works in that final
14  paragraph.
15      MR. SOLOWAY:  My observation about what Mr. Nitze
16  said is the following.  In Judge Sand's charge, which is in
17  some respects a model of clarity, he says or proposes in
18  paragraph one of that charge, in defining what is a reasonable
19  doubt and saying that the words almost define themselves, he
20  says very simply, it is a doubt based on reason, period.
21      And then -- and Your Honor referred, of course, to
22  style and style in some respects is important.  He says in the
23  next sentence, it is a doubt that a reasonable person after --
24  has after carefully weighing all the evidence.  It is a doubt
25  that would cause a reasonable person to hesitate to act in a

4046

1   matter of importance in his or her own life.

2          That language, as I tried to point out, is language

3   that Your Honor has inserted in an area where there are other,

4   I believe, concepts being discussed.

5          And one of the other or second request that we have

6   is that the language that Judge Sand has proposed in which he

7   says that a reasonable doubt is a doubt that would cause a

8   reasonable person to hesitate to act in a matter of importance

9   in his or her own life be utilized in this charge to define to

10  the jury what is a reasonable doubt.

11         THE COURT:  That is the paragraph that starts on any

12  count, right?  That's the first paragraph that you want

13  reasonable -- in place of prudent, you want own before life,

14  in his or her life?

15         MR. SOLOWAY:  Yes.

16         THE COURT:  All right.  That's fine.

17         Let's talk about the last paragraph.  What about

18  the -- do you have Sand there?

19         MR. NEUMAN:  Yes.

20         THE COURT:  Just give it to me, please.

21         MR. NEUMAN:  Yes.

22         THE COURT:  First of all, I don't know, with all due

23  respect to Judge Sand, who doesn't write it anymore, whether

24  everything that's in Sand's instructions is the model of

25  clarity.  I am not going into that.  I am not an expert on it.

4047

1    But I don't always use Sand.  Sand is not the bible.

2          MR. SOLOWAY:  Of course, Your Honor.

3          THE COURT:  I just point that out --

4          MR. SOLOWAY:  Of course.

5          THE COURT:  -- for whoever may be listening now or

6    hereafter.  Okay?

7          MR. SOLOWAY:  Yes, Your Honor.

8          THE COURT:  There is Garaufis.

9          MR. SOLOWAY:  Yes.

10          THE COURT:  Garaufis is the model of clarity when

11    Garaufis decides that he is the model of clarity.  So don't

12    throw Sand at me one way or another.

13          Did we discuss this the last time?

14          MR. NEUMAN:  What happened last time, I first asked

15    that we just adopt our original proposal.  Then I said, as an

16    alternative --

17          THE COURT:  I just didn't remember discussing it in

18    this kind of --

19          MR. NEUMAN:  My alternative was that Sand and then

20    we discussed one narrow change.

21          THE COURT:  That's fine.  No problem.

22          What is your view about this last paragraph here?

23          MR. ARIAIL:  Your Honor, I think it's not clear to

24    us what is being proposed by the defense to replace it.

25    That's kind of why --

4048

1          THE COURT:  Tell me again what you want to replace
2     it with.
3          MR. SOLOWAY:  We want to replace the last paragraph.
4          THE COURT:  You don't have it written down or
5     anything?  This is just --
6          MR. SOLOWAY:  You know, judge, I do have it written
7     down.
8          THE COURT:  Did you give it to me that way in the
9     original?
10          MR. SOLOWAY:  Well, it's simply --
11          THE COURT:  No.  When you gave me your proposed jury
12     instructions, was it there?
13          MR. SOLOWAY:  No.
14          Because this is a modification.  In our proposed
15     reasonable doubt charge, it is not there.  This is a
16     modification.
17          THE COURT:  I didn't miss something?
18          MR. SOLOWAY:  No.
19          THE COURT:  All right.  Just checking.  So tell me.
20          MR. SOLOWAY:  We have simply, Your Honor, and I
21     think it is simple, said that the language of Your Honor's
22     charge -- this is our proposal, that begins with the word such
23     on the second line of the last paragraph, and concludes with
24     the word life be omitted.  That's really all we are proposing.
25          And that we are -- and we are asking that be added,

4049

1   if -- when you say at the beginning of the paragraph, I'm

2   sorry, if this is confusing but if, on the other hand, you do

3   not have such a doubt, you would then, again, we are asking

4   that -- I guess actually that also would be omitted.  You

5   honestly conclude that you have such an abiding belief.

6   That's also part of the omission we are proposing.

7           MR. NITZE:  Can we just have -- not -- without what

8   you take -- just what would it say?

9           THE COURT:  Just read it.

10          MR. SOLOWAY:  Okay.  I did that.  But I am going to

11  do that again.

12          THE COURT:  Go ahead.

13          MR. SOLOWAY:  If, on the other hand, you do not have

14  such a doubt, then you have no reasonable doubt and in that

15  circumstance you should convict the defendant on that count.

16          MR. ARIAIL:  May we take a look at Sand's, Your

17  Honor?

18          THE COURT:  Here.  I don't think it helps much.

19          (Pause.)

20          MR. NITZE:  We have a position we would you to like

21  to articulate.

22          THE COURT:  Sure.

23          MR. NITZE:  First of all, we actually -- I misspoke

24  because I had the -- I misunderstood Mr. Soloway a little bit

25  about that first paragraph.  We do really think prudent is the

GR       OCR       CM       CRR       CSR

4050

1    word that's always used in this charge instead of reasonable.

2    The point is, you are defining reasonable doubt.  It is a

3    prudent person.  So we actually firmly do request that that

4    stay prudent.

5            With respect to the final paragraph, we would just

6    ask -- we think this is -- the proposal is a good one but we

7    ask that we keep after a fair and impartial consideration of

8    all the evidence phrase.  So the final paragraph would read in

9    its entirety as follows:

10           On the other hand, after a fair and impartial

11   consideration of all the evidence, you do not have such a

12   doubt, then you have no reasonable doubt, and in that

13   circumstance you should convict the defendant on that count.

14           It is essentially the defense proposal but reminding

15   the jury that this is to come after a fair and impartial

16   consideration of the evidence.

17           MR. SOLOWAY:  We have no objection to that.

18           THE COURT:  All right.  You have no problem with in

19   his or her own life?

20           MR. NITZE:  We will take own in exchange for

21   prudent.

22           THE COURT:  I am going to put prudent back in.  I am

23   putting own in after her, before life.  In the next paragraph

24   it will read:  If, on the other hand, after a fair and

25   impartial consideration of all the evidence you do not have

4051

1   such a doubt, then you have no reasonable doubt and, in that

2   circumstance, you should convict the defendant on that count.

3            MR. SOLOWAY:  Okay.  Yes, Your Honor.

4            THE COURT:  All right.

5            MR. SOLOWAY:  And the other -- so that we are -- two

6   parts to this request, and the other part that I just want to

7   be clear, and Your Honor obviously will do what Your Honor

8   judges is best.

9            THE COURT:  Yes.

10           MR. SOLOWAY:  Was that the language that Judge

11  Sand -- again, I understand what Your Honor said -- where he

12  proposes that language in reasonable doubt charge include,

13  quote, that a reasonable doubt is a doubt that would cause a

14  reasonable person to hesitate to act in a matter of importance

15  in his or her own life, be put somewhere in the charge.

16           MR. NITZE:  Isn't that the paragraph we just fixed?

17           MR. SOLOWAY:  Okay.  The point that -- we took it

18  out of that paragraph.

19           MR. NITZE:  Sorry.  I misunderstand again.

20           THE COURT:  On any count of the indictment

21  paragraph?  Such doubt as would cause a prudent person to

22  hesitate to act in matters of importance of his or her own

23  life is in.  I didn't take it out.

24           MR. SOLOWAY:  Very good.  I'm sorry.

25           THE COURT:  It is just in the next paragraph where

4052

1    we have the abiding belief material that I took out.

2              MR. SOLOWAY:  Right.  I'm sorry.  That's right.  So

3    both parts --

4              THE COURT:  So we are set?

5              MR. SOLOWAY:  We are set on that Your Honor, yes.

6              THE COURT:  Okay.  Anything else on the charge or

7    can we all go home now?

8              MR. NEUMAN:  Not quite.

9              THE COURT:  Page six?

10             Page seven?

11             Page eight?

12             Page nine?

13             Ten?

14             Eleven?

15             Twelve?

16             Thirteen?

17             Fourteen?

18             Fifteen?

19             MR. ARIAIL:  We have something on 15, Your Honor.

20             THE COURT:  Yes --

21             MR. NITZE:  Defense counsel --

22             THE COURT:  What paragraph are we on?

23             MR. NITZE:  We are on page 15, paragraph 19.  This

24   is the punishment paragraph.

25             THE COURT:  Yes.

4053

1          MR. NITZE:  Several times during defense counsel's

2    closing arguments there was a reference to his client going

3    away for the rest of his life.  It is the government's view,

4    based on this charge and based on how this is customarily

5    handled, that references to the penalty that the defendant may

6    or may not face is not properly before the jury.  In light of

7    the repeated references to life imprisonment in summation, we

8    would request just some language that any references to -- we

9    can craft something but any references to the term of

10   imprisonment the defendant may or may not face in the event of

11   a conviction are not for your consideration and there is no

12   evidence in the record concerning such punishment.

13          THE COURT:  The fact is, if he is convicted of

14   racketeering but not convicted of murder, then he is not going

15   to jail for the rest of his life.  At least he may not go to

16   jail for the rest of his life.  Right?

17          MR. SOLOWAY:  Right.

18          THE COURT:  It might mislead the jury to think that

19   if they convict him for anything here he would go to jail for

20   the rest of his life.

21          MR. SOLOWAY:  He obviously is facing several counts

22   that are mandatory life counts.

23          THE COURT:  Right.

24          MR. SOLOWAY:  I have no problem with the language

25   the government is proposing.

4054

1        THE COURT:  Give me some language.  Write it down.

2        MR. SOLOWAY:  I would point out though, Judge, just

3   one thing, which is that Your Honor is charging that the Court

4   notes in the last sentence of that paragraph that the death

5   penalty is not available as a punishment in this case.  But it

6   would be, if you are going to do that, fair to tell the jury

7   as well, and -- after you say not available as a punishment in

8   this case, and the maximum -- okay.

9        To read the whole thing.

10       The Court notes that the death penalty is not

11  available as a punishment in this case but the maximum

12  sentence that is available is life imprisonment.  So that the

13  jury will know that we are talking about no death penalty, we

14  are also talking about the reality being that the defendant is

15  facing the possibility of a maximum of life imprisonment.

16       So I have no problem with that, as long as that

17  sentence about the death penalty is qualified so the jury is

18  fairly informed of what is clear from the evidence in the

19  case.  Every witness who was charged with similar crimes as my

20  client, testified repeatedly that the maximum sentence they

21  were facing is life imprisonment.  It's certainly pretty

22  obvious to the jury, probably, I would say, that that's true

23  of the defendant too, who is charged with the same exact

24  crimes that these witnesses were talking about.

25       MR. NITZE:  The government strongly objects to any

GR      OCR      CM      CRR      CSR

4055

1    reference to the term of imprisonment that's available or

2    required in connection with the murder charges.  The reason

3    is, the purpose of this charge is to take out of the jury's

4    minds to the extent possible consideration of punishment and

5    Your Honor, the government thinks rightly, had some concern

6    that the death penalty might be in the jurors minds based on

7    responses that came out in the questionnaire and the

8    government's view is that this reference to the death penalty

9    was to remove a concern so that the jury can go about their

10   deliberations uninfected by considerations that are not

11   properly in their minds.

12          To affirmatively indicate, and there is life

13   imprisonment for certain charges and not for others, is the

14   opposite -- is the opposite of what the charge is intended to

15   do.  That is, it puts in their minds consideration of penalty

16   and we don't -- they are not supposed to be thinking about

17   penalty.

18          So the government would just propose that after the

19   sentence that reads, the Court notes that the death penalty is

20   not available as a punishment in this case.  Furthermore, any

21   reference by counsel to possible penalties facing the

22   defendant in the event of a conviction -- I have to think

23   about -- I am saying that off the --

24          MR. SOLOWAY:  Is not properly for your --

25          MR. NITZE:  Is not properly for your consideration

4056

1    and there is no evidence in the record concerning potential

2    punishment.

3              MR. NEUMAN:  Judge, if I might point out something?

4         The jury was already informed in the questionnaire

5    process that this is not a death penalty case.  I think the

6    simplest thing to do is to take out any language of

7    punishment, including the death penalty.  If we are going to

8    have the death penalty there, it is -- it is true, that as

9    Mr. Soloway said, that witnesses have testified that they face

10   the -- a potential life sentence on the crimes and it's the

11   same crimes.

12             MR. ARIAIL:  They also testified that they pled

13   guilty to some of the same crimes.  We are not bringing that

14   in.  That's exactly what we are trying to take out, is any

15   inference that they might take from those things.

16             MR. NEUMAN:  We are talking about whether there is

17   something in the record.  My point is, there is a record.

18             THE COURT:  I think the problem with that,

19   Mr. Neuman, is that there was significant misunderstanding at

20   the voir dire as to whether the death penalty was actually

21   available.  I had to instruct certain of the potential jurors

22   that indeed the death penalty was not part of this case, even

23   though it was clear from the questionnaire that it wasn't part

24   of the case.

25             So my concern is that, in the event there is some

4057

1    lingering misunderstanding, I wanted to quash the

2    misunderstanding because it could infect the jury's

3    deliberations.  That wouldn't be fair.

4              The fact of the matter is, that punishment except in

5    the death penalty case is never a subject of concern for the

6    jury.  We tell every -- this is a standard charge, but the

7    specter of a life sentence was raised by the defense in

8    questioning and that's not the government's fault.  This

9    simply clarifies that the subject is not for the jury's

10   consideration.  That's all.

11             So give me some language and I will consider it.

12             MR. SOLOWAY:  But the -- the life sentences came out

13   on direct, Your Honor, on the government's witnesses direct

14   testimony.  They were asked those questions by the government.

15   Right?

16             MR. NITZE:  Yes.  There was testimony about life

17   sentences.  That's unavoidable in the nature -- in the context

18   of fronting and then having cross-examination about penalties.

19   That's -- you can't -- that's just has to come out and it does

20   come out in testimony.

21             That's entirely different from standing before the

22   jury in summation and saying, you've got -- this is one of the

23   most important decisions you'll have in your life.  Whether to

24   send my client to prison for the rest of his life.

25   that's -- I mean, charitably, that is designed to stoke the

4058

1   sympathy of the jurors to say you've got a heavy load on your

2   shoulders.  This guy is going away for the rest of his life if

3   you convict him.

4          It shouldn't be said in summation, and because it

5   was and because it's not proper for the jury to consider

6   punishment, we are requesting a sentence or two at the end of

7   this charge to make that abundantly clear.  That's the

8   government's position.

9          THE COURT:  There was testimony -- and the testimony

10  wasn't only from the government witnesses.  There was also

11  testimony from a defense witness as to a life sentence without

12  the possibility of release.  So everybody put witnesses on.

13         MR. SOLOWAY:  You are talking about Kendale

14  Robinson, Your Honor?  Smurf?  Who testified that he was

15  serving a sentence of life imprisonment without parole?  I am

16  not sure what Your Honor is referring to.

17         THE COURT:  Yes, him.

18         MR. SOLOWAY:  Yes.  We --

19         THE COURT:  I am not saying you shouldn't have put

20  him on.  I'm just saying it came up.  It has come up with a

21  number of the witnesses.  But a jury verdict in this case

22  wouldn't necessarily result in a life sentence.  If there is

23  an acquittal on all three of the murders, then the

24  racketeering charges and the gun charges and whatever else,

25  but it would be a term of years kind of sentence.

4059

1          MR. SOLOWAY:  I think language that's crafted that

2   tells the jury that sentencing is not part of their proper

3   consideration is no problem.  That's what Your Honor should

4   charge and that's perfectly fine.

5          THE COURT:  Let me see your language.

6          MR. ARIAIL:  I think it would have been perfectly

7   fine if defense counsel hadn't made such an issue of it before

8   the jury in summation.  That's why we are responding.

9          THE COURT:  I understand why you are doing that.  I

10  need to see the language.  I will let you know.

11         Next.

12         Still on 15?

13         MR. NEUMAN:  Judge, on the -- the bottom of the

14  page, interviews of witnesses, we just would like to change,

15  instead of testimony at trial attorney for the government,

16  attorney for both sides.

17         THE COURT:  Yes.

18         MR. ARIAIL:  I think we agreed to that earlier.

19         THE COURT:  I didn't remember that.  I saw it.  I

20  think we should change it.

21         MR. NEUMAN:  I think maybe --

22         MR. SOLOWAY:  We have specific language on this we

23  would like to read, Your Honor.

24         THE COURT:  More language?

25         MR. SOLOWAY:  Just read the entire --

4060

1          MR. NEUMAN:  Okay.  The other -- on the following
2     page, the sentence that starts, to the contrary, we are just
3     asking that it read attorneys for both sides rather than just
4     attorneys.
5          THE COURT:  That's fine.
6          MR. ARIAIL:  Yes.  At the bottom of page 15 it
7     should be the government and the defense.
8          THE COURT:  I got that.
9          MR. ARIAIL:  Okay.  That's fine.  Both of those are
10    fine.
11         Next.
12         MR. SOLOWAY:  Are we on 16 still?
13         THE COURT:  We are.  We are up to cooperating
14    witnesses called by the government.
15         MR. SOLOWAY:  You know, with respect to this charge,
16    we were asking that -- in the second complete paragraph that
17    the language in the sentence that begins, indeed, it is the
18    law in federal courts, and again this is from Sand.  I
19    hesitate to point that out but he says, his language is:
20    Indeed, it is the language in the federal courts that the
21    testimony of accomplices, I believe is exactly -- rather than
22    of a single accomplice, and that's the language we are
23    requesting.  That the testimony of accomplices may be enough
24    in itself for conviction rather than --
25         THE COURT:  Is that the law?  Is that the law?

4061

1          MR. SOLOWAY:  No, I don't think it is the law.

2          THE COURT:  I am not going to tell them something

3     that's not the law.  The law is a single accomplice or

4     coconspirator can be the basis for a guilty verdict.  This

5     isn't the state court.  This is the federal court.

6          MR. SOLOWAY:  Yes, that is the law.

7          THE COURT:  I am just --

8          MR. ARIAIL:  We think the language is appropriate,

9     Your Honor.

10         THE COURT:  All I'm saying to you is that a more

11    generic statement you could argue might be better, but I think

12    this is a more -- this states the law and I see no reason to

13    change something that states the law for a more generic

14    statement.  Unless there is a good reason for it.

15         What's the good reason?  You like it better?

16         MR. SOLOWAY:  Yes.

17         THE COURT:  I am not doing it.

18         Next.

19         MR. SOLOWAY:  Okay.

20         THE COURT:  Sixteen?

21         Seventeen?

22         Eighteen.

23         MR. NEUMAN:  Judge, we have a suggestion about

24    language concerning presentence reports that I will hand up

25    that I think would be appropriate on page 18.

4062

1          THE COURT:  Let me see it.

2          This is what I asked you for actually, isn't it?

3          MR. NEUMAN:  Yes.

4          THE COURT:  All right.  Thank you.

5          (Pause.)

6          MR. ARIAIL:  We don't have any objection to this

7     language, Your Honor.

8          THE COURT:  Okay.  I would say that it is somewhat

9     disingenuous because lawyers often raise objections to offense

10    conduct on behalf of their clients because the presentence

11    reports are used for designations to facilities.  It is often

12    the case that an overstatement of the gravity of a crime may

13    result in a designation to a more secure facility.  I have

14    been doing this for 14 years.  I guess I have sentenced about

15    nine hundred people to prison and oftentimes lawyers will

16    raise these issues.

17          I don't mind putting that in, frankly.  But I'm just

18    telling you, in good conscience, any lawyer who doesn't object

19    to an overstatement of offense conduct is not doing a proper

20    job of representing his or her client.  That's all I'm telling

21    you.  So just bear that in mind.

22          I want that on the record, that I expect any lawyer

23    who believes that the offense conduct has been overstated to

24    tell the Court, either in their written objections or at the

25    time of sentencing, so the Court could consider revisions in

4063

1    the presentence report, which is going to the Bureau of

2    Prisons for designation.  I just point that out to you, very

3    important to the Court, that it be done right and that

4    someone's offense conduct not be overstated.

5            MR. ARIAIL:  Your Honor, in this case, just so it is

6    clear, that in that letter the attorney actually made a

7    statement agreeing with his client's involvement in the

8    offense conduct.  So it was actually an affirmative statement.

9            THE COURT:  That's all right.  I am just saying that

10   when I read that proposal, my concern is that you understand

11   my perspective, that it is the lawyer's obligation to bring to

12   the Court's attention any overstatement of the offense

13   conduct.  That's all.

14           Okay?  We are done.

15           So we are putting it in.

16           Next?

17           Eighteen?

18           Nineteen?

19           Twenty?

20           MR. NEUMAN:  Judge, the --

21           THE COURT:  Are you back on identification

22   testimony?

23           MR. NEUMAN:  Yes.

24           THE COURT:  I thought we dealt with that.

25           MR. NEUMAN:  We did.  But I thought -- what I was

GR       OCR       CM       CRR       CSR

4064

1   suggesting before, I thought that you accepted, was the Sand

2   version of identification which is a fuller account.  But

3   maybe you've already -- if you have considered that and this

4   represents your understanding, I don't want to belabor the

5   record.

6          MR. ARIAIL:  My recollection is we already

7   negotiated this one, Your Honor.

8          THE COURT:  One moment, please.

9          (Pause.)

10         We eliminated the paragraph three and paragraph five

11   of what you had recommended.  I took that out.

12         MR. NEUMAN:  All right.  If you've already

13   considered it, then --

14         THE COURT:  I said that's what I was going to do.  I

15   thought I had resolved that.

16         MR. NEUMAN:  Okay.

17         THE COURT:  I considered what you said and then I

18   decided that I would replace what was there with the Sand

19   instruction, paragraphs one, two and four.

20         MR. NEUMAN:  All right.

21         THE COURT:  And leave out three and five.  That's

22   how I resolved it.

23         MR. NEUMAN:  Okay.

24         THE COURT:  That is my recollection.

25         Page 20?

4065

1          Twenty-one?

2          MR. SOLOWAY:  We have something on page 21, Your

3    Honor.

4          THE COURT:  Okay.

5          MR. SOLOWAY:  In the surveillance videos, paragraph

6    31.

7          THE COURT:  Yes, sir.

8          MR. SOLOWAY:  We are requesting that the last

9    sentence that Your Honor charge as follows:  That I instruct

10   you that the government's recording of such surveillance

11   videos is lawful.

12         We request that specifically because it seems that

13   the word appropriate after lawful is to some extent injecting

14   some view of the Court about something relating to

15   appropriateness, which we would argue isn't -- usurps the

16   jury's function a bit.

17         To instruct that it is lawful, is proper, and gives

18   the jury the information that the charge is intended to

19   provide, to the extent that anybody on the jury would feel

20   that there was something unlawful here.

21         THE COURT:  It is ironic, that you are making the

22   statement about appropriate when you spent so much time in

23   your closing talking about the appropriateness of using all

24   these different means of investigation.  So you understand?  I

25   don't know what their position is, but I think it's ironic

4066

1    because you made a big statement to the jury, which was

2    perfectly appropriate, that there were other appropriate

3    things to do in order to conduct a full investigation.  Here,

4    you want the word appropriate taken out because it might

5    indicate that they were doing what you said they hadn't done

6    in other situations.

7              Isn't that sort of inconsistent?

8              MR. SOLOWAY:  No, it's not inconsistent, Your Honor.

9              Because my summation on those points was about one

10   thing, and that one thing was lack of evidence and lack of

11   evidence is something that the jury has a right and duty to

12   consider.  If you don't provide the jury with context -- now I

13   am talking about -- that's my position, Your Honor.

14             THE COURT:  I understand.

15             Okay.  Do you have any objection to taking, and

16   appropriate out?

17             MR. NITZE:  Yes.

18             THE COURT:  Why?

19             MR. NITZE:  Because it is interesting that

20   Mr. Soloway states that the word appropriate usurps the role

21   of the jury because that suggests that a part of the role of

22   the jury is to evaluate the appropriateness of this particular

23   technique and it isn't.  I think the reason -- the word

24   appropriate is hardly this big stamp of the Court's imprimatur

25   on this technique.  It is, rather just to say don't worry

4067

1    about that aspect.  It is lawful and it is appropriate.  Move

2    along to your deliberations.  It is designed to take -- again,

3    something to sort of take out of their mind.

4           So in light of the way the defense arguments went on

5    that subject, but more to the point, because of the purpose of

6    this charge, we think appropriate is appropriate.

7           THE COURT:  I am going to take out the word

8    appropriate.  That is it.  Because the only other way I would

9    leave it in is an additional sentence, which deals with the

10   fact that the jury has the right to consider or not consider

11   this evidence in connection with its responsibility to reach a

12   verdict.  I just don't want to add anything.  There is enough

13   here.  It's over 80 pages long and I think that it is lawful,

14   it is lawful.  They can do with it what they want.

15          MR. SOLOWAY:  The defense never suggested it was

16   unlawful.

17          THE COURT:  All right.  I don't think there is

18   anything wrong with appropriate but if it raises the specter

19   of the Court giving it its seal of approval, again, I -- -- I

20   also think the defense raised the appropriateness of different

21   types of investigation and the need for these other types of

22   investigation.  You can't have it both ways, generally

23   speaking, in my view.

24          But go ahead.  Next.

25          MR. NITZE:  Your Honor, when it is convenient for

4068

1   the Court, we have some language on the issue we were talking

2   about before with you.  We can do this at the end or whenever.

3          THE COURT:  Let's wait.  Let's try to get past page

4   22 here.

5          Twenty-two?

6          MR. NEUMAN:  Yes.  Judge, I am not sure if the

7   record was entirely -- if I made the record clear the last

8   conference, that we just object to the consciousness of guilt

9   language altogether.

10         THE COURT:  Yes, I know you did.

11         MR. NEUMAN:  I want to make sure of the record.

12         THE COURT:  You have your exception on that.

13         MR. NEUMAN:  Okay.

14         THE COURT:  Twenty-two.

15         Twenty-three?

16         Twenty-four?

17         Have you seen the way it has been restructured?

18   That is what the government had in mind?

19         MR. ARIAIL:  Yes, Your Honor.

20         MR. SOLOWAY:  Judge, I think we can point out at

21   this point that we have nothing else in terms of objections or

22   additions to add to the rest of the charge.  I wanted to let

23   you know that.  I don't know if the government is proposing

24   any changes.

25         THE COURT:  Let me hear from the government.  Why

4069

1    don't you take me through what you have.

2              MR. ARIAIL: Certainly.

3              THE COURT:  So I am not going page by page.

4              Thank you very much.  That is very helpful.

5              MR. ARIAIL:  The first issue, which is on page 33.

6              THE COURT:  Yes.

7              MR. ARIAIL:  Distribution of possession with intent

8    to distribute controlled substances.

9              THE COURT:  Yes.

10             MR. ARIAIL:  I just note that -- obviously, there is

11   no charge of substantive narcotics distribution in this case.

12   It's only conspiracy.  So I think in terms of the language, it

13   is just confusing to make reference to finding the defendant

14   guilty of this act.

15             I think maybe the appropriate way to talk about it

16   is in terms of a defendant as opposed to the defendant.  There

17   is actually no substantive charge of distribution.

18             THE COURT:  Oh, so it is a small d, defendant?

19             MR. ARIAIL:  Right.

20             Additionally, in this section there are references

21   to cocaine base and heroin and then as you go through the

22   recitation of the elements, there are specific references to

23   cocaine base throughout the language.  I think that should

24   just be replaced with a controlled substance or a narcotic

25   drug.

4070

1          THE COURT:  Why don't you tell me where.  We are now

2     getting into the weeds.  I want to make sure that I don't miss

3     anything.

4          MR. ARIAIL:  Okay.  So element one on page 34, it

5     should read first, that the defendant possessed a controlled

6     substance.

7          And then in the paragraph that begins, first, the

8     government must proof beyond a reasonable doubt, the word

9     cocaine base should be replaced with controlled substance.

10          Then the next sentence, the word cocaine base should

11     be replaced with controlled substance.

12          On page 35, the section that begins, second element,

13     knowing and intentional possession.  The word cocaine base in

14     the first sentence should be replaced with controlled

15     substance.

16          The next edit is on the top of page 37.  There is a

17     reference to the defendant Ronald Herron.  I think you can

18     just strike the words Ronald Herron, just say the defendant.

19          THE COURT:  All right.

20          MR. ARIAIL:  Then on page 38, in the discussion of

21     attempted murder in the State of New York, the second to last

22     sentence of the section on attempted murder in New York, which

23     begins, if you find the government has proven beyond a

24     reasonable doubt each of these two elements, I think it should

25     read, then you must find the charged attempted murder proven.

GR     OCR     CM     CRR     CSR

4071

1   Because there is no specific racketeering act that we are

2   discussing.

3          Then the second --

4          THE COURT:  Hold on.

5          MR. ARIAIL:  Sorry.

6          THE COURT:  Okay.  Got it.

7          MR. ARIAIL:  The same goes with the last sentence,

8   you must find, instead of the racketeering act not proven, you

9   must find the charged attempted murder not proven.

10         THE COURT:  Okay.  Next.

11         MR. ARIAIL:  Sorry, Your Honor.  The next issue is

12  on page 47.  I think we just need to talk about it for a

13  second.

14         THE COURT:  Go ahead.

15         (Pause.)

16         MR. ARIAIL:  Your Honor, on page 47.

17         THE COURT:  Just a second.  Yes?

18         MR. ARIAIL:  Page 47, Your Honor, racketeering act

19  one.

20         THE COURT:  Yes.  I am listening.

21         MR. ARIAIL:  I think the -- the last sentence, as

22  with the issue of guilt or innocence, determination as to drug

23  type and quantity must be unanimous.  I think that's confusing

24  given that we are not having -- because it is a racketeering

25  act and not a substantive count, we are not having -- we don't

4072

1  have a special verdict form that -- in which they need to make

2  a determination as to weight.  I don't think -- I think that

3  sentence by itself at the end there makes it somewhat

4  confusing in terms of what it is that they are supposed to do.

5          THE COURT:  This is the conspiracy count.

6          MR. ARIAIL:  Yes, Your Honor.

7          In connection with --

8          MR. NEUMAN:  It is a racketeering act, not the

9  conspiracy count.

10          MR. ARIAIL:  It is the conspiracy count within the

11  racketeering acts.  It's racketeering act one.  We don't think

12  that we need a special verdict for this one because it's

13  within the racketeering acts.

14          THE COURT:  They must -- for this racketeering act

15  to be proven, they would have to find that the conspiracy

16  involved at least 280 grams.  Is that what you are saying?  I

17  am just trying to understand.  Explain it to me.

18          MR. ARIAIL:  Yes.  My understanding is that that is

19  not necessarily the case.

20          THE COURT:  Really?

21          MR. ARIAIL:  That they could find that they

22  conspired to distribute a controlled substance.  That would be

23  sufficient for purposes of the racketeering act.  That's my

24  understanding.  Which is a bit confusing, I understand.

25          THE COURT:  Then maybe there should be a special

4073

1   verdict question on it?

2         MR. ARIAIL:  I think the -- I just don't know the

3   answer to that, Your Honor.

4         THE COURT:  It is your case.

5         MR. ARIAIL:  With respect to the special verdict.  I

6   know.  I understand I am here.  I just need to talk to someone

7   further about that.

8         THE COURT:  I wish you would.  Otherwise, I am going

9   to -- if it is not necessary that -- what is alleged in

10  racketeering act one is that the defendant intentionally

11  conspired to distribute 280 grams or more of crack.  That's

12  what is alleged.  So if the jury doesn't find 280, that he

13  conspired to distribute at least that much, would that act be

14  proven?

15        MR. ARIAIL:  I think the answer is that we -- in

16  this context we would be allowed to make a request for a

17  lesser included charge with respect to that count.  So that

18  the defendant could actually conspire to contribute a

19  controlled substance or he could conspire to distribute crack

20  cocaine.

21        That's the issue I just want to be clear on, and so

22  as it stands, the --

23        THE COURT:  Then the special verdict sheet would

24  have to ask questions in the right order.

25        MR. ARIAIL:  Correct, yes, Your Honor.

4074

1          THE COURT:  All right.  So you have to let me know

2     about that and discuss it with the other side and I will take

3     whatever objections they have.  Do it by the end of the day.

4          MR. ARIAIL:  I apologize for not having an answer

5     right now.

6          MR. NEUMAN:  Yes.  My assumption is that it would

7     have to be specified in the amount.  Because of what Your

8     Honor pointed out.

9          THE COURT:  There may be case law that says

10    otherwise.  I don't know all the case law.  I am just saying,

11    that's the logic of it and I am following the logic.  That's

12    all.  So if there is something else out there that I don't

13    know about, educate me.

14         MR. ARIAIL:  Certainly, Your Honor.

15         THE COURT:  For the time being, I would take out

16    that last sentence.

17         MR. ARIAIL:  I think that makes sense.

18         THE COURT:  And just leave it at least 280.  If they

19    don't find 280, then it is not proven.  That's how I would

20    view it.

21         MR. SOLOWAY:  That sounds like at this point, Your

22    Honor, you are taking out the last sentence of that paragraph?

23         THE COURT:  That's what I am doing.

24         If there is something about that particular

25    racketeering act that would permit the Court to ask the jury

4075

1    specific questions and start off with, was there a conspiracy

2    to distribute crack.

3              And then the second, if yes, did that conspiracy

4    involve at least 280 grams of crack.  Yes or no.

5              Then you can -- if they were to find yes as to -- it

6    was a crack conspiracy, but no about the 280 or more grams,

7    then that would be an issue on appeal as to whether that could

8    be a racketeering -- that could be a finding of the jury based

9    on this accusation.

10             MR. ARIAIL:  Right.  We will get back to Your Honor

11   this afternoon.

12             THE COURT:  All right.  Fine.

13             In the meantime, I am taking that sentence out.

14             MR. SOLOWAY:  Understood.

15             Next.

16             MR. ARIAIL:  With respect to page 50, Your Honor.

17             THE COURT:  Yes?

18             MR. ARIAIL:  We would, given the way arguments went,

19   we would strike the last sentence.

20             MR. NEUMAN:  What page?

21             MR. ARIAIL:  Page 50.

22             THE COURT:  You mean, the Pinkerton?

23             MR. ARIAIL:  The co-conspiracy liability sentence.

24             THE COURT:  All right.  I think we've already taken

25   that out of the verdict form, haven't we?

1           MR. ARIAIL:  Yes, Your Honor.

2           Well, we -- it wasn't in the verdict form with

3    respect to the racketeering acts.

4           THE COURT:  All right.  Got that?

5           MR. NEUMAN:  Yes.

6           THE COURT:  Good.

7           Next.

8           MR. ARIAIL:  Page 55, the last paragraph, the

9    language is taken from the indictment.  It makes reference to

10   paragraphs eight through 15 of Count One of the superseding

11   indictment.  Then as racketeering acts one through eight,

12   there -- I think now there are seven racketeering acts.  So it

13   should be racketeering acts one through seven.

14          And then I think bracketed language should be placed

15   instead of set forth in paragraphs eight through 15 and just

16   say as discussed above or discussed above.

17          THE COURT:  After acts take out except for?

18          MR. ARIAIL:  Yes.

19          THE COURT:  In the --

20          MR. ARIAIL:  It should read, consisted of the

21   racketeering acts, and then in brackets, discussed above, and

22   then it should follow, as racketeering acts one through seven,

23   and seven should be in --

24          THE COURT:  That's right.  Okay.

25          So the words set forth in paragraphs eight through

4077

1    15 of Count One of the superseding indictment are removed.

2                MR. ARIAIL:  Yes.

3                THE COURT:  And replaced with, in brackets,

4    discussed above, and then it will read, as racketeering acts

5    one through seven.

6                MR. ARIAIL:  Yes.

7                THE COURT:  Got that?

8                MR. NEUMAN:  Yes.

9                THE COURT:  Okay.  Next.

10               MR. ARIAIL:  On page 63 the paragraph that is headed

11   the fourth element, defendant committed the alleged crime of

12   violence.

13               THE COURT:  Yes?

14               MR. ARIAIL:  The sentence reads:

15               The crime of violence alleged in Count Five is the

16   murder of Frederick Brooks.  The next sentence is, since I've

17   already instructed you as to the applicable laws of second

18   degree murder in regard to the Count One, I think it would

19   just be helpful in the third to last sentence to make

20   reference to the fact that the Frederick Brooks is a second

21   degree murder as opposed to just a murder.  Then they will

22   actually be able to put the two together.

23               THE COURT:  You want to say murder in the second

24   degree of Frederick Brooks?

25               MR. ARIAIL:  The crime of violence alleged in Count

4078

1   Five is the second degree murder of Frederick Brooks or the

2   murder of Frederick Brooks.

3              THE COURT:  I like in the second degree.  Is that

4   all you want?

5              MR. ARIAIL:  Yes, Your Honor.

6              THE COURT:  And then we would, I have already

7   instructed you as to the applicable laws of second degree

8   murder in regard -- no S -- to Count One.  Is that it?

9              MR. ARIAIL:  Yes, Your Honor.

10             THE COURT:  Anything from the defense on that?

11             MR. NEUMAN:  No.

12             THE COURT:  Okay.  Next.

13             MR. ARIAIL:  Page 72, the same issue arises with

14  respect to coconspirator liability here with the murder of

15  Richard Russo.  So on page 73, we should strike the sentence

16  that addresses coconspirator liability.

17             THE COURT:  That's the last paragraph.

18             MR. ARIAIL:  I'm sorry.  It -- yes, the last

19  sentence of -- I guess it is the third paragraph.

20             THE COURT:  If you do not find that the government?

21             MR. ARIAIL:  Yes.

22             Then on page 74 -- I'm sorry.

23             THE COURT:  So we are removing Pinkerton liability

24  for all four counts?

25             MR. ARIAIL:  Yes.  With respect to the Russo

4079

1   homicide.

2          THE COURT:  Hold on.

3          So we do the same thing on page 74, right?  For

4   Count Thirteen, we take it out?

5          MR. ARIAIL:  Yes.

6          THE COURT:  And for Count Fourteen, we take it out?

7          MR. ARIAIL:  Yes.

8          THE COURT:  And for Count fifteen we take it out.

9          MR. ARIAIL:  Yes.

10          THE COURT:  Next.

11          MR. ARIAIL:  Page 80 there is a sentence in the

12   middle of the paragraph that talks about the prior felony

13   conviction.

14          MR. NEUMAN:  Which page?

15          MR. ARIAIL:  Eighty.

16          THE COURT:  Eighty.

17          MR. ARIAIL:  It says, the defendant is alleged to

18   have possessed a weapon charged in the indictment and I

19   instruct you that the prior conviction is an element of the

20   charge here and is not disputed.  It is only to be considered

21   by you for the fact that it exists and for nothing else.  You

22   are not to consider it for any other purpose.  And then, you

23   are not to speculate as to what it was for.

24          Then there is a final sentence.  You may not

25   consider the prior conviction in deciding whether it is more

1  likely than not that the defendant was in knowing possession

2  of the gun that is charged, which is the disputed element of

3  the offense.

4      I think that language is language that's used

5  to -- typically when the prior felony conviction is narrowly

6  crafted in a stipulation but in this case the prior felony

7  conviction is actually substantive evidence of crimes that

8  were charged, including the racketeering, including the

9  narcotics trafficking, including also the possession of a

10 firearm at the time of the arrest. It is corroborative

11 evidence of testimony of other cooperators about where the

12 defendant was after the murder of Frederick Brooks.

13     So I think this language needs to be tailored to

14 address specifically this count and this count alone so that

15 there is no confusion by the jury.

16     In particular, the sentence, you are not to

17 speculate as to what it was for, obviously needs to be taken

18 out because they know exactly what it was for.

19     THE COURT: Is that all you want or do you want to

20 do more?

21     MR. ARIAIL: I think -- I need to think about it

22 just for a second, Your Honor.

23     (Pause.)

24     MR. NITZE: We have some -- a proposal.

25     THE COURT: Yes?

4081

1          MR. NITZE:  So the proposal would be starting with

2     the sentence, this is somewhere just above the middle of page

3     80, where it says, I instruct you that the prior conviction.

4          THE COURT:  Yes.  Go ahead.

5          MR. NITZE:  So it would read:  I instruct you that

6     the prior conviction that is an element of the charge here,

7     and is not disputed, is only to be considered by you for the

8     fact that it exists, and, with respect to this count, and

9     nothing else.  You are not to consider it for any other

10    purpose in your deliberations on this count.  You may not

11    consider the prior conviction in deciding whether -- and then

12    we would cut -- it is more likely than not that, for burden

13    issues, convicting -- conviction in deciding whether the

14    defendant was in knowing possession of a gun that is charged,

15    which is the disputed element of the offense.

16         MR. SOLOWAY:  I have no problem with that, Judge,

17    with one exception.  Mr. Nitze took out, I think in its

18    entirety, the sentence, you are not to speculate.  Am I right

19    about that?  You read it --

20         MR. NITZE:  Yes.

21         MR. SOLOWAY:  I think that that has to be qualified

22    too, that that sentence should continue to be in the charge

23    and say, you are not to speculate as to what it was for with

24    respect to your consideration of this count, rather than take

25    it out in its entirety.  Because it is part of what the

GR      OCR      CM      CRR      CSR

4082

1    defendant is entitled to have the jury consider or not

2    consider when considering whether to convict him of a 922(g)

3    here.

4              MR. ARIAIL:  I think that's just thoroughly

5    confusing.  They've had the testimony -- there has been so

6    much testimony about what this conviction was for.  It's

7    really -- that doesn't make any sense.

8              MR. SOLOWAY:  It doesn't -- you mean, because he

9    was -- the minutes went in as to the felony conviction with

10   respect to the narcotics in 130 Third Avenue?  Is that what

11   you mean?

12             MR. ARIAIL:  Just in terms of the evidence that

13   went, there were at least two stipulations that discussed the

14   fact.  There was testimony by Saquan Wallace as to the

15   defendant's arrest in that apartment.  There is testimony by

16   the defendant about his arrest and conviction in that

17   apartment.  I don't really understand how they could not

18   speculate.  How we could instruct them not to speculate as to

19   what the conviction is for.

20             MR. NITZE:  That language is as -- it's not

21   speculate about what the weapon was for.  It's what is the

22   conviction -- what is the nature of the conviction.  In other

23   words, when you have a felon in possession trial and the

24   parties stipulate, this defendant has been convicted of a

25   felony.  Don't worry about what that felony was.  That's just

4083

1   an element that's out of your minds and let's focus on the

2   gun.

3          Here, they don't have to speculate about what the

4   conviction was for because it's in the record what it was for.

5   There is no speculation.  It is established.  It is a drug

6   conviction.

7          MR. SOLOWAY:  Yes.  I think that's right.  I think

8   it would be fair -- thank you --

9          MR. NEUMAN:  Okay.

10         MR. SOLOWAY:  -- to identify the fact that the

11  defendant was previously convicted of the narcotics felony

12  that the jury has heard about.  If the government is concerned

13  about sort of confusing the jury or leading the jury into some

14  unwarranted speculation, we would have no -- but we are

15  worried that the jury will in fact not be clear and if what

16  the government would like is clarity, we have no problem with

17  that.  We can craft language that would do that.

18         MR. NITZE:  It has -- earlier in the paragraph it

19  says it has already been stipulated that this felony

20  conviction -- we can put, for -- put in language like for

21  whatever.  I don't remember.

22         MR. SOLOWAY:  Criminal possession of substance --

23         MR. NITZE:  Third degree, occurred prior to the

24  time.  Then you can take out you are not to speculate.  It

25  will be already clear.

4084

1           MR. SOLOWAY:  Right.

2           MR. NEUMAN:  2002.  2002 felony conviction.

3           MR. NITZE:  It's also been stipulated that this

4    felony conviction, the 2002 conviction for criminal possession

5    of a controlled substance in the third degree --

6           MR. SOLOWAY:  I have to go back and check to make

7    sure -- I think that's what he pled to.

8           MR. NITZE:  -- occurred prior to the time and then

9    it goes on.

10          Then the language we proposed after that again, I

11   instruct you that the prior conviction that is an element of

12   the charged here and is not disputed, is only to be considered

13   by you for the fact that it exists and with respect to this

14   count, for nothing else.  You are not to consider it for any

15   other purpose in your deliberations on this count.  You may

16   not consider the prior conviction in deciding whether the

17   defendant was in knowing possession of the gun that is

18   charged, which is the disputed element of the offense.

19          THE COURT:  After where you say -- after and for

20   nothing else, read slowly the balance of that paragraph,

21   please.

22          MR. NITZE:  Okay.

23          You are not to consider it for any other purpose in

24   your deliberations on this count.  You may not consider the

25   prior conviction in deciding whether the defendant was in

4085

1    knowing possession of the gun that is charged, which is the

2    disputed element of the offense.

3            MR. SOLOWAY:  You took out it is more likely than

4    not?

5            MR. NEUMAN:  Yes.

6            MR. NITZE:  That's not the standard:

7            MR. SOLOWAY:  We have no objection to that.

8            THE COURT:  That's fine.  Okay.

9            Next.

10           MR. NITZE:  That's it with the exception of the

11   language we have now wanted to propose on --

12           THE COURT:  For where?

13           MR. NITZE:  This is now on page 15.  This is the

14   punishment issue we were arguing about earlier.

15           THE COURT:  Yes?

16           MR. NEUMAN:  Which page?

17           MR. NITZE:  It is page 15, paragraph or -- paragraph

18   19 of the charge.  This is on punishment.

19           THE COURT:  Yes.

20           MR. NITZE:  In light of the references repeated to

21   the life sentence during summations, we would propose that the

22   following language be added:  Furthermore -- this is to the

23   end of that charge.

24           THE COURT:  Yes.

25           MR. NITZE:  Furthermore, references by defense

GR       OCR       CM       CRR       CSR

4086

1   counsel during closing arguments to the possible sentence the

2   defendant may face in the event he is convicted were

3   arguments, nothing more.  As I have noted, the question of

4   possible punishment is not your concern, and the duty of

5   imposing sentence rests with the Court alone.

6                (Continued on next page.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
                    Charge Conference                    4087
```

 1    (CONTINUING)

 2           MR. NEUMAN:  Well, I wouldn't restate the other

 3    objection we had to this, but the language.  First of all, I

 4    don't know if it's necessary to identify...

 5           THE COURT:  Which Counsel.

 6           MR. NEUMAN:  Which Counsel.

 7           THE COURT:  I don't think it's necessary to identify

 8    which Counsel.  Let's make it neutral.

 9           MR. NITZE:  Yes, that sounds better.

10           THE COURT:  That way we're not pointing the finger

11    at anybody.

12           MR. NITZE:  Yes, that's better.

13           MR. NEUMAN:  Aside from our other prior objections

14    then, I don't think there is anything else.

15           Right, Bob?

16           MR. SOLOWAY:  That's correct.

17           MR. NITZE:  So, it now just references during

18    closing arguments or something?

19           THE COURT:  Furthermore, reference during closing

20    arguments to possible sentence the defendant may face were

21    argument and nothing more.

22           MR. NITZE:  Yes.

23           THE COURT:  The question of possible sentence, what

24    was the rest of it?

25           MR. NITZE:  As I have noted, comma.

```
                    Charge Conference                    4088
```

1          THE COURT:  Right.

2          MR. NITZE:  The question of possible punishment is

3   not your concern, comma, and the duty of imposing sentence

4   rests with the Court alone.

5          THE COURT:  Okay.

6          On Friday I resolved about capital punishment and

7   all that; right?  Everything on punishment we discussed

8   previously remains.

9          You have your exception.

10         MR. NEUMAN:  Okay.

11         THE COURT:  All right?  And you have your exception

12   to anything that I didn't embrace throughout this discussion.

13         MR. NEUMAN:  Yes, Judge.

14         THE COURT:  All right.

15         This language having to do with the issue that

16   resulted from the closing argument, is there any objection to

17   that?

18         MR. SOLOWAY:  No.

19         THE COURT:  Then we're done.

20         MR. NITZE:  Okay.

21         THE COURT:  We have some deliverables.

22         MR. NITZE:  We owe you a response on the

23   Racketeering Act that addresses the narcotics conspiracy and

24   the weight, so we will be back to be shortly about that.

25         THE COURT:  Yes, I need that.

Charge Conference                                    4089

1          MR. NEUMAN:  And also, we will have an opportunity

2    to submit something if we...

3          THE COURT:  Yes.

4          How fast you get that done?  After lunch?

5          MR. NITZE:  After lunch.

6          MR. SOLOWAY:  This is on the unanimity and the

7    280 grams and we would like to also have an opportunity.

8          THE COURT:  Yes, let's do 3:00 o'clock and

9    5:00 o'clock.

10         MR. NITZE:  Great.

11         MR. ARIAIL:  Great.

12         THE COURT:  Do you know how many minutes there are

13   between now and 3:00 o'clock?  It's a long time.

14         MR. SOLOWAY:  Your Honor, the only other thing.

15         THE COURT:  Yes.

16         MR. SOLOWAY:  That hasn't been raised that the

17   defendant has, I think, something that he wants to advise the

18   Court of relating to issues regarding Counsel; right?

19         THE DEFENDANT:  Yes.

20         THE COURT:  Is this something for an ex parte

21   discussion or can it be said in front of everybody?

22         MR. SOLOWAY:  Can we have one moment, Your Honor?

23         THE COURT:  Yes.

24         (Pause in the proceedings.)

25         THE COURT:  So, let me just ask a question.

Charge Conference                                    4090

1          Nothing that we've done on the jury charge affects,

2   unless there is something with regard to the weight of the

3   crack in the Racketeering Act, nothing affects the verdict

4   sheet.

5          MR. ARIAIL:  No, Your Honor, we addressed the one

6   issue earlier about the unlawful discharge of firearms in

7   connection with Count 4-D.

8          We struck the words responsible for the discharge of

9   a firearm through co-conspirator liability.

10          THE COURT:  Right.  And that is on page six of the

11   charge in connection with Count 14.

12          MR. ARIAIL:  Yes.

13          THE COURT:  That is the only revision in my draft in

14   the current draft of the jury charge.

15          MR. NITZE:  Correct.

16          THE COURT:  All right.

17          MR. SOLOWAY:  Your Honor, you asked a question of

18   me.

19          THE COURT:  Yes, I did.

20          MR. SOLOWAY:  And I think the answer is that this is

21   not something that needs to be ex parte.

22          THE COURT:  All right.  Is it something that the

23   defendant would like to say now?

24          MR. SOLOWAY:  We, it's a letter that the defendant

25   has written.  I don't know whether -- yes, it is something he

Charge Conference                    4091

1   would like to say now.

2           THE DEFENDANT:  Yes, Your Honor.  I drafted a letter

3   for you.

4           THE COURT:  Just stand up, sir.

5           THE DEFENDANT:  I drafted a letter for you.  Due to

6   time constraints, I couldn't send it through the normal

7   channels so I propose it for your consideration.  Hopefully,

8   I'll read it into the record, you read it into the record.

9           THE COURT:  Why don't you just read it into the

10  record.

11          THE DEFENDANT:  For your consideration, thank you,

12  Your Honor.

13          THE COURT:  We have time.

14          THE DEFENDANT:  Be patient.

15          THE COURT:  Do it slowly so the court reporter can

16  take it down.  And speak up, use the mic.  You have a deep

17  voice, so it's hard to pick up everything.

18          Now you can go.

19          THE DEFENDANT:  I have a few issues of contention

20  that I feel need to be raised.  There were a lot of

21  insinuations made at this trial, facts that were omitted that

22  are misleading and would otherwise create doubt in any

23  reasonable juror's mind.

24          I have been on trial for four weeks now and watched

25  my attorneys' painstaking efforts to defend me and preserve my

Charge Conference                                        4092

1    rights, there's no denying that, but in light of the evidence

2    offered by the Government there were facts that I insisted be

3    submitted throughout the trial that weren't presented by the

4    Defense, nor included in summation.

5            I'm not keen and astute in matters of the law, case

6    law that states matters as to why this is ineffective

7    assistance of Counsel, but if we can stipulate to these facts

8    I withdraw my assertions of ineffective Counsel issues as it

9    pertains to these issues as follows:

10           1)   Tanya Ambrose's financial situation.   In Rena

11   Paul's rebuttal case she made speculative gestures to the jury

12   about the existence of my girlfriend, a person she knows

13   exists and works as a critical care nurse and now works in

14   anesthesiology.   She is also the owner of the house I lived at

15   830 Caton Avenue.   She is also the registered owner of the

16   2004 tan Acura MDX I was driving, a car she's owned since 2006

17   while I was in prison and the 2009 BMW 650 I.   The revelation

18   of these facts casts a totally different light on my financial

19   situation.

20           2)   The Blackberry records.   There were numerous

21   text messages on this phone between the dates of February 2010

22   and April 2010 that the Government turned over that were

23   titled Items of Interest.   These transmissions between Tanya

24   Ambrose and myself were indicative of my true financial

25   status.

Charge Conference                                      4093

1        3)  A letter to Jonathan Rice.  A letter to Jonathan

2   Rice from me on January 2nd, 2007 while I was in prison that

3   details my intentions at length to go into legitimate business

4   with him based on his proposition.

5        4)  My school records.  My high school records in

6   2001 from Two Bridges Academy in Brooklyn, New York and my

7   2008-2009 college transcripts at New York City Technical

8   College in Brooklyn, New York.  There were many aspersions

9   cast on my transformation and how I spent my time.  The

10  revelations of these facts states contrary to what the

11  Government has propounded and is a true indication of how I

12  spent my time during these timeframes.

13        5)  The Thomas Rodwell connection.  There has been

14  ample testimony at this trial about Thomas Tom-Tom Rodwell by

15  a cooperating witness and myself.  The fact that it was

16  omitted that he was a cooperating witness for the former lead

17  AUSA on this case Carter Burwell is misleading given the fact

18  that he has had numerous proffer sessions with the Government

19  and has given testimony about his drug activity at 423 Baltic

20  Street and his participation in the Tymeek Romalise, otherwise

21  known at Tyreek Smalls killing in which he committed on his

22  own volition and not at my with request like Shreve Ariail

23  attempted to insinuate during his cross-examination of me.

24        In light of the fact of all of these accusations of

25  racketeering and murder and the Government's reliance on

VB        OCR        CRR

Charge Conference                                    4094

1   cooperating witnesses to present their evidence, I think the

2   question of character weighs heavy in the mind when you're

3   evaluating the evidence and these facts disproves many of the

4   Government's theories.

5               I offer this, Your Honor.

6               THE COURT:  All right.  I'll take it.  It is going

7   to be a Court Exhibit.  We'll give it a number as soon as I

8   know what the next number is, okay?

9               THE DEFENDANT:  Yes.

10              THE COURT:  Thank you.

11              All right.  It's a five-page letter, handwritten

12  letter, by the defendant to the Court, and it is dated today,

13  June 24th, 2014.

14              Is there anything he is from the Government?

15              MR. ARIAIL:  No, Your Honor.

16              THE COURT:  Is there anything else from the Defense?

17              MR. SOLOWAY:  No, Your Honor.

18              THE COURT:  We will begin tomorrow morning, try to

19  be here at 9:15, please.  It is a long charge and I want to

20  get started as quickly as possible.  We will break a couple of

21  times during the charge.

22              Don't rush out until you've discussed marshalling of

23  evidence because you need to marshal the evidence tomorrow and

24  the evidence will all go in, except the drugs and the guns.

25  If the jury wants to see the video, they are not going to be

VB        OCR        CRR

Charge Conference                                    4095

1    able to watch it in there.  They are going to have to come out

2    and watch it in here because we don't have the capability of

3    providing video in the jury deliberation room, unless I can

4    arrange it.

5            Would you like me to try to arrange it?

6            MR. ARIAIL:  No, Your Honor.  I think out here is

7    fine.

8            THE COURT:  It is just very difficult to arrange it,

9    is the point.  I don't know that we have the equipment.  We

10   barely have the equipment working out here, these days.  So,

11   if you want me to check, I'll check, but the arrangement I

12   normally use is that if the jury wants to see a video, they

13   can see it out here.  They can see it as often as they want.

14           If the jury wants to see testimony, that we give

15   them in redacted form back in the jury room.

16           MR. SOLOWAY:  I don't have, I don't really care much

17   which way we did it.  The last trial I did a couple months ago

18   before Judge Gleeson where there was surveillance video, it

19   was supplied to the jury on a laptop in the jury room if they

20   wanted it and that's just how he did it.

21           THE COURT:  I think it's hard, on a laptop, for

22   everybody to see it at the same time.

23           MR. SOLOWAY:  Yes.

24           THE COURT:  It's my problem, I like them all to see

25   it the same way at the same time.

Charge Conference                                        4096

1        MR. ARIAIL:  We can look into figuring out a way to

2   facilitate that, Your Honor.

3        THE COURT:  Well, if you can.  It's easier for the

4   jury if they do it in the jury room, if they know how to do

5   it.

6        MR. ARIAIL:  Right.

7        THE COURT:  But if there is a way of providing the

8   equipment, I don't think we have the capability of doing that.

9        MR. ARIAIL:  I think we may be able to get a couple

10  laptops for them or something along those lines.

11       THE COURT:  All right.

12       Just remember that we need to move the evidence in

13  as soon after they retire as possible so try to work that out

14  among yourselves so they are not waiting a long time.

15       Is there anything else from the Defense?

16       MR. SOLOWAY:  No.

17       THE COURT:  All right.

18       Thank you everyone, have a good day.

19

20       (Adjourned to Wednesday, June 25th at 9:15 a.m.)

21

22                        oooOooo

23

24

25

## 1

**1** [1] - 4092:10
**10** [1] - 4037:4
**100** [1] - 4037:23
**10013** [1] - 4037:24
**10:30** [1] - 4037:9
**130** [1] - 4082:10
**14** [2] - 4062:14, 4090:11
**15** [9] - 4052:19, 4052:23, 4059:12, 4060:6, 4076:10, 4076:15, 4077:1, 4085:13, 4085:17
**16** [1] - 4060:12
**18** [1] - 4061:25
**19** [1] - 4052:23, 4085:18

## 2

**2** [1] - 4092:20
**20** [1] - 4064:25
**2001** [1] - 4093:6
**2003** [2] - 4084:2, 4084:4
**2004** [1] - 4092:16
**2006** [1] - 4092:16
**2007** [1] - 4093:2
**2008-2009** [1] - 4093:7
**2009** [1] - 4092:17
**2010** [2] - 4092:21, 4092:22
**2014** [2] - 4037:9, 4094:13
**21** [1] - 4065:2
**22** [1] - 4068:4
**225** [1] - 4038:1
**24** [1] - 4037:9
**24th** [1] - 4094:13
**25th** [1] - 4096:20
**271** [1] - 4037:20
**280** [8] - 4072:16, 4073:11, 4073:12, 4074:18, 4074:19, 4075:4, 4075:6, 4089:7
**2nd** [1] - 4093:2

## 3

**3** [1] - 4093:1
**31** [1] - 4065:6
**33** [1] - 4069:5
**34** [1] - 4070:4
**35** [1] - 4070:12
**37** [1] - 4070:16
**38** [1] - 4070:20
**3:00** [2] - 4089:8, 4089:13

## 4

**4** [1] - 4093:5
**4-2** [1] - 4043:7
**4-D** [1] - 4090:7

**423** [1] - 4093:19
**47** [3] - 4071:12, 4071:16, 4071:18

## 5

**5** [1] - 4093:13
**50** [2] - 4075:16, 4075:21
**55** [1] - 4076:8
**5:00** [1] - 4089:9

## 6

**613-2538** [1] - 4038:2
**615** [1] - 4037:4
**63** [1] - 4077:10
**650** [1] - 4092:17

## 7

**718** [1] - 4038:2
**72** [1] - 4078:13
**73** [1] - 4078:15
**74** [2] - 4078:22, 4079:3

## 8

**80** [3] - 4067:13, 4079:11, 4081:3
**830** [1] - 4092:15

## 9

**922(g** [1] - 4082:2
**9:15** [2] - 4094:19, 4096:20

## A

**a.m** [2] - 4037:9, 4096:20
**abiding** [3] - 4043:19, 4049:5, 4052:1
**able** [3] - 4077:22, 4095:1, 4096:9
**absence** [1] - 4038:11
**abundantly** [1] - 4058:7
**Academy** [1] - 4093:6
**accepted** [1] - 4064:1
**accomplice** [2] - 4060:22, 4061:3
**accomplices** [2] - 4060:21, 4060:23
**account** [1] - 4064:2
**accusation** [1] - 4075:9
**accusations** [1] - 4093:24
**acquit** [1] - 4042:20
**acquittal** [1] - 4058:23
**Act** [2] - 4088:23, 4090:3
**act** [20] - 4042:18, 4043:20, 4044:3, 4045:9, 4045:25, 4046:8, 4051:14, 4051:22, 4069:14, 4071:1, 4071:8, 4071:18, 4071:25, 4072:8, 4072:11, 4072:14, 4072:23, 4073:10, 4073:13,

4074:25
**activity** [1] - 4093:19
**acts** [10] - 4072:11, 4072:13, 4076:3, 4076:11, 4076:12, 4076:13, 4076:17, 4076:21, 4076:22, 4077:4
**Acura** [1] - 4092:16
**add** [2] - 4067:12, 4068:22
**added** [2] - 4048:25, 4085:22
**additional** [1] - 4067:9
**additionally** [1] - 4069:20
**additions** [1] - 4068:22
**address** [1] - 4080:14
**addressed** [1] - 4090:5
**addresses** [2] - 4078:16, 4088:23
**adjourned** [1] - 4096:20
**adopt** [1] - 4047:15
**advancing** [1] - 4039:19
**advise** [1] - 4089:17
**affects** [2] - 4090:1, 4090:3
**affirmatively** [1] - 4055:12
**afternoon** [1] - 4075:11
**Agent** [1] - 4038:14
**ago** [1] - 4095:17
**agreed** [1] - 4059:18
**agreeing** [1] - 4063:7
**ahead** [4] - 4049:12, 4067:24, 4071:14, 4081:4
**aided** [1] - 4038:5
**alleged** [6] - 4073:9, 4073:12, 4077:11, 4077:15, 4077:25, 4079:17
**allowed** [1] - 4073:16
**almost** [1] - 4045:19
**alone** [3] - 4080:14, 4086:5, 4088:4
**alternative** [2] - 4047:16, 4047:19
**altogether** [1] - 4068:9
**Ambrose** [1] - 4092:24
**Ambrose's** [1] - 4092:10
**AMERICA** [1] - 4037:4
**Ami** [1] - 4038:15
**amount** [1] - 4074:7
**ample** [1] - 4093:14
**anesthesiology** [1] - 4092:14
**answer** [4] - 4073:3, 4073:15, 4074:4, 4090:20
**anyway** [1] - 4043:17
**apartment** [2] - 4082:15, 4082:17
**apologies** [1] - 4045:7
**apologize** [1] - 4074:4
**appeal** [1] - 4075:7
**APPEARANCES** [1] - 4037:15
**appearances** [1] - 4038:12
**applicable** [2] - 4077:17, 4078:7
**appropriate** [16] - 4061:8, 4061:25, 4065:13, 4065:22, 4066:2, 4066:4, 4066:16, 4066:20, 4066:24, 4067:1, 4067:6, 4067:8, 4067:18, 4069:15
**appropriateness** [4] - 4065:15, 4065:23, 4066:22, 4067:20
**approval** [1] - 4067:19

**April** [1] - 4092:22
**area** [1] - 4046:3
**argue** [2] - 4061:11, 4065:15
**arguing** [1] - 4085:14
**argument** [2] - 4087:21, 4088:16
**arguments** [8] - 4039:12, 4053:2, 4067:4, 4075:18, 4086:1, 4086:3, 4087:18, 4087:20
**Ariail** [2] - 4038:14, 4093:22
**ARIAIL** [84] - 4037:18, 4038:13, 4039:1, 4039:18, 4039:24, 4041:6, 4041:9, 4041:12, 4041:16, 4041:20, 4047:23, 4049:16, 4052:19, 4056:12, 4059:6, 4059:18, 4060:6, 4060:9, 4061:8, 4062:6, 4063:5, 4064:6, 4068:19, 4069:2, 4069:5, 4069:7, 4069:10, 4069:19, 4070:4, 4070:20, 4071:5, 4071:7, 4071:11, 4071:16, 4071:18, 4071:21, 4072:6, 4072:10, 4072:18, 4072:21, 4073:2, 4073:5, 4073:15, 4073:25, 4074:4, 4074:14, 4074:17, 4075:10, 4075:16, 4075:18, 4075:21, 4075:23, 4076:1, 4076:8, 4076:18, 4076:20, 4077:2, 4077:6, 4077:10, 4077:14, 4077:25, 4078:5, 4078:9, 4078:13, 4078:18, 4078:21, 4078:25, 4079:5, 4079:7, 4079:9, 4079:11, 4079:15, 4079:17, 4080:21, 4082:4, 4082:12, 4089:11, 4090:5, 4090:12, 4094:15, 4095:6, 4096:1, 4096:6, 4096:9
**arises** [1] - 4078:13
**arrange** [3] - 4095:4, 4095:5, 4095:8
**arrangement** [1] - 4095:11
**arrest** [3] - 4080:10, 4082:15, 4082:16
**articulate** [2] - 4041:16, 4049:21
**articulated** [1] - 4043:18
**aside** [1] - 4087:13
**aspect** [1] - 4067:1
**aspersions** [1] - 4093:8
**assertions** [1] - 4092:8
**assistance** [1] - 4092:7
**Assistant** [1] - 4037:19
**assumption** [1] - 4074:6
**astute** [1] - 4092:5
**attempted** [5] - 4070:21, 4070:22, 4070:25, 4071:9, 4093:23
**attention** [1] - 4063:12
**attorney** [3] - 4059:15, 4059:16, 4063:6
**Attorney** [1] - 4037:17
**attorneys** [2] - 4060:3, 4060:4
**Attorneys** [1] - 4037:19
**attorneys'** [1] - 4091:25
**AUSA** [1] - 4093:17
**author** [1] - 4041:14
**available** [7] - 4054:5, 4054:7, 4054:11, 4054:12, 4055:1, 4055:20, 4056:21
**Avenue** [2] - 4082:10, 4092:15

## B

**balance** [1] - 4084:20
**Baltic** [1] - 4093:19
**barely** [1] - 4095:10
**base** [5] - 4069:21, 4069:23, 4070:9, 4070:10, 4070:13
**based** [6] - 4045:20, 4053:4, 4055:6, 4075:8, 4093:4
**basis** [1] - 4061:4
**bear** [1] - 4062:21
**BEFORE** [1] - 4037:12
**begin** [1] - 4094:18
**beginning** [1] - 4049:1
**begins** [7] - 4043:2, 4044:17, 4048:22, 4060:17, 4070:7, 4070:12, 4070:23
**behalf** [1] - 4062:10
**belabor** [1] - 4064:4
**belief** [3] - 4043:19, 4049:5, 4052:1
**believes** [1] - 4062:23
**best** [1] - 4051:8
**better** [4] - 4061:11, 4061:15, 4087:9, 4087:12
**between** [3] - 4089:13, 4092:21, 4092:23
**beyond** [3] - 4043:7, 4070:8, 4070:23
**bible** [1] - 4047:1
**big** [2] - 4066:1, 4066:24
**bit** [3] - 4049:24, 4065:16, 4072:24
**Blackberry** [1] - 4092:20
**BMW** [1] - 4092:17
**Bob** [1] - 4087:15
**bottom** [2] - 4059:13, 4060:6
**bracketed** [1] - 4076:14
**brackets** [2] - 4076:21, 4077:3
**break** [1] - 4094:20
**Bridges** [1] - 4063:11
**bring** [1] - 4063:11
**bringing** [1] - 4056:13
**Brooklyn** [5] - 4037:7, 4037:20, 4038:2, 4093:6, 4093:8
**Brooks** [5] - 4077:16, 4077:20, 4077:24, 4078:1, 4078:2, 4080:12
**burden** [1] - 4081:12
**Bureau** [1] - 4063:1
**Burwell** [1] - 4093:17
**business** [1] - 4093:3
**BY** [2] - 4037:18, 4037:24

## C

**Cadman** [2] - 4037:20, 4038:1
**capability** [2] - 4095:2, 4096:8
**capital** [1] - 4088:6
**car** [1] - 4092:16
**care** [2] - 4092:13, 4095:16
**carefully** [1] - 4045:24
**Carter** [1] - 4093:17

**case** [22] - 4041:4, 4054:5, 4054:8, 4054:11, 4054:19, 4055:20, 4056:5, 4056:22, 4056:24, 4057:5, 4058:21, 4062:12, 4063:5, 4069:11, 4072:19, 4073:4, 4074:9, 4074:10, 4080:6, 4092:5, 4092:17, 4093:17
**cast** [1] - 4093:9
**casts** [1] - 4092:18
**Caton** [1] - 4092:15
**certain** [2] - 4055:13, 4056:21
**certainly** [3] - 4054:21, 4069:2, 4074:14
**change** [5] - 4040:8, 4042:24, 4047:20, 4059:14, 4059:20, 4061:13
**changed** [1] - 4045:5
**changes** [3] - 4038:22, 4039:2, 4068:24
**channels** [1] - 4091:7
**character** [4] - 4043:8, 4043:10, 4043:11, 4094:2
**charge** [42] - 4039:14, 4039:15, 4039:23, 4040:5, 4040:11, 4042:5, 4042:7, 4043:6, 4043:10, 4045:16, 4045:18, 4046:9, 4048:15, 4048:22, 4050:1, 4051:12, 4051:15, 4052:6, 4053:4, 4055:3, 4055:14, 4057:6, 4058:7, 4059:4, 4060:15, 4065:9, 4065:18, 4067:6, 4068:22, 4069:11, 4069:17, 4073:17, 4079:20, 4081:6, 4081:22, 4085:18, 4085:23, 4090:1, 4090:11, 4090:14, 4094:19, 4094:21
**charged** [11] - 4054:19, 4054:23, 4070:25, 4071:9, 4079:18, 4080:2, 4080:8, 4081:14, 4084:12, 4084:18, 4085:1
**charges** [5] - 4043:15, 4055:2, 4055:13, 4058:24
**charging** [1] - 4054:3
**charitably** [1] - 4057:25
**check** [3] - 4084:6, 4095:11
**checking** [1] - 4048:19
**circumstance** [5] - 4043:3, 4044:15, 4049:15, 4050:13, 4051:2
**City** [1] - 4093:7
**clarifies** [1] - 4057:9
**clarity** [5] - 4045:17, 4046:25, 4047:10, 4047:11, 4083:16
**clear** [13] - 4039:18, 4044:10, 4045:10, 4047:23, 4051:7, 4054:18, 4056:23, 4058:7, 4063:6, 4068:7, 4073:21, 4083:15, 4083:25
**clearly** [2] - 4044:8, 4044:9
**clerks** [1] - 4038:22
**client** [4] - 4053:2, 4054:20, 4057:24, 4062:20
**client's** [1] - 4063:7
**clients** [1] - 4062:10
**closing** [5] - 4053:2, 4065:23, 4086:1, 4087:18, 4087:19, 4088:16
**co** [2] - 4075:23, 4090:9

**co-conspiracy** [1] - 4075:23
**co-conspirator** [1] - 4090:9
**cocaine** [6] - 4069:21, 4069:23, 4070:9, 4070:10, 4070:13, 4073:20
**coconspirator** [5] - 4039:17, 4039:20, 4061:4, 4078:14, 4078:16
**college** [1] - 4093:7
**College** [1] - 4093:8
**comma** [2] - 4087:25, 4088:3
**committed** [2] - 4077:11, 4093:21
**complete** [1] - 4060:16
**computer** [1] - 4038:5
**computer-aided** [1] - 4038:5
**concept** [5] - 4043:14, 4043:15, 4043:24, 4044:5, 4044:6
**concepts** [1] - 4046:4
**concern** [7] - 4055:5, 4055:9, 4056:25, 4057:5, 4063:10, 4086:4, 4088:3
**concerned** [1] - 4083:12
**concerning** [3] - 4053:12, 4056:1, 4061:24
**conclude** [3] - 4042:12, 4044:19, 4049:5
**concludes** [1] - 4048:23
**conduct** [7] - 4062:10, 4062:19, 4062:23, 4063:4, 4063:8, 4063:13, 4066:3
**conference** [2] - 4042:7, 4068:8
**confusing** [9] - 4042:22, 4042:23, 4049:2, 4069:13, 4071:23, 4072:4, 4072:24, 4082:5, 4083:13
**confusion** [2] - 4044:4, 4080:15
**connection** [8] - 4039:14, 4040:5, 4055:2, 4067:11, 4072:7, 4090:7, 4090:11, 4093:13
**conscience** [1] - 4062:18
**consciousness** [1] - 4068:8
**consider** [16] - 4057:11, 4058:5, 4062:25, 4066:12, 4067:10, 4079:22, 4079:25, 4081:9, 4081:11, 4082:1, 4082:2, 4084:14, 4084:16, 4084:23, 4084:24
**consideration** [14] - 4042:11, 4050:7, 4050:11, 4050:16, 4050:25, 4053:11, 4055:4, 4055:15, 4055:25, 4057:10, 4059:3, 4081:24, 4091:7, 4091:11
**considerations** [1] - 4055:10
**considered** [6] - 4064:3, 4064:13, 4064:17, 4079:20, 4081:7, 4084:12
**considering** [1] - 4082:2
**consisted** [1] - 4076:20
**conspiracy** [10] - 4069:12, 4072:5, 4072:9, 4072:10, 4072:15, 4075:1, 4075:3, 4075:6, 4075:23, 4088:23
**conspirator** [1] - 4090:9
**conspire** [2] - 4073:18, 4073:19
**conspired** [3] - 4072:22, 4073:11, 4073:13
**constraints** [1] - 4091:6
**contention** [1] - 4091:19

**context** [4] - 4044:4, 4057:17, 4066:12, 4073:16
**continue** [1] - 4081:22
**Continued** [1] - 4086:6
**CONTINUING** [1] - 4087:1
**contrary** [2] - 4060:2, 4093:10
**contribute** [1] - 4073:18
**controlled** [9] - 4069:8, 4069:24, 4070:5, 4070:9, 4070:11, 4070:14, 4072:22, 4073:19, 4084:5
**convenient** [1] - 4067:25
**convict** [8] - 4043:3, 4044:15, 4049:15, 4050:13, 4051:2, 4053:19, 4058:3, 4082:2
**convicted** [5] - 4053:13, 4053:14, 4082:24, 4083:11, 4086:2
**convicting** [1] - 4081:13
**conviction** [28] - 4043:21, 4053:11, 4055:22, 4060:24, 4079:13, 4079:19, 4079:25, 4080:5, 4080:7, 4081:3, 4081:6, 4081:11, 4081:13, 4082:6, 4082:9, 4082:16, 4082:19, 4082:22, 4083:4, 4083:6, 4083:20, 4084:2, 4084:4, 4084:11, 4084:16, 4084:25
**convince** [1] - 4043:10
**convincing** [3] - 4043:8, 4043:9, 4043:11
**cooperating** [4] - 4060:13, 4093:15, 4093:16, 4094:1
**cooperators** [1] - 4080:11
**copy** [3] - 4040:9, 4040:10, 4040:11
**core** [1] - 4043:15
**correct** [3] - 4073:25, 4087:16, 4090:15
**corroborative** [1] - 4080:10
**Counsel** [6] - 4087:5, 4087:6, 4087:8, 4089:18, 4092:7, 4092:8
**counsel** [4] - 4052:21, 4055:21, 4059:7, 4086:1
**counsel's** [1] - 4053:1
**count** [23] - 4042:10, 4042:20, 4043:4, 4044:15, 4044:17, 4046:12, 4049:15, 4050:13, 4051:2, 4051:20, 4071:25, 4072:5, 4072:9, 4072:10, 4073:17, 4080:14, 4081:8, 4081:10, 4081:24, 4084:14, 4084:15, 4084:24
**Count** [13] - 4039:11, 4039:15, 4076:10, 4077:1, 4077:15, 4077:18, 4077:25, 4078:8, 4079:4, 4079:6, 4079:8, 4090:7, 4090:11
**counts** [4] - 4049:15, 4053:21, 4053:22, 4078:24
**couple** [3] - 4094:20, 4095:17, 4096:9
**course** [3] - 4045:21, 4047:2, 4047:4
**Court** [17] - 4038:1, 4041:12, 4054:3, 4054:10, 4055:19, 4062:24, 4062:25, 4063:3, 4065:14, 4067:19, 4068:1, 4074:25, 4086:5, 4088:4, 4089:18, 4094:7, 4094:12
**court** [3] - 4061:5, 4091:15

**COURT** [194] - 4037:1, 4038:12, 4038:16, 4038:20, 4039:2, 4039:8, 4039:10, 4039:22, 4039:25, 4040:3, 4040:8, 4040:18, 4041:8, 4041:10, 4041:14, 4041:18, 4041:21, 4042:4, 4042:15, 4046:11, 4046:16, 4046:20, 4046:22, 4047:3, 4047:5, 4047:8, 4047:10, 4047:17, 4047:21, 4048:1, 4048:4, 4048:8, 4048:11, 4048:17, 4048:19, 4049:9, 4049:12, 4049:18, 4049:22, 4050:18, 4050:22, 4051:4, 4051:9, 4051:20, 4051:25, 4052:4, 4052:6, 4052:9, 4052:20, 4052:22, 4052:25, 4053:13, 4053:18, 4053:23, 4054:1, 4056:18, 4058:9, 4058:17, 4058:19, 4059:5, 4059:9, 4059:17, 4059:19, 4059:24, 4060:5, 4060:8, 4060:13, 4060:25, 4061:2, 4061:7, 4061:10, 4061:17, 4061:20, 4062:1, 4062:4, 4062:8, 4063:9, 4063:21, 4063:24, 4064:8, 4064:14, 4064:17, 4064:21, 4064:24, 4065:4, 4065:7, 4065:21, 4066:14, 4066:18, 4067:7, 4067:17, 4068:3, 4068:10, 4068:12, 4068:14, 4068:25, 4069:3, 4069:6, 4069:9, 4069:18, 4070:1, 4070:19, 4071:4, 4071:6, 4071:10, 4071:14, 4071:17, 4071:20, 4072:5, 4072:14, 4072:20, 4072:25, 4073:4, 4073:8, 4073:23, 4074:1, 4074:9, 4074:15, 4074:18, 4074:23, 4075:12, 4075:17, 4075:22, 4075:24, 4076:4, 4076:6, 4076:17, 4076:19, 4076:24, 4077:3, 4077:7, 4077:9, 4077:13, 4077:23, 4078:3, 4078:6, 4078:10, 4078:12, 4078:17, 4078:20, 4078:23, 4079:2, 4079:6, 4079:8, 4079:10, 4079:16, 4080:19, 4080:25, 4081:4, 4084:19, 4085:8, 4085:12, 4085:15, 4085:19, 4085:24, 4087:5, 4087:7, 4087:10, 4087:19, 4087:23, 4088:1, 4088:5, 4088:11, 4088:14, 4088:19, 4088:21, 4088:25, 4089:3, 4089:8, 4089:12, 4089:15, 4089:20, 4089:23, 4089:25, 4090:10, 4090:13, 4090:16, 4090:19, 4090:22, 4091:4, 4091:9, 4091:13, 4091:15, 4094:6, 4094:16, 4094:18, 4094:18, 4095:8, 4095:21, 4095:24, 4096:3, 4096:7, 4096:11, 4096:17
**Court's** [2] - 4063:12, 4066:24
**Courthouse** [1] - 4037:7
**courts** [2] - 4060:18, 4060:20
**CR** [1] - 4037:4
**crack** [6] - 4073:11, 4073:19, 4075:2, 4075:4, 4075:6, 4090:3
**craft** [2] - 4053:9, 4083:17
**crafted** [2] - 4059:1, 4080:6
**create** [1] - 4091:22
**creates** [1] - 4044:4
**crime** [4] - 4062:12, 4077:11, 4077:15,

4077:25
  **crimes** [6] - 4054:19, 4054:24,
4056:10, 4056:11, 4056:13, 4080:7
  **criminal** [2] - 4083:22, 4084:4
  **critical** [1] - 4092:13
  **cross** [2] - 4057:18, 4093:23
  **cross-examination** [2] - 4057:18,
4093:23
  **current** [1] - 4090:14
  **customarily** [1] - 4053:4
  **cut** [3] - 4039:7, 4039:16, 4081:12

**D**

  **dated** [1] - 4094:12
  **dates** [1] - 4092:21
  **days** [1] - 4095:10
  **deals** [1] - 4067:9
  **dealt** [1] - 4063:24
  **death** [13] - 4054:4, 4054:10, 4054:13,
4054:17, 4055:6, 4055:8, 4055:19,
4056:5, 4056:7, 4056:8, 4056:20,
4056:22, 4057:5
  **decided** [1] - 4064:18
  **decides** [1] - 4047:11
  **deciding** [5] - 4079:25, 4081:11,
4081:13, 4084:16, 4084:25
  **decision** [1] - 4043:13
  **decisions** [1] - 4057:23
  **deep** [1] - 4091:16
  **defend** [1] - 4091:25
  **Defendant** [2] - 4037:9, 4037:22
  **DEFENDANT** [7] - 4089:19, 4091:2,
4091:5, 4091:11, 4091:14, 4091:19,
4094:9
  **defendant** [37] - 4042:20, 4043:4,
4044:15, 4049:15, 4050:13, 4051:2,
4053:5, 4053:10, 4054:14, 4054:23,
4055:22, 4069:13, 4069:16, 4069:18,
4070:5, 4070:17, 4070:18, 4073:10,
4073:18, 4077:11, 4079:17, 4080:1,
4080:12, 4081:14, 4082:1, 4082:16,
4082:24, 4083:11, 4084:17, 4084:25,
4086:2, 4087:20, 4089:17, 4090:23,
4090:24, 4094:12
  **defendant's** [2] - 4043:19, 4082:15
  **defense** [13] - 4047:24, 4050:14,
4052:21, 4053:1, 4057:7, 4058:11,
4059:7, 4060:7, 4067:4, 4067:15,
4067:20, 4078:10, 4085:25
  **Defense** [3] - 4092:4, 4094:16,
4096:15
  **defer** [1] - 4041:20
  **define** [2] - 4045:19, 4046:9
  **defining** [2] - 4045:18, 4050:2
  **degree** [8] - 4077:18, 4077:21,
4077:24, 4078:1, 4078:3, 4078:7,
4083:23, 4084:5
  **deliberation** [1] - 4095:3

  **deliberations** [6] - 4055:10, 4057:3,
4067:2, 4081:10, 4084:15, 4084:24
  **deliverables** [1] - 4088:21
  **denying** [1] - 4092:1
  **designation** [2] - 4062:13, 4063:2
  **designations** [1] - 4062:11
  **designed** [2] - 4057:25, 4067:2
  **details** [1] - 4093:3
  **determination** [2] - 4071:22, 4072:2
  **difference** [2] - 4040:25, 4041:17
  **different** [4] - 4057:21, 4065:24,
4067:20, 4092:18
  **difficult** [1] - 4095:8
  **dire** [1] - 4056:20
  **direct** [2] - 4057:13
  **discharge** [3] - 4039:17, 4090:6,
4090:8
  **discuss** [2] - 4047:13, 4074:2
  **discussed** [9] - 4046:4, 4047:20,
4076:16, 4076:21, 4077:4, 4082:13,
4088:7, 4094:22
  **discussing** [2] - 4047:17, 4071:2
  **discussion** [4] - 4042:6, 4070:20,
4088:12, 4089:21
  **disingenuous** [1] - 4062:9
  **disproves** [1] - 4094:3
  **disputed** [7] - 4079:20, 4080:2,
4081:7, 4081:15, 4084:12, 4084:18,
4085:2
  **distribute** [6] - 4069:8, 4072:22,
4073:11, 4073:13, 4073:19, 4075:2
  **distribution** [3] - 4069:7, 4069:11,
4069:17
  **DISTRICT** [3] - 4037:1, 4037:1,
4037:13
  **done** [6] - 4063:3, 4063:14, 4066:5,
4088:19, 4089:4, 4090:1
  **doubt** [36] - 4042:5, 4042:12, 4042:19,
4043:1, 4043:3, 4043:8, 4043:24,
4044:1, 4044:14, 4044:19, 4044:20,
4044:21, 4045:19, 4045:20, 4045:23,
4045:24, 4046:7, 4046:10, 4048:15,
4049:3, 4049:14, 4050:2, 4050:12,
4051:1, 4051:12, 4051:13, 4051:21,
4070:8, 4070:24, 4091:22
  **down** [4] - 4048:4, 4048:7, 4054:1,
4091:16
  **draft** [4] - 4040:13, 4040:14, 4090:13,
4090:14
  **drafted** [2] - 4091:2, 4091:5
  **driving** [1] - 4092:16
  **drug** [4] - 4069:25, 4071:22, 4083:5,
4093:19
  **drugs** [1] - 4094:24
  **due** [2] - 4046:22, 4091:5
  **during** [8] - 4053:1, 4085:21, 4086:1,
4087:17, 4087:19, 4093:12, 4093:23,
4094:21
  **duty** [4] - 4042:20, 4066:11, 4086:4,
4088:3

**E**

  **easier** [1] - 4096:3
  **East** [2] - 4037:20, 4038:1
  **EASTERN** [1] - 4037:1
  **edit** [1] - 4070:16
  **educate** [1] - 4074:13
  **efforts** [1] - 4091:25
  **eight** [5] - 4052:11, 4076:10, 4076:11,
4076:15, 4076:25
  **eighteen** [2] - 4061:22, 4063:17
  **eighty** [2] - 4079:15, 4079:16
  **either** [2] - 4041:14, 4062:24
  **element** [11] - 4070:4, 4070:12,
4077:11, 4079:19, 4080:2, 4081:6,
4081:15, 4083:1, 4084:11, 4084:18,
4085:2
  **elements** [2] - 4069:22, 4070:24
  **eleven** [1] - 4052:14
  **eliminated** [1] - 4064:10
  **embrace** [1] - 4088:12
  **enamored** [1] - 4041:15
  **end** [5] - 4058:6, 4068:2, 4072:3,
4074:3, 4085:23
  **entire** [1] - 4059:25
  **entirely** [2] - 4057:21, 4068:7
  **entirety** [3] - 4050:9, 4081:18, 4081:25
  **entitled** [1] - 4082:1
  **equipment** [3] - 4095:9, 4095:10,
4096:8
  **ESQ** [2] - 4037:24, 4037:25
  **essentially** [3] - 4041:3, 4043:16,
4050:14
  **established** [1] - 4083:5
  **evaluate** [1] - 4066:22
  **evaluating** [1] - 4094:3
  **event** [2] - 4042:20, 4053:10, 4055:22,
4056:25, 4086:2
  **evidence** [22] - 4042:11, 4045:24,
4050:8, 4050:11, 4050:16, 4050:25,
4053:12, 4054:18, 4056:1, 4066:10,
4066:11, 4067:11, 4080:7, 4080:11,
4082:12, 4092:1, 4094:1, 4094:3,
4094:23, 4094:24, 4096:12
  **ex** [2] - 4089:20, 4090:21
  **exact** [1] - 4054:23
  **exactly** [3] - 4056:14, 4060:21,
4080:18
  **examination** [2] - 4057:18, 4093:23
  **except** [3] - 4057:4, 4076:17, 4094:24
  **exception** [5] - 4068:12, 4081:17,
4085:10, 4088:9, 4088:11
  **exchange** [1] - 4050:20
  **Exhibit** [1] - 4094:7
  **existence** [1] - 4092:12
  **exists** [4] - 4079:21, 4081:8, 4084:13,
4092:13
  **expect** [1] - 4062:22
  **expert** [1] - 4046:25

**explain** [1] - 4072:17
**extent** [3] - 4055:4, 4065:13, 4065:19

## F

**face** [5] - 4053:6, 4053:10, 4056:9, 4086:2, 4087:20
**facilitate** [1] - 4096:2
**facilities** [1] - 4062:11
**facility** [1] - 4062:13
**facing** [4] - 4053:21, 4054:15, 4054:21, 4055:21
**fact** [13] - 4053:13, 4057:4, 4067:10, 4077:20, 4079:21, 4081:8, 4082:14, 4083:10, 4083:15, 4084:13, 4093:15, 4093:17, 4093:24
**facts** [6] - 4091:21, 4092:2, 4092:7, 4092:18, 4093:10, 4094:3
**fair** [8] - 4042:11, 4050:7, 4050:10, 4050:15, 4050:24, 4054:6, 4057:3, 4083:8
**fairly** [1] - 4054:18
**fast** [1] - 4089:4
**fault** [1] - 4057:8
**February** [1] - 4092:21
**federal** [3] - 4060:18, 4060:20, 4061:5
**felon** [1] - 4082:23
**felony** [10] - 4079:12, 4080:5, 4080:6, 4082:9, 4082:25, 4083:11, 4083:19, 4084:2, 4084:4
**few** [2] - 4039:2, 4091:19
**fifteen** [2] - 4052:18, 4079:8
**figuring** [1] - 4096:1
**final** [6] - 4044:11, 4045:12, 4045:13, 4050:5, 4050:8, 4079:24
**financial** [3] - 4092:10, 4092:18, 4092:24
**fine** [12] - 4041:10, 4042:1, 4046:16, 4047:21, 4059:4, 4059:7, 4060:5, 4060:9, 4060:10, 4075:12, 4085:8, 4095:7
**finger** [1] - 4087:10
**firearm** [3] - 4039:17, 4080:10, 4090:9
**firearms** [1] - 4090:6
**firmly** [1] - 4050:3
**first** [11] - 4042:9, 4046:12, 4046:22, 4047:14, 4049:23, 4049:25, 4069:5, 4070:5, 4070:7, 4070:14, 4087:3
**Five** [2] - 4077:15, 4078:1
**five** [5] - 4041:24, 4042:9, 4064:10, 4064:21, 4094:11
**five-page** [1] - 4094:11
**fixed** [1] - 4051:16
**focus** [1] - 4062:12
**follow** [2] - 4043:22, 4076:22
**following** [6] - 4038:11, 4042:25, 4045:16, 4060:1, 4074:11, 4085:22
**follows** [3] - 4050:9, 4065:9, 4092:9
**foreperson** [1] - 4040:10

**form** [4] - 4072:1, 4075:25, 4076:2, 4095:15
**former** [1] - 4093:16
**forth** [2] - 4076:15, 4076:25
**forward** [1] - 4039:21
**four** [8] - 4039:11, 4040:20, 4040:21, 4042:2, 4064:19, 4068:16, 4078:24, 4091:24
**fourteen** [1] - 4052:17
**Fourteen** [2] - 4039:16, 4079:6
**fourth** [1] - 4077:11
**frankly** [1] - 4062:17
**Frederick** [6] - 4077:16, 4077:20, 4077:24, 4078:1, 4078:2, 4080:12
**Friday** [1] - 4088:6
**front** [1] - 4089:21
**fronting** [1] - 4057:18
**full** [1] - 4066:3
**fuller** [1] - 4064:2
**function** [1] - 4065:16
**furthermore** [4] - 4055:20, 4085:22, 4085:25, 4087:19

## G

**Garaufis** [3] - 4047:8, 4047:10, 4047:11
**GARAUFIS** [1] - 4037:12
**Gene** [1] - 4038:1
**generally** [1] - 4067:22
**generic** [2] - 4061:11, 4061:13
**gestures** [1] - 4092:11
**girlfriend** [1] - 4092:12
**given** [4] - 4071:24, 4075:18, 4093:17, 4093:19
**Gleeson** [1] - 4095:18
**government** [19] - 4039:13, 4039:19, 4053:25, 4054:25, 4055:5, 4055:18, 4057:14, 4058:10, 4059:15, 4060:7, 4060:14, 4068:18, 4068:23, 4068:25, 4070:8, 4070:23, 4078:20, 4083:12, 4083:16
**Government** [6] - 4037:17, 4092:2, 4092:22, 4093:11, 4093:18, 4094:14
**Government's** [2] - 4093:25, 4094:4
**government's** [6] - 4053:3, 4055:8, 4057:8, 4057:13, 4058:8, 4065:10
**grams** [5] - 4072:16, 4073:11, 4075:4, 4075:6, 4089:7
**gravity** [1] - 4062:12
**great** [2] - 4089:10, 4089:11
**guess** [4] - 4042:23, 4049:4, 4062:14, 4078:19
**guilt** [3] - 4043:19, 4068:8, 4071:22
**guilty** [4] - 4040:23, 4056:13, 4061:4, 4069:14
**gun** [6] - 4058:24, 4080:2, 4081:14, 4083:2, 4084:17, 4085:1
**guns** [1] - 4094:24

**guy** [1] - 4058:2

## H

**hand** [10] - 4040:24, 4041:4, 4042:25, 4043:1, 4044:13, 4049:2, 4049:13, 4050:10, 4050:24, 4061:24
**handled** [1] - 4053:5
**handwritten** [1] - 4094:11
**hard** [2] - 4091:17, 4095:21
**hardly** [1] - 4066:24
**headed** [1] - 4077:10
**hear** [2] - 4039:25, 4068:25
**heard** [2] - 4040:1, 4083:12
**heavy** [2] - 4058:1, 4094:2
**help** [1] - 4044:21
**helpful** [2] - 4069:4, 4077:19
**helps** [1] - 4049:18
**hereafter** [1] - 4047:6
**heroin** [1] - 4069:21
**HERRON** [1] - 4037:8
**Herron** [3] - 4038:18, 4070:17, 4070:18
**hesitate** [8] - 4042:18, 4043:12, 4045:9, 4045:25, 4046:8, 4051:14, 4051:22, 4060:19
**high** [1] - 4093:5
**hold** [2] - 4071:4, 4079:2
**home** [1] - 4052:7
**homicide** [2] - 4039:20, 4079:1
**honestly** [3] - 4042:12, 4044:19, 4049:5
**Honor** [73] - 4038:13, 4038:19, 4039:1, 4039:18, 4039:24, 4041:6, 4041:16, 4041:20, 4042:3, 4042:6, 4042:9, 4042:10, 4042:22, 4043:2, 4043:5, 4043:14, 4043:19, 4045:21, 4046:3, 4047:2, 4047:7, 4047:23, 4048:20, 4049:17, 4051:3, 4051:7, 4051:11, 4052:5, 4052:19, 4054:3, 4055:5, 4057:13, 4058:14, 4058:16, 4059:3, 4059:23, 4061:9, 4062:7, 4063:5, 4064:7, 4065:3, 4065:9, 4066:8, 4066:13, 4067:25, 4068:19, 4071:11, 4071:16, 4071:18, 4072:6, 4073:3, 4073:25, 4074:8, 4074:14, 4074:22, 4075:10, 4075:16, 4076:1, 4078:5, 4078:9, 4080:22, 4089:14, 4089:22, 4090:5, 4090:17, 4091:2, 4091:12, 4090:5, 4094:15, 4094:17, 4095:6, 4096:2
**Honor's** [1] - 4048:21
**HONORABLE** [1] - 4037:12
**hopefully** [1] - 4091:7
**house** [1] - 4092:14
**hundred** [1] - 4062:15

## I

identical [1] - 4041:3
identification [2] - 4063:21, 4064:2
identify [2] - 4083:10, 4087:7
identify.. [1] - 4087:4
impartial [5] - 4042:11, 4050:7, 4050:10, 4050:15, 4050:25
importance [6] - 4042:18, 4045:10, 4046:1, 4046:8, 4051:14, 4051:22
important [5] - 4043:13, 4043:21, 4045:22, 4057:23, 4063:3
imposing [2] - 4086:5, 4088:3
imprimatur [1] - 4066:24
imprisonment [8] - 4053:7, 4053:10, 4054:12, 4054:15, 4054:21, 4055:1, 4055:13, 4058:15
include [1] - 4051:12
included [2] - 4073:17, 4092:4
including [4] - 4056:7, 4080:8, 4080:9
inconsistent [2] - 4066:7, 4066:8
indeed [3] - 4056:22, 4060:17, 4060:20
indicate [2] - 4055:12, 4066:5
indication [1] - 4093:11
indicative [1] - 4092:24
indictment [6] - 4044:17, 4051:20, 4076:9, 4076:11, 4077:1, 4079:18
individuals [1] - 4040:24
ineffective [2] - 4092:6, 4092:8
infect [1] - 4057:2
inference [1] - 4056:15
information [1] - 4065:18
informed [2] - 4054:18, 4056:4
injecting [2] - 4044:6, 4065:13
innocence [1] - 4071:22
insert [1] - 4044:24
inserted [1] - 4046:3
insinuate [1] - 4093:23
insinuations [1] - 4091:21
insisted [1] - 4092:2
instead [7] - 4040:25, 4044:6, 4045:6, 4050:1, 4059:15, 4071:8, 4076:15
instruct [8] - 4056:21, 4065:9, 4065:17, 4079:19, 4081:3, 4081:5, 4082:18, 4084:11
instructed [2] - 4077:17, 4078:7
instruction [3] - 4040:23, 4043:7, 4064:19
instructions [2] - 4046:24, 4048:12
intended [2] - 4055:14, 4065:18
intent [1] - 4069:7
intentional [1] - 4070:13
intentionally [1] - 4073:10
intentions [1] - 4093:3
Interest [1] - 4092:23
interesting [1] - 4066:19
interviews [1] - 4059:14

investigation [4] - 4065:24, 4066:3, 4067:21, 4067:22
involve [1] - 4075:4
involved [1] - 4072:16
involvement [1] - 4063:7
involves [1] - 4043:16
ironic [2] - 4065:21, 4065:25
issue [11] - 4059:7, 4068:1, 4069:5, 4071:11, 4071:22, 4073:21, 4075:7, 4078:13, 4085:14, 4088:15, 4090:6
issues [7] - 4039:5, 4062:16, 4081:13, 4089:18, 4091:19, 4092:8, 4092:9
Items [1] - 4092:23
itself [3] - 4040:6, 4060:24, 4072:3

## J

jail [3] - 4053:15, 4053:16, 4053:19
JAMES [1] - 4037:25
James [1] - 4038:17
January [1] - 4093:2
job [1] - 4062:20
Jonathan [1] - 4093:1
Judge [12] - 4038:25, 4040:21, 4043:6, 4043:15, 4045:16, 4046:6, 4046:23, 4051:10, 4054:2, 4081:16, 4088:13, 4095:18
JUDGE [1] - 4037:13
judge [9] - 4039:6, 4045:2, 4048:6, 4056:3, 4059:13, 4061:23, 4063:20, 4068:6, 4068:20
judges [1] - 4051:8
June [3] - 4037:9, 4094:13, 4096:20
juror [2] - 4040:9, 4040:11
juror's [1] - 4091:23
jurors [3] - 4055:6, 4056:21, 4058:1
jury [51] - 4037:13, 4038:11, 4040:11, 4040:12, 4044:21, 4046:10, 4048:11, 4050:15, 4053:6, 4053:18, 4054:6, 4054:13, 4054:17, 4054:22, 4055:9, 4056:4, 4057:6, 4057:22, 4058:5, 4058:21, 4059:2, 4059:8, 4065:18, 4065:19, 4066:1, 4066:11, 4066:12, 4066:21, 4066:22, 4067:10, 4073:12, 4074:25, 4075:8, 4080:15, 4082:1, 4083:12, 4083:13, 4083:15, 4090:1, 4090:14, 4092:11, 4094:25, 4095:3, 4095:12, 4095:14, 4095:15, 4095:19, 4096:4
jury's [4] - 4055:3, 4057:2, 4057:9, 4065:16

## K

keen [1] - 4092:5
keep [1] - 4050:7
Kendale [1] - 4058:13
killing [1] - 4093:21

kind [3] - 4047:18, 4047:25, 4058:25
knowing [5] - 4070:13, 4080:1, 4081:14, 4084:17, 4085:1
known [1] - 4093:21
knows [1] - 4092:12

## L

lack [2] - 4066:10
Lafayette [1] - 4037:23
language [50] - 4039:14, 4041:9, 4041:11, 4041:13, 4042:13, 4042:18, 4042:24, 4043:17, 4044:2, 4045:13, 4046:2, 4046:6, 4048:21, 4051:10, 4051:12, 4053:8, 4053:24, 4054:1, 4056:6, 4057:11, 4059:1, 4059:5, 4059:10, 4059:22, 4059:24, 4060:17, 4060:19, 4060:20, 4060:22, 4061:8, 4061:24, 4062:7, 4068:1, 4068:9, 4069:12, 4069:23, 4076:9, 4076:14, 4080:4, 4080:13, 4082:20, 4083:17, 4083:20, 4084:10, 4085:11, 4085:22, 4087:3, 4088:15
laptop [2] - 4095:19, 4095:21
laptops [1] - 4096:10
last [20] - 4046:17, 4047:13, 4047:14, 4047:22, 4048:3, 4048:23, 4054:4, 4065:8, 4068:7, 4070:21, 4071:7, 4071:21, 4074:16, 4074:22, 4075:19, 4076:8, 4077:19, 4078:17, 4078:18, 4095:17
law [14] - 4038:22, 4060:18, 4060:25, 4061:1, 4061:3, 4061:6, 4061:12, 4061:13, 4074:9, 4074:10, 4092:5, 4092:6
lawful [6] - 4065:11, 4065:13, 4065:17, 4067:1, 4067:13, 4067:14
laws [2] - 4077:17, 4078:7
lawyer [2] - 4062:18, 4062:22
lawyer's [1] - 4063:11
lawyers [2] - 4062:9, 4062:15
lead [1] - 4093:16
leading [1] - 4083:13
least [6] - 4053:15, 4072:16, 4073:13, 4074:18, 4075:4, 4082:13
leave [3] - 4064:21, 4067:9, 4074:18
legitimate [1] - 4093:3
length [1] - 4093:3
lesser [1] - 4073:17
letter [8] - 4063:6, 4090:24, 4091:2, 4091:5, 4093:1, 4094:11, 4094:12
liability [7] - 4039:17, 4039:20, 4075:23, 4078:14, 4078:16, 4078:23, 4090:9
life [33] - 4042:19, 4043:21, 4045:10, 4046:1, 4046:9, 4046:13, 4046:14, 4048:24, 4050:19, 4050:23, 4051:15, 4051:23, 4053:3, 4053:7, 4053:15, 4053:16, 4053:20, 4053:22, 4054:12,

4054:15, 4054:21, 4055:12, 4056:10, 4057:7, 4057:12, 4057:16, 4057:23, 4057:24, 4058:2, 4058:11, 4058:15, 4058:22, 4085:21

**light** [7] - 4039:12, 4053:6, 4067:4, 4085:20, 4092:1, 4092:18, 4093:24
**likely** [3] - 4080:1, 4081:12, 4085:3
**line** [1] - 4048:23
**lines** [1] - 4096:10
**lingering** [1] - 4057:1
**listening** [2] - 4047:5, 4071:20
**lived** [1] - 4092:14
**lives** [2] - 4044:3, 4045:11
**load** [1] - 4058:1
**logic** [1] - 4074:11
**logically** [2] - 4043:22, 4043:24
**look** [3] - 4038:22, 4049:16, 4096:1
**looking** [1] - 4039:1
**looks** [1] - 4038:23
**LORETTA** [1] - 4037:17
**lunch** [2] - 4089:4, 4089:5
**LYNCH** [1] - 4037:17

## M

**main** [1] - 4039:14
**mandatory** [1] - 4053:22
**Marayag** [1] - 4038:15
**marshal** [1] - 4094:23
**marshalling** [1] - 4094:22
**material** [1] - 4052:1
**matter** [6] - 4042:18, 4043:21, 4046:1, 4046:8, 4051:14, 4057:4
**matters** [4] - 4045:9, 4051:22, 4092:5, 4092:6
**maximum** [4] - 4054:8, 4054:11, 4054:15, 4054:20
**MDX** [1] - 4092:16
**mean** [4] - 4057:25, 4075:22, 4082:8, 4082:11
**means** [1] - 4065:24
**meantime** [1] - 4075:13
**mechanical** [1] - 4038:4
**messages** [1] - 4092:21
**mic** [1] - 4091:16
**middle** [2] - 4079:12, 4081:2
**might** [7] - 4040:22, 4053:18, 4055:6, 4056:3, 4056:15, 4061:11, 4066:4
**mind** [6] - 4062:17, 4062:21, 4067:3, 4068:18, 4091:23, 4094:2
**minds** [5] - 4055:4, 4055:6, 4055:11, 4055:15, 4083:1
**minutes** [2] - 4082:9, 4089:12
**mislead** [1] - 4053:18
**misleading** [2] - 4091:22, 4093:17
**miss** [2] - 4048:17, 4070:2
**misspoke** [1] - 4049:23
**misunderstand** [1] - 4051:19
**misunderstanding** [3] - 4056:19,

4057:1, 4057:2
**misunderstood** [2] - 4045:7, 4049:24
**model** [4] - 4045:17, 4046:24, 4047:10, 4047:11
**modification** [2] - 4048:14, 4048:16
**moment** [1] - 4064:8, 4089:22
**months** [1] - 4095:17
**morning** [5] - 4038:13, 4038:16, 4038:19, 4038:20, 4094:18
**most** [2] - 4042:21, 4057:23
**move** [3] - 4041:19, 4067:1, 4096:12
**MR** [259] - 4038:13, 4038:17, 4038:25, 4039:1, 4039:6, 4039:9, 4039:11, 4039:18, 4039:24, 4040:1, 4040:7, 4040:15, 4040:16, 4040:17, 4040:21, 4041:6, 4041:9, 4041:12, 4041:16, 4041:20, 4042:1, 4042:2, 4042:5, 4042:16, 4044:10, 4044:13, 4044:16, 4044:23, 4044:24, 4045:1, 4045:3, 4045:4, 4045:6, 4045:7, 4045:15, 4046:15, 4046:19, 4046:21, 4047:2, 4047:4, 4047:7, 4047:9, 4047:14, 4047:19, 4047:23, 4048:3, 4048:6, 4048:10, 4048:13, 4048:18, 4048:20, 4049:7, 4049:10, 4049:13, 4049:16, 4049:20, 4049:23, 4050:17, 4050:20, 4051:3, 4051:5, 4051:10, 4051:16, 4051:17, 4051:19, 4051:24, 4052:2, 4052:5, 4052:8, 4052:19, 4052:21, 4052:23, 4053:1, 4053:17, 4053:21, 4053:24, 4054:2, 4054:25, 4055:24, 4055:25, 4056:3, 4056:12, 4056:16, 4057:12, 4057:16, 4058:13, 4058:18, 4059:1, 4059:6, 4059:13, 4059:18, 4059:21, 4059:22, 4059:25, 4060:1, 4060:6, 4060:9, 4060:12, 4060:15, 4061:1, 4061:6, 4061:8, 4061:16, 4061:19, 4061:23, 4062:3, 4062:6, 4063:5, 4063:20, 4063:23, 4063:25, 4064:6, 4064:12, 4064:16, 4064:20, 4064:23, 4065:2, 4065:5, 4065:8, 4066:8, 4066:17, 4066:19, 4067:15, 4067:25, 4068:6, 4068:11, 4068:13, 4068:19, 4068:20, 4069:2, 4069:5, 4069:7, 4069:10, 4069:19, 4070:4, 4070:20, 4071:5, 4071:7, 4071:11, 4071:16, 4071:18, 4071:21, 4072:6, 4072:8, 4072:10, 4072:18, 4072:21, 4073:2, 4073:5, 4073:15, 4073:25, 4074:4, 4074:6, 4074:14, 4074:17, 4074:21, 4075:10, 4075:14, 4075:16, 4075:18, 4075:20, 4075:23, 4076:1, 4076:5, 4076:8, 4076:18, 4076:20, 4077:2, 4077:6, 4077:8, 4077:10, 4077:14, 4077:18, 4078:5, 4078:9, 4078:11, 4078:13, 4078:18, 4078:21, 4078:25, 4079:5, 4079:7, 4079:9, 4079:11, 4079:14, 4079:15, 4079:17, 4080:21, 4080:24, 4081:1, 4081:5, 4081:16, 4081:20, 4081:21,

4082:4, 4082:8, 4082:12, 4082:20, 4083:7, 4083:9, 4083:10, 4083:18, 4083:22, 4083:23, 4084:1, 4084:2, 4084:3, 4084:6, 4084:8, 4084:22, 4085:3, 4085:5, 4085:6, 4085:7, 4085:10, 4085:13, 4085:16, 4085:17, 4085:20, 4085:25, 4087:2, 4087:6, 4087:9, 4087:12, 4087:16, 4087:17, 4087:22, 4087:25, 4088:2, 4088:10, 4088:13, 4088:18, 4088:20, 4088:22, 4089:1, 4089:5, 4089:6, 4089:10, 4089:11, 4089:14, 4089:16, 4089:22, 4090:5, 4090:12, 4090:15, 4090:17, 4090:20, 4090:24, 4094:15, 4094:17, 4095:6, 4095:16, 4095:23, 4096:1, 4096:6, 4096:9, 4096:16
**murder** [17] - 4053:14, 4055:2, 4070:21, 4070:22, 4070:25, 4071:9, 4077:16, 4077:18, 4077:21, 4077:23, 4078:1, 4078:2, 4078:8, 4078:14, 4080:12, 4093:25
**murders** [1] - 4058:23
**must** [7] - 4043:8, 4070:8, 4070:25, 4071:8, 4071:9, 4071:23, 4072:14

## N

**narcotic** [1] - 4069:24
**narcotics** [5] - 4069:11, 4080:9, 4082:10, 4083:11, 4088:23
**narrow** [1] - 4047:20
**narrowly** [1] - 4080:5
**nature** [2] - 4057:17, 4082:22
**necessarily** [3] - 4040:22, 4058:22, 4072:19
**necessary** [4] - 4045:9, 4073:9, 4087:4, 4087:7
**need** [12] - 4040:22, 4059:10, 4067:21, 4071:12, 4072:1, 4072:12, 4073:6, 4080:21, 4088:25, 4091:20, 4094:23, 4096:12
**needed** [1] - 4041:2
**needs** [3] - 4080:13, 4080:17, 4090:21
**negotiated** [1] - 4064:7
**NEUMAN** [47] - 4037:25, 4040:7, 4040:15, 4040:21, 4042:1, 4044:23, 4045:3, 4045:6, 4046:19, 4046:21, 4047:14, 4047:19, 4052:8, 4056:3, 4056:16, 4059:13, 4059:21, 4060:1, 4061:23, 4062:3, 4063:20, 4063:23, 4063:25, 4064:12, 4064:16, 4064:20, 4064:23, 4068:6, 4068:11, 4068:13, 4072:8, 4074:6, 4075:20, 4076:5, 4077:8, 4078:11, 4079:14, 4083:9, 4084:2, 4085:5, 4085:16, 4087:2, 4087:6, 4087:13, 4088:10, 4088:13, 4089:1
**Neuman** [3] - 4038:17, 4041:22, 4056:19

**neutral** [1] - 4087:8

**never** [2] - 4057:5, 4067:15

**NEW** [1] - 4037:1

**New** [9] - 4037:7, 4037:20, 4037:24, 4038:2, 4070:21, 4070:22, 4093:6, 4093:7, 4093:8

**next** [23] - 4042:21, 4043:24, 4045:23, 4050:23, 4051:25, 4059:11, 4060:11, 4061:18, 4063:16, 4067:24, 4070:10, 4070:16, 4071:10, 4071:11, 4075:15, 4076:7, 4077:9, 4077:16, 4078:12, 4079:10, 4085:9, 4086:6, 4094:8

**NGG** [1] - 4037:4

**NICHOLAS** [1] - 4037:12

**nine** [2] - 4052:12, 4062:15

**nineteen** [1] - 4063:18

**NITZE** [51] - 4037:18, 4039:6, 4039:9, 4039:11, 4040:17, 4044:10, 4044:16, 4044:24, 4045:7, 4049:7, 4049:20, 4049:23, 4050:20, 4051:16, 4051:19, 4052:21, 4052:23, 4053:1, 4054:25, 4055:25, 4057:16, 4066:17, 4066:19, 4067:25, 4080:24, 4081:1, 4081:5, 4081:20, 4082:20, 4083:18, 4083:23, 4084:3, 4084:8, 4084:22, 4085:6, 4085:10, 4085:13, 4085:17, 4085:20, 4085:25, 4087:9, 4087:12, 4087:17, 4087:22, 4087:25, 4088:2, 4088:20, 4088:22, 4089:5, 4089:10, 4090:15

**Nitze** [3] - 4038:14, 4045:15, 4081:17

**normal** [1] - 4091:6

**normally** [1] - 4095:12

**note** [1] - 4069:10

**noted** [2] - 4086:3, 4087:25

**notes** [3] - 4054:4, 4054:10, 4055:19

**nothing** [10] - 4040:7, 4068:21, 4079:21, 4081:9, 4084:14, 4084:20, 4086:3, 4087:21, 4090:1, 4090:3

**number** [4] - 4041:22, 4058:21, 4094:7, 4094:8

**numerous** [2] - 4092:20, 4093:18

**nurse** [1] - 4092:13

**NY** [1] - 4037:24

# O

**o'clock** [4] - 4037:9, 4089:8, 4089:9, 4089:13

**object** [2] - 4062:18, 4068:8

**objection** [6] - 4050:17, 4062:6, 4066:15, 4085:7, 4087:3, 4088:16

**objections** [5] - 4062:9, 4062:24, 4068:21, 4074:4, 4087:13

**objects** [1] - 4054:25

**obligation** [1] - 4063:11

**observation** [1] - 4045:15

**obvious** [1] - 4054:22

**obviously** [5] - 4040:3, 4051:7, 4053:21, 4069:10, 4080:17

**occurred** [3] - 4038:11, 4083:23, 4084:8

**OF** [3] - 4037:1, 4037:4, 4037:12

**offense** [10] - 4062:9, 4062:19, 4062:23, 4063:4, 4063:8, 4063:12, 4080:3, 4081:15, 4084:18, 4085:2

**offer** [1] - 4094:5

**offered** [3] - 4062:9, 4062:11, 4095:13

**oftentimes** [1] - 4062:15

**omission** [1] - 4049:6

**omitted** [4] - 4048:24, 4049:4, 4091:21, 4093:16

**One** [4] - 4076:10, 4077:1, 4077:18, 4078:8

**one** [30] - 4039:7, 4040:20, 4041:14, 4042:7, 4042:9, 4045:18, 4046:5, 4047:12, 4047:20, 4050:6, 4054:3, 4057:22, 4064:7, 4064:8, 4064:19, 4065:1, 4066:9, 4066:10, 4070:4, 4071:19, 4072:11, 4072:12, 4073:10, 4076:11, 4076:13, 4076:22, 4077:5, 4081:17, 4089:22, 4090:5

**oooOooo** [1] - 4096:22

**opportunity** [2] - 4089:1, 4089:7

**opposed** [2] - 4069:16, 4077:21

**opposite** [2] - 4055:14

**order** [2] - 4066:3, 4073:24

**original** [2] - 4047:15, 4048:9

**otherwise** [4] - 4073:8, 4074:10, 4091:22, 4093:20

**ought** [1] - 4039:7

**overstated** [2] - 4062:23, 4063:4

**overstatement** [3] - 4062:12, 4062:19, 4063:12

**owe** [1] - 4088:22

**own** [14] - 4042:19, 4043:21, 4044:3, 4045:9, 4045:11, 4046:1, 4046:9, 4046:13, 4050:19, 4050:20, 4050:23, 4051:15, 4051:22, 4093:22

**owned** [1] - 4092:16

**owner** [2] - 4092:14, 4092:15

# P

**P.C** [1] - 4037:23

**page** [48] - 4039:10, 4039:11, 4040:18, 4040:21, 4041:23, 4042:2, 4042:9, 4052:9, 4052:10, 4052:11, 4052:12, 4052:23, 4059:14, 4060:2, 4060:6, 4061:25, 4064:25, 4065:2, 4068:3, 4069:3, 4069:5, 4070:4, 4070:12, 4070:16, 4070:20, 4071:12, 4071:16, 4071:18, 4075:16, 4075:20, 4075:21, 4076:8, 4077:10, 4078:13, 4078:15, 4078:22, 4079:3, 4079:11, 4079:14, 4081:2, 4085:13, 4085:16, 4085:17, 4086:6, 4090:10, 4094:11

**pages** [2] - 4040:20, 4067:13

**painstaking** [1] - 4091:25

**paragraph** [49] - 4042:10, 4042:21, 4042:24, 4043:5, 4043:16, 4043:18, 4043:22, 4043:23, 4044:11, 4044:17, 4044:20, 4045:1, 4045:12, 4045:14, 4045:18, 4046:11, 4046:12, 4046:17, 4047:22, 4048:3, 4048:23, 4049:1, 4049:25, 4050:5, 4050:8, 4050:23, 4051:16, 4051:18, 4051:21, 4051:25, 4052:22, 4052:23, 4052:24, 4054:4, 4060:16, 4064:10, 4065:5, 4070:7, 4074:22, 4076:8, 4077:10, 4078:17, 4078:19, 4079:12, 4083:18, 4084:20, 4085:17

**paragraphs** [4] - 4064:19, 4076:10, 4076:15, 4076:25

**parole** [1] - 4058:15

**part** [7] - 4049:6, 4051:6, 4056:22, 4056:23, 4059:2, 4066:21, 4081:25

**parte** [2] - 4089:20, 4090:21

**participation** [1] - 4093:20

**particular** [3] - 4066:22, 4074:24, 4080:16

**parties** [1] - 4082:24

**parts** [2] - 4051:6, 4052:3

**past** [1] - 4068:3

**patient** [1] - 4091:14

**Paul** [1] - 4038:14

**PAUL** [1] - 4037:19

**Paul's** [1] - 4092:11

**pause** [7] - 4039:4, 4041:5, 4049:19, 4062:5, 4064:9, 4071:15, 4080:23

**Pause** [1] - 4089:24

**penalties** [2] - 4055:21, 4057:18

**penalty** [16] - 4053:5, 4054:5, 4054:10, 4054:13, 4054:17, 4055:6, 4055:8, 4055:15, 4055:17, 4055:19, 4056:5, 4056:7, 4056:8, 4056:20, 4056:22, 4057:5

**people** [1] - 4062:15

**perfectly** [3] - 4059:4, 4059:6, 4066:2

**perhaps** [2] - 4041:16, 4045:12

**period** [1] - 4045:20

**permit** [1] - 4074:25

**person** [10] - 4042:17, 4043:12, 4045:23, 4045:25, 4046:8, 4050:3, 4051:14, 4051:21, 4092:12

**perspective** [1] - 4063:11

**pertains** [1] - 4092:9

**phone** [1] - 4092:21

**phrase** [4] - 4039:7, 4039:9, 4039:16, 4050:8

**pick** [1] - 4091:17

**Pinkerton** [3] - 4039:13, 4075:22, 4078:23

**place** [2] - 4041:1, 4046:13

**placed** [1] - 4076:14

**Plaza** [2] - 4037:20, 4038:1

**pleas** [1] - 4040:23

**pled** [2] - 4056:12, 4084:7

**plural** [2] - 4040:25, 4041:3
**point** [16] - 4039:18, 4039:21, 4046:2, 4047:3, 4050:2, 4051:17, 4054:2, 4056:3, 4056:17, 4060:19, 4063:2, 4067:5, 4068:20, 4068:21, 4074:21, 4095:9
**pointed** [1] - 4074:8
**pointing** [1] - 4087:10
**points** [2] - 4042:7, 4066:9
**position** [5] - 4039:13, 4049:20, 4058:8, 4065:25, 4066:13
**possessed** [2] - 4070:5, 4079:18
**possession** [10] - 4069:7, 4070:13, 4080:1, 4080:9, 4081:14, 4082:23, 4083:22, 4084:4, 4084:17, 4085:1
**possibility** [2] - 4054:15, 4058:12
**possible** [9] - 4055:4, 4055:21, 4086:1, 4086:4, 4087:20, 4087:23, 4088:2, 4094:20, 4096:13
**potential** [3] - 4056:1, 4056:10, 4056:21
**preceding** [2] - 4043:23, 4045:1
**present** [1] - 4094:1
**presented** [1] - 4092:3
**presentence** [3] - 4061:24, 4062:10, 4063:1
**preserve** [1] - 4091:25
**pretty** [3] - 4038:23, 4045:10, 4054:21
**previous** [1] - 4042:6
**previously** [2] - 4083:11, 4088:8
**prison** [4] - 4057:24, 4062:15, 4092:17, 4093:2
**Prisons** [1] - 4063:2
**problem** [13] - 4040:1, 4041:6, 4041:25, 4045:8, 4047:21, 4050:18, 4053:24, 4054:16, 4056:18, 4059:3, 4081:16, 4083:16, 4095:24
**proceeded** [1] - 4039:12
**proceedings** [1] - 4089:24
**Proceedings** [1] - 4038:4
**process** [1] - 4056:5
**produced** [1] - 4038:5
**proffer** [1] - 4093:18
**proof** [4] - 4043:7, 4043:8, 4043:11, 4070:8
**proper** [4] - 4058:5, 4059:2, 4062:19, 4065:17
**properly** [4] - 4053:6, 4055:11, 4055:24, 4055:25
**proposal** [8] - 4041:21, 4047:15, 4048:22, 4050:6, 4050:14, 4063:10, 4080:24, 4081:1
**propose** [5] - 4042:24, 4055:18, 4085:11, 4085:21, 4091:7
**proposed** [8] - 4041:9, 4043:6, 4043:15, 4046:6, 4047:24, 4048:11, 4048:14, 4084:10
**proposes** [2] - 4045:17, 4051:12
**proposing** [5] - 4043:17, 4048:24, 4049:6, 4053:25, 4068:23

**proposition** [1] - 4093:4
**propounded** [1] - 4093:11
**proven** [7] - 4070:23, 4070:25, 4071:8, 4071:9, 4072:15, 4073:14, 4074:19
**provide** [2] - 4065:19, 4066:12
**providing** [2] - 4095:3, 4096:7
**prudent** [11] - 4042:17, 4045:2, 4045:3, 4045:6, 4046:13, 4049:25, 4050:3, 4050:4, 4050:21, 4050:22, 4051:21
**punishment** [17] - 4052:24, 4053:12, 4054:5, 4054:7, 4054:11, 4055:4, 4055:20, 4056:2, 4056:7, 4057:4, 4058:6, 4085:14, 4085:18, 4086:4, 4088:2, 4088:6, 4088:7
**purpose** [7] - 4044:20, 4055:3, 4067:5, 4079:22, 4081:10, 4084:15, 4084:23
**purposes** [1] - 4072:23
**put** [10] - 4041:22, 4043:14, 4044:18, 4050:22, 4051:15, 4058:12, 4058:19, 4077:22, 4083:20
**puts** [1] - 4055:15
**putting** [3] - 4050:23, 4062:17, 4063:15

## Q

**qualified** [2] - 4054:17, 4081:21
**quantity** [1] - 4071:23
**quash** [1] - 4057:1
**questioning** [1] - 4057:8
**questionnaire** [3] - 4055:7, 4056:4, 4056:23
**questions** [3] - 4057:14, 4073:24, 4075:1
**quickly** [1] - 4094:20
**quite** [1] - 4052:8
**quote** [1] - 4051:13

## R

**racketeering** [24] - 4053:14, 4058:24, 4071:1, 4071:8, 4071:18, 4071:24, 4072:8, 4072:11, 4072:13, 4072:14, 4072:23, 4073:10, 4074:25, 4075:8, 4076:3, 4076:11, 4076:12, 4076:13, 4076:21, 4076:22, 4077:4, 4080:8, 4093:25
**Racketeering** [2] - 4088:23, 4090:3
**raise** [3] - 4042:7, 4062:9, 4062:16
**raised** [4] - 4057:7, 4067:20, 4089:16, 4091:20
**raises** [1] - 4067:18
**rather** [6] - 4044:4, 4060:3, 4060:21, 4060:24, 4066:25, 4081:24
**reach** [1] - 4067:11
**read** [20] - 4044:12, 4045:13, 4049:9, 4050:8, 4050:24, 4054:9, 4059:23,

4059:25, 4060:3, 4063:10, 4070:5, 4070:25, 4076:20, 4077:4, 4081:5, 4081:19, 4084:20, 4091:8, 4091:9
**reading** [1] - 4040:12
**reads** [3] - 4043:7, 4055:19, 4077:14
**reality** [1] - 4054:14
**really** [9] - 4041:3, 4041:18, 4044:4, 4048:24, 4049:25, 4072:20, 4082:7, 4082:17, 4095:16
**reason** [6] - 4045:20, 4055:2, 4061:12, 4061:14, 4061:15, 4066:23
**reasonable** [33] - 4042:5, 4042:13, 4042:17, 4042:19, 4043:2, 4043:7, 4043:12, 4043:24, 4043:25, 4044:14, 4044:18, 4044:21, 4044:25, 4045:4, 4045:18, 4045:23, 4045:25, 4046:7, 4046:8, 4046:10, 4046:13, 4048:15, 4049:14, 4050:1, 4050:2, 4050:12, 4051:1, 4051:12, 4051:13, 4051:14, 4070:8, 4070:24, 4091:23
**rebuttal** [1] - 4092:11
**recitation** [1] - 4069:22
**recollection** [2] - 4064:6, 4064:24
**recommended** [1] - 4064:11
**record** [14] - 4044:9, 4053:12, 4056:1, 4056:17, 4062:22, 4064:5, 4068:7, 4068:11, 4083:4, 4091:8, 4091:10
**recorded** [1] - 4038:4
**recording** [1] - 4065:10
**records** [3] - 4092:20, 4093:5
**redacted** [1] - 4095:15
**reference** [9] - 4053:2, 4055:1, 4055:8, 4055:21, 4069:13, 4070:17, 4076:9, 4077:20, 4087:19
**references** [9] - 4053:5, 4053:7, 4053:8, 4053:9, 4069:20, 4069:22, 4085:20, 4085:25, 4087:17
**referred** [1] - 4045:21
**referring** [1] - 4058:16
**regard** [3] - 4077:18, 4078:8, 4090:2
**regarding** [2] - 4042:8, 4089:18
**registered** [1] - 4092:15
**relating** [2] - 4065:14, 4089:18
**release** [1] - 4058:12
**reliance** [1] - 4093:25
**rely** [1] - 4043:12
**remains** [1] - 4088:8
**remember** [4] - 4047:17, 4059:19, 4083:21, 4096:12
**remind** [1] - 4039:22
**reminding** [1] - 4050:14
**remove** [1] - 4055:9
**removed** [1] - 4077:1
**removing** [1] - 4078:23
**RENA** [1] - 4037:19
**Rena** [2] - 4038:14, 4092:10
**repeated** [2] - 4053:7, 4085:20
**repeatedly** [1] - 4054:20
**replace** [4] - 4047:24, 4048:1, 4048:3, 4064:18

**replaced** [5] - 4069:24, 4070:9, 4070:11, 4070:14, 4077:3
**report** [1] - 4063:1
**Reporter** [1] - 4038:1
**reporter** [1] - 4091:15
**reports** [2] - 4061:24, 4062:11
**representing** [1] - 4062:20
**represents** [1] - 4064:4
**request** [9] - 4042:14, 4044:9, 4046:5, 4050:3, 4051:6, 4053:8, 4065:12, 4073:16, 4093:22
**requesting** [5] - 4042:13, 4042:17, 4058:6, 4060:23, 4065:8
**required** [1] - 4055:2
**resolved** [3] - 4064:15, 4064:22, 4088:6
**respect** [17] - 4039:19, 4044:11, 4044:16, 4045:12, 4046:23, 4050:5, 4060:15, 4073:5, 4073:17, 4075:16, 4076:3, 4078:14, 4078:25, 4081:8, 4081:24, 4082:10, 4084:13
**respectfully** [2] - 4042:22, 4044:18
**respects** [2] - 4045:17, 4045:22
**responding** [1] - 4059:8
**response** [2] - 4044:10, 4088:22
**responses** [1] - 4055:7
**responsibility** [1] - 4067:11
**responsible** [2] - 4039:16, 4090:8
**rest** [8] - 4053:3, 4053:15, 4053:16, 4053:20, 4057:24, 4058:2, 4068:22, 4087:24
**restate** [1] - 4087:2
**restructured** [1] - 4068:17
**rests** [2] - 4086:5, 4088:4
**result** [2] - 4058:22, 4062:13
**resulted** [1] - 4088:16
**retire** [1] - 4096:13
**revelation** [1] - 4092:17
**revelations** [1] - 4093:10
**reviewed** [2] - 4038:23, 4040:13
**revision** [1] - 4090:13
**revisions** [1] - 4062:25
**Rice** [2] - 4093:1, 4093:2
**Richard** [2] - 4039:20, 4078:15
**rightly** [1] - 4055:5
**rights** [1] - 4092:1
**ROBERT** [1] - 4037:24
**Robert** [1] - 4038:17
**Robinson** [1] - 4058:14
**Rodwell** [2] - 4093:13, 4093:14
**role** [2] - 4066:20, 4066:21
**Romalise** [1] - 4093:20
**Ronald** [3] - 4038:18, 4070:17, 4070:18
**RONALD** [1] - 4037:8
**room** [5] - 4040:12, 4095:3, 4095:15, 4095:19, 4096:4
**ROTHMAN** [1] - 4037:22
**Rudolph** [1] - 4038:1

**rush** [1] - 4094:22
**Russo** [3] - 4039:20, 4078:15, 4078:25

## S

**Sam** [1] - 4038:14
**SAM** [1] - 4037:18
**Sand** [17] - 4040:25, 4041:2, 4041:4, 4041:11, 4041:13, 4045:13, 4046:6, 4046:18, 4046:23, 4047:1, 4047:12, 4047:19, 4051:11, 4060:18, 4064:1, 4064:18
**Sand's** [5] - 4043:6, 4043:15, 4045:16, 4046:24, 4049:16
**Saquan** [1] - 4082:14
**saw** [1] - 4059:19
**SCHNEIDER** [1] - 4037:22
**school** [2] - 4093:5
**seal** [1] - 4067:19
**second** [16] - 4046:5, 4048:23, 4060:16, 4070:12, 4070:21, 4071:3, 4071:13, 4071:17, 4075:3, 4077:17, 4077:20, 4077:23, 4078:1, 4078:3, 4078:7, 4080:22
**section** [4] - 4043:6, 4069:20, 4070:12, 4070:22
**secure** [1] - 4062:13
**see** [14] - 4041:4, 4041:17, 4045:8, 4059:5, 4060:10, 4061:12, 4062:1, 4094:25, 4095:12, 4095:13, 4095:14, 4095:22, 4095:24
**send** [2] - 4057:24, 4091:6
**sense** [3] - 4044:18, 4074:17, 4082:7
**sentence** [45] - 4045:23, 4054:4, 4054:12, 4054:17, 4054:20, 4055:19, 4056:10, 4057:7, 4058:6, 4058:11, 4058:15, 4058:22, 4058:25, 4060:2, 4060:17, 4065:9, 4067:9, 4070:10, 4070:14, 4070:22, 4071:7, 4071:21, 4072:3, 4074:16, 4074:22, 4075:13, 4075:19, 4075:23, 4077:14, 4077:16, 4077:19, 4078:15, 4078:19, 4079:11, 4079:24, 4080:16, 4081:2, 4081:18, 4081:22, 4085:21, 4086:1, 4086:5, 4087:20, 4087:23, 4088:3
**sentenced** [1] - 4062:14
**sentences** [2] - 4057:12, 4057:17
**sentencing** [2] - 4059:2, 4062:25
**serving** [1] - 4058:15
**sessions** [1] - 4093:18
**set** [4] - 4052:4, 4052:5, 4076:15, 4076:25
**seven** [7] - 4041:23, 4052:10, 4076:12, 4076:13, 4076:22, 4076:23, 4077:5
**seventeen** [1] - 4061:21
**several** [2] - 4053:1, 4053:21
**sheet** [5] - 4038:21, 4039:5, 4040:4, 4040:10, 4073:23, 4090:4
**shortly** [1] - 4088:24

**shoulders** [1] - 4058:2
**SHREVE** [1] - 4037:18
**Shreve** [2] - 4038:14, 4093:22
**side** [1] - 4074:2
**sides** [2] - 4059:16, 4060:3
**signature** [1] - 4040:10
**significant** [1] - 4056:19
**similar** [1] - 4054:19
**similarly** [1] - 4043:20
**simple** [2] - 4043:22, 4048:21
**simplest** [1] - 4056:6
**simply** [4] - 4045:20, 4048:10, 4048:20, 4057:9
**single** [2] - 4060:22, 4061:3
**situation** [2] - 4092:10, 4092:19
**situations** [1] - 4066:6
**six** [3] - 4039:11, 4052:9, 4090:10
**sixteen** [1] - 4061:20
**slowly** [2] - 4084:20, 4091:15
**small** [1] - 4069:18
**Smalls** [1] - 4093:21
**Smurf** [1] - 4058:14
**Soloway** [4] - 4038:17, 4049:24, 4056:9, 4066:20
**SOLOWAY** [82] - 4037:22, 4037:24, 4038:17, 4038:25, 4040:1, 4040:16, 4042:2, 4042:5, 4042:16, 4044:13, 4045:1, 4045:4, 4045:15, 4046:15, 4047:2, 4047:4, 4047:7, 4047:9, 4048:3, 4048:6, 4048:10, 4048:13, 4048:18, 4048:20, 4049:10, 4049:13, 4050:17, 4051:3, 4051:5, 4051:10, 4051:17, 4051:24, 4052:2, 4052:5, 4053:17, 4053:21, 4053:24, 4054:2, 4055:24, 4057:12, 4058:13, 4058:18, 4059:1, 4059:22, 4059:25, 4060:12, 4060:15, 4061:1, 4061:6, 4061:16, 4061:19, 4065:2, 4065:5, 4065:8, 4066:8, 4067:15, 4068:20, 4074:21, 4075:14, 4081:16, 4081:21, 4082:8, 4083:7, 4083:10, 4083:22, 4084:1, 4084:6, 4085:3, 4085:7, 4087:16, 4088:18, 4089:6, 4089:14, 4089:16, 4089:22, 4090:17, 4090:20, 4090:24, 4094:17, 4095:16, 4095:23, 4096:16
**someone** [1] - 4073:6
**somewhat** [3] - 4042:22, 4062:8, 4072:3
**somewhere** [2] - 4051:15, 4081:2
**soon** [2] - 4094:7, 4096:13
**sorry** [9] - 4049:2, 4051:19, 4051:24, 4052:2, 4071:5, 4071:11, 4078:18, 4078:22
**sort** [6] - 4041:10, 4043:14, 4044:6, 4066:7, 4067:3, 4083:13
**sounds** [2] - 4074:21, 4087:9
**speaking** [1] - 4067:23
**Special** [1] - 4038:14
**special** [5] - 4072:1, 4072:12, 4072:25, 4073:5, 4073:23

**specific** [4] - 4059:22, 4069:22, 4071:1, 4075:1
**specifically** [2] - 4065:12, 4080:14
**specified** [2] - 4074:7
**specter** [2] - 4057:7, 4067:18
**speculate** [9] - 4079:23, 4080:17, 4081:18, 4081:23, 4082:18, 4082:21, 4083:3, 4083:24
**speculation** [2] - 4083:5, 4083:14
**speculative** [1] - 4092:11
**spent** [3] - 4065:22, 4093:9, 4093:12
**stamp** [1] - 4066:24
**stand** [1] - 4091:4
**standard** [2] - 4057:6, 4085:6
**standing** [1] - 4057:21
**stands** [1] - 4073:22
**start** [1] - 4075:1
**started** [1] - 4094:20
**starting** [2] - 4042:10, 4081:1
**starts** [3] - 4042:25, 4046:11, 4060:2
**State** [1] - 4070:21
**state** [1] - 4061:5
**statement** [6] - 4061:11, 4061:14, 4063:7, 4063:8, 4065:22, 4066:1
**STATES** [3] - 4037:1, 4037:4, 4037:13
**states** [5] - 4061:12, 4061:13, 4066:20, 4092:6, 4093:10
**States** [4] - 4037:7, 4037:17, 4037:19, 4038:15
**status** [1] - 4092:25
**stay** [1] - 4050:4
**stenography** [1] - 4038:4
**STERN** [1] - 4037:23
**still** [2] - 4059:12, 4060:12
**stipulate** [2] - 4082:24, 4092:7
**stipulated** [2] - 4083:19, 4084:3
**stipulation** [1] - 4080:6
**stipulations** [1] - 4082:13
**stoke** [1] - 4057:25
**stop** [1] - 4040:19
**straight** [1] - 4040:24
**straightforward** [2] - 4044:5, 4044:6
**Street** [2] - 4037:23, 4093:20
**strike** [3] - 4070:18, 4075:19, 4078:15
**strong** [1] - 4043:20
**strongly** [1] - 4054:25
**struck** [1] - 4090:8
**style** [3] - 4041:18, 4045:22
**subject** [3] - 4057:5, 4057:9, 4067:5
**submit** [1] - 4089:2
**submitted** [1] - 4092:3
**substance** [9] - 4069:24, 4070:6, 4070:9, 4070:11, 4070:15, 4072:22, 4073:19, 4083:22, 4084:5
**substances** [1] - 4069:8
**substantive** [4] - 4069:11, 4069:17, 4071:25, 4080:7
**succeeding** [1] - 4042:24
**sufficient** [1] - 4072:23

**suggest** [1] - 4039:15
**suggested** [1] - 4067:15
**suggesting** [1] - 4064:1
**suggestion** [2] - 4044:16, 4061:23
**suggests** [1] - 4066:21
**summation** [6] - 4053:7, 4057:22, 4058:4, 4059:8, 4066:9, 4092:4
**summations** [1] - 4085:21
**superseding** [2] - 4076:10, 4077:1
**supplied** [1] - 4095:19
**supposed** [2] - 4055:16, 4072:4
**surveillance** [3] - 4065:5, 4065:10, 4095:18
**sympathy** [1] - 4058:1

## T

**tailored** [1] - 4080:13
**talks** [3] - 4043:19, 4044:2, 4079:12
**tan** [1] - 4092:16
**Tanya** [2] - 4092:10, 4092:23
**Technical** [1] - 4093:7
**technique** [2] - 4066:23, 4066:25
**ten** [1] - 4052:13
**term** [3] - 4053:9, 4055:1, 4058:25
**terms** [5] - 4068:21, 4069:12, 4069:16, 4072:4, 4082:12
**terribly** [1] - 4041:15
**testified** [4] - 4054:20, 4056:9, 4056:12, 4058:14
**testimony** [19] - 4041:23, 4057:14, 4057:16, 4057:20, 4058:9, 4058:11, 4059:15, 4060:21, 4060:23, 4063:22, 4080:11, 4082:5, 4082:6, 4082:14, 4082:15, 4093:14, 4093:19, 4095:14
**text** [1] - 4092:21
**THE** [201] - 4037:12, 4038:12, 4038:16, 4038:20, 4039:2, 4039:8, 4039:10, 4039:22, 4039:25, 4040:3, 4040:8, 4040:18, 4041:8, 4041:10, 4041:14, 4041:18, 4041:21, 4042:4, 4042:15, 4046:11, 4046:16, 4046:20, 4046:22, 4047:3, 4047:5, 4047:8, 4047:10, 4047:17, 4047:21, 4048:1, 4048:4, 4048:8, 4048:11, 4048:17, 4048:19, 4049:9, 4049:12, 4049:18, 4049:22, 4050:18, 4050:22, 4051:4, 4051:9, 4051:20, 4051:25, 4052:4, 4052:6, 4052:9, 4052:20, 4052:22, 4052:25, 4053:13, 4053:18, 4053:23, 4054:1, 4056:18, 4058:9, 4058:17, 4058:19, 4059:5, 4059:9, 4059:17, 4059:19, 4059:24, 4060:5, 4060:8, 4060:13, 4060:25, 4061:2, 4061:7, 4061:10, 4061:17, 4061:20, 4062:1, 4062:4, 4062:8, 4063:9, 4063:21, 4063:24, 4064:8, 4064:14, 4064:17, 4064:21, 4064:24, 4065:4, 4065:7, 4065:21, 4066:14, 4066:18, 4067:7, 4067:17,

4068:3, 4068:10, 4068:12, 4068:14, 4068:25, 4069:3, 4069:6, 4069:9, 4069:18, 4070:1, 4070:19, 4071:4, 4071:6, 4071:10, 4071:14, 4071:17, 4071:20, 4072:5, 4072:14, 4072:20, 4072:25, 4073:4, 4073:8, 4073:23, 4074:1, 4074:9, 4074:15, 4074:18, 4074:23, 4075:12, 4075:17, 4075:22, 4075:24, 4076:4, 4076:6, 4076:17, 4076:19, 4076:24, 4077:3, 4077:7, 4077:9, 4077:13, 4077:23, 4078:3, 4078:6, 4078:10, 4078:12, 4078:17, 4078:20, 4078:23, 4079:2, 4079:6, 4079:8, 4079:10, 4079:16, 4080:19, 4080:25, 4081:4, 4084:19, 4085:8, 4085:12, 4085:15, 4085:19, 4085:24, 4087:5, 4087:7, 4087:10, 4087:19, 4087:23, 4088:1, 4088:5, 4088:11, 4088:14, 4088:19, 4088:21, 4088:25, 4089:3, 4089:8, 4089:12, 4089:15, 4089:19, 4089:20, 4089:23, 4089:25, 4090:10, 4090:13, 4090:16, 4090:19, 4090:22, 4091:2, 4091:4, 4091:5, 4091:9, 4091:11, 4091:13, 4091:14, 4091:15, 4091:19, 4094:6, 4094:9, 4094:10, 4094:16, 4094:18, 4095:8, 4095:21, 4095:24, 4096:3, 4096:7, 4096:11, 4096:17
**themselves** [1] - 4045:19
**theories** [1] - 4094:4
**theory** [1] - 4039:19
**therefore** [1] - 4043:8
**they've** [1] - 4082:5
**thinking** [1] - 4055:16
**thinks** [2] - 4041:12, 4055:5
**Third** [1] - 4082:10
**third** [4] - 4077:19, 4078:19, 4083:23, 4084:5
**thirteen** [1] - 4052:16
**Thirteen** [1] - 4079:4
**Thomas** [2] - 4093:13, 4093:14
**thoroughly** [1] - 4082:4
**three** [5] - 4040:20, 4058:23, 4064:10, 4064:21, 4068:15
**throughout** [3] - 4069:23, 4088:12, 4092:3
**throw** [1] - 4047:12
**timeframes** [1] - 4093:12
**titled** [1] - 4092:23
**today** [1] - 4094:12
**together** [1] - 4077:22
**Tom** [2] - 4093:14
**Tom-Tom** [1] - 4093:14
**tomorrow** [2] - 4094:18, 4094:23
**took** [5] - 4051:17, 4052:1, 4064:11, 4081:17, 4085:3
**top** [1] - 4070:16
**totally** [1] - 4092:18
**trafficking** [1] - 4080:9
**transcript** [1] - 4038:4

VB       OCR       CRR

**TRANSCRIPT** [1] - 4037:12
**transcription** [1] - 4038:5
**transcripts** [1] - 4093:7
**transformation** [1] - 4093:9
**transmissions** [1] - 4092:23
**trial** [7] - 4059:15, 4082:23, 4091:21, 4091:24, 4092:3, 4093:14, 4095:17
**TRIAL** [1] - 4037:12
**tried** [1] - 4046:2
**true** [4] - 4054:22, 4056:8, 4092:24, 4093:11
**try** [4] - 4068:3, 4094:18, 4095:5, 4096:13
**trying** [2] - 4056:14, 4072:17
**turned** [1] - 4092:22
**twelve** [1] - 4052:15
**twenty** [6] - 4063:19, 4065:1, 4068:5, 4068:14, 4068:15, 4068:16
**twenty-four** [1] - 4068:16
**twenty-one** [1] - 4065:1
**twenty-three** [1] - 4068:15
**twenty-two** [2] - 4068:5, 4068:14
**two** [12] - 4040:13, 4040:14, 4040:20, 4042:7, 4051:5, 4058:6, 4064:19, 4068:5, 4068:14, 4070:24, 4077:22, 4082:13
**Two** [1] - 4093:6
**Tymeek** [1] - 4093:20
**type** [1] - 4071:23
**types** [2] - 4067:21
**typically** [1] - 4080:5
**Tyreek** [1] - 4093:21

**U**

**unanimity** [1] - 4089:6
**unanimous** [1] - 4071:23
**unavoidable** [1] - 4057:17
**uncontradicted** [1] - 4041:23
**understood** [1] - 4075:14
**uninfected** [1] - 4055:10
**UNITED** [3] - 4037:1, 4037:4, 4037:13
**United** [4] - 4037:7, 4037:17, 4037:19, 4038:15
**unlawful** [3] - 4065:20, 4067:16, 4090:6
**unless** [4] - 4040:4, 4061:14, 4090:2, 4095:3
**unwarranted** [1] - 4083:14
**up** [8] - 4040:5, 4058:20, 4060:13, 4061:24, 4091:4, 4091:16, 4091:17
**usurps** [2] - 4065:15, 4066:20
**utilized** [1] - 4046:9

**V**

**verdict** [15] - 4038:21, 4039:5, 4040:4, 4040:9, 4058:21, 4061:4, 4067:12,

**version** [2] - 4041:2, 4064:2
**video** [4] - 4094:25, 4095:3, 4095:12, 4095:18
**videos** [2] - 4065:5, 4065:11
**view** [6] - 4047:22, 4053:3, 4055:8, 4065:14, 4067:23, 4074:20
**violence** [3] - 4077:12, 4077:15, 4077:25
**voice** [1] - 4091:17
**voir** [1] - 4056:20
**volition** [1] - 4093:22

**W**

**wait** [1] - 4068:3
**waiting** [1] - 4096:14
**Wallace** [1] - 4082:14
**wants** [4] - 4089:17, 4094:25, 4095:12, 4095:14
**watch** [2] - 4095:1, 4095:2
**watched** [1] - 4091:24
**ways** [1] - 4067:22
**we...** [1] - 4089:2
**weapon** [2] - 4079:18, 4082:21
**Wednesday** [1] - 4096:20
**weeds** [1] - 4070:2
**weeks** [1] - 4091:24
**weighing** [1] - 4045:24
**weighs** [1] - 4094:2
**weight** [3] - 4072:2, 4088:24, 4090:2
**whole** [2] - 4044:20, 4054:9
**willing** [2] - 4043:20, 4044:3
**wish** [1] - 4073:8
**withdraw** [1] - 4092:8
**witness** [4] - 4054:19, 4058:11, 4093:15, 4093:16
**witnesses** [10] - 4041:23, 4054:24, 4056:9, 4057:13, 4058:10, 4058:12, 4058:21, 4059:14, 4060:14, 4094:1
**word** [18] - 4042:13, 4042:23, 4043:2, 4044:18, 4044:19, 4044:24, 4045:9, 4048:22, 4048:24, 4050:1, 4065:13, 4066:4, 4066:20, 4066:23, 4067:7, 4070:8, 4070:10, 4070:13
**words** [5] - 4045:19, 4070:18, 4076:25, 4082:23, 4090:8
**works** [3] - 4045:13, 4092:13
**worried** [1] - 4083:15
**worry** [2] - 4066:25, 4082:25
**write** [2] - 4046:23, 4054:1
**writes** [2] - 4042:10, 4043:5
**written** [4] - 4048:4, 4048:6, 4062:24, 4090:25

**Y**

**years** [2] - 4058:25, 4062:14
**YORK** [1] - 4037:1
**York** [9] - 4037:7, 4037:20, 4037:24, 4038:2, 4070:21, 4070:22, 4093:6, 4093:7, 4093:8
**yourselves** [1] - 4096:14

VB      OCR      CRR